Michael R. Rockingham
_____
NAME

F-2415-82 and F-2434-82
_____
CRIMINAL CASE NO.

180-906
_____
PRISON NO.

D.C. Jail   1901 D ST. S.E.
_____
PLACE OF CONFINEMENT
W.DC. 20003

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Michael R. Rockingham<br>Petitioner<br><br>V.<br><br>UNITED STATES PAROLE<br>COMMISSION<br>Respondent, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case: 1:07-cv-00952
Assigned To : Collyer, Rosemary M.
Assign. Date : 5/22/2007
Description: Habeas Corpus

PETITION FOR WRIT OF HABEAS CORPUS
SECTION TITLE 28 U.S.C. 2241

Comes, NOW before this Honorable Court under Penalty of Perjury, I, Michael R. Rockingham, do hereby state that the material facts are true and correct to the best of my knowledge in this forth coming Pro Se Pleading.

Jurisdiction

This Honorable Court has Jurisdiction to hear this matter under § 28 U.S.C.A. § 1331.

1

### Argument of Facts
### in Case History

Petitioner, Michael R. Rockingham, referred to as Petitioner hereinafter, is a fifty (50) year-old African-American male who received a sentence of ten years, and up to thirty years of incarceration in Crim., Case No. F-2434 on June 29, 1983 for Armed Robbery. Petitioner was also sentence on June 29, 1983 to a term of not less than two (2) years, and no more than six (6) years for robbery in Case No. F-2415.

The Petitioner was paroled on or about 1992, after serving 10 years on the instant offense. Petitioner violated parole, and was re-paroled December 12, 2005.

### Supporting Fact Against
### Warrant Application

A.    Ground One: The report filed on August 16, 2006; the writer states on December 12, 2005 that the Petitioner's supervision has been marginal since his reparole.

    (1.)    The report filed on January 30, 2007 is in direct conflict with the report filed on August 16, 2006, where it states Petitioner's supervision has been marginal.

    (2.)    The Respondent states on January 30, 2007 that Petitioner has failed to be in compliance since December 12, 2005, wherefore, Petitioner failed to report for drug screening some eleven (11) times in an eight (8) month period.

The Respondent cannot have it both ways. Petitioner was in compliance from December 12, 2005 to June 21, 2006.

B.    Ground Two: On August 16, 2006, Respondent states Petitioner attended a sanction's staffing conference which was supposed to have been held on August 2, 2006.

    (1.)    Petitioner had no such meeting. Petitioner's request for a production of records of such meeting went unanswered, and was not produced.

C.    Ground Three: On August 16, 2006, Respondent states that the Petitioner has maintained employment since his release and has reported for all scheduled visits. However, further reading of the same report disputes the validity of Respondent's lateral statement.

    (1.)    The only visits Petitioner missed, was when petitioner was in the drug treatment service program, Vanguard Services Unlimited.

D.    Ground Four: On August 16, 2006, Respondent states: In the event the Petitioner does not complete treatment, this officer will notify the Commission of Petitioner's non-compliance and request a warrant. . . Petitioner was discharged from the Next Step Program on January 4, 2007. Case Manager, Michael Fowlkes, of the Next Step program, stated that the Petitioner was absent on December 27, December 28, and December 29, 2006, thereby placing Petitioner in violation of the program's attendance policy.

    (1.)    The Public Record will reflect that petitioner did attend Next Step on December 27, 2006 and was excused by Mrs. Hicks, of CSOSA to get married. I requested that my attorney

retrieve the attendance sheet from the Next Step Program and said request was not retrieved, even when she had a month in which to do so.

E.     Ground Five: On January 30, 2007, Respondent alleged that Petitioner was referred for a sanction's staffing G.P.S. placement and supervisory conference hearing to address petitioner's supposedly non-compliance.

    (1.)     There is no formal reference when said sanction hearing was supposed to have taken place.

    (2.)     Any supposed search of the public record by my attorney produced no such documentation.

F.     Ground Six: On January 30, 2007, the Respondent received information that Petitioner provided a marriage license with a Maryland address on it dated December 29, 2006. However, Petitioner's family contends that Petitioner resides in the District of Columbia. However, the officer for Respondent believed that based on the marriage license that Petitioner resided in Suitland, MD.

    (1.)     The officer for Respondent was aware that Petitioner made request to move in Maryland and was denied based on the officer's inherent authority.

    (2.)     Petitioner made the officer for the Respondent aware that Petitioner spends time with his wife and children, yet resides in the District of Columbia.

    (3.)     The officer and Respondent's inference that Petitioner resides in another jurisdiction, based upon an address on a marriage license, amounts to inflammatory conjecture sought to incite prejudicial-upheaval in this matter.

    (4.)     The officer was given a copy of said marriage license in December of 2006, yet, verification of residence by home visit on January 17, 2007 concurred with information in the public record as a District of Columbia address as Petitioner's place of residence.

G.     Ground Seven: The Respondent cites Petitioner's non-commitment to change.

    (1.)     On the contrary, Petitioner took the first step by getting married and was denied the right to move out of the District where Petitioner would relapse.

H.     Ground Eight: Respondent cites Petitioner's inability to accept responsibility for his actions and failure to maintain employment:

    (1.)     Petitioner had maintained two jobs at the end of 06-07; one with Top-Banana and the other with Just Tires until the time of Petitioner's arrest.

    (2.)     Petitioner not only maintained employment but attended NA and AA meetings as support factors in attempts to springboard away from relapse.

I.     Ground Nine: Respondent's excess of privilege is without merit or foundation when Respondent exacerbated what clearly is an illness into criminal behavior:

    (1.)     Petitioner has paid fines as required and has documented proof of community program attendance.

3

(2.)  As of August 16, 2006 and January 30, 2007, the Wales System, NCIC Computer Search reveals no new criminal conduct.

J.  Ground Ten: The Warrant Application was sought under highly prejudicial circumstances, wherefore officers for the Respondent, while acting in their official capacity, under color of law, Mrs. Rhonda A. Shelton, Case Analyst, and Mrs. Ratima Hicks subscribed to a collaborative effort to have and insure a negative outcome, where Petitioner's attempts to program were concern . . .

(1.)  Mrs. Rhonda A. Shelton, case analyst, was Petitioners' Parole Officer at one time which surely would place her to close to the situation to render an objective decision that would not be viewed as prejudicial regardless of what her decision was; be it for or against the Petitioner. She should have recuse or precluded herself from any and all assessment, officially associated with that of the Petitioner as not to give the slightest hint of prejudice in this matter before the Court.

(2.)  It is clear from the Respondent's narrative colloquy that Petitioner's recovery was not coming swift enough for them. One's wounds will not heal overnight.

K.  Ground Eleven: Respondent, in its disclosure cites Charge #3 as the aggravating factor for seeking an arrest warrant in this case: non-completion of program.

(1.)  Said non-completion of the Next Step Treatment Program, where Mrs. Hicks granted Petitioner two days leave of absence and then failed to recall that she did so, of which the Commissioner did not believe her and dismissed charge #3 as no fact finder.

(2.)  If the basis upon wish the warrant was requested was dismissed, then the Petitioner should have been reinstated to treatment.

4

## Conclusion

It would appear that counter measures were sought to derail Petitioner's treatment process only to get Petitioner in custody and once Petitioner was detained, the initial elemental cause for seeking the warrant was dismissed. Surely this amounts to throwing the rock and hiding the hand.

Petitioner respectfully request that this Honorable Court review all transcripts, tapes, audio and records in this case.

## Relief Sought

In light of the above listed argument, Petitioner prays that this Honorable Court will grant him relief in the form of reinstatement to the treatment program, order a new revocation hearing, or grant any other relief this Honorable Court deems appropriate.

Michael R. Rockingham

DISTRICT OF COLUMBIA: SS

SUBSCRIBED AND SWORN TO BEFORE ME THIS 18th DAY OF May 2007

NOTARY PUBLIC, D.C.

MY COMMISSION EXPIRES May 31, 2009

**S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
**D.C. Code Offender**

Name.............................. **Rockingham, Michael**

Reg. No........................... **26320-145**
DCDC No. ..................... **180-906**
FBI No ........................... **696241J1**
Birth Date ...................... **July 1, 1956**
Race .............................. **Black**

Date......................................... **March 5, 2007**
Termination of Supervision ..... **October 15, 2028**
[If Conviction Offense Before April 11, 1987 And
Offender Is On Mandatory Release, Termination
Date Is 180 Days Prior To Full Term]
Violation Date .......................... **December 20, 2005**
Released ................................... **December 12, 2005**

Sentence Length............ **36 years (Original Term); 8826 days (Violator Term)**
Original Offense ............ **Armed Robbery; Robbery**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**

**Charge No. 1 - Failure to Submit to Drug Testing.** Between 12-20-05 and 1-23-07, the releasee failed to submit urine specimens on 20 occasions. This charge is based on the information contained in the violation report dated 8-16-06 and 1-30-07 from supervising officer Ratima Hicks.
**I ADMIT [    ] or DENY [    ] this charge.**

Rockingham, Michael
Reg. No. 26320-145    DCDC No. 180-906

07 0952

**FILED**

MAY 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**Charge No. 2 - Use of Dangerous and Habit Forming Drugs.** The releasee submitted urine specimens which tested positive for:

Cocaine on 6-21, 6-28, 7-8, 7-12 and 12-21-06

Cocaine and Opiates on 8-10, 8-14, 8-21, 12-5 and 12-12-06

Opiates on 11-28 and 11-30-06

On 1-9-07, the releasee submitted a bogus urine sample. This charge is based on the information contained in the violation report dated 8-16-06 and 1-30-07 from supervising officer Ratima Hicks and corresponding drug report dated 8-16-06 and 1-30-07
**I ADMIT [  ] or DENY [  ] this charge.**

**Charge No. 3 - Violation of Special Condition (Drug Aftercare).** The releasee was terminated from the Next Step Drug Treatment Program on 1-4-07 for missing counseling sessions. This charge is based on the information contained in the violation report dated 1-30-07 from supervising officer Ratima Hicks and discharge summary dated 1-4-07.
**I ADMIT [  ] or DENY [  ] this charge.**

**Probable Cause Hearing Is  Required**

Warrant Issued.................... **March 5, 2007**

**Warrant Recommended By:**

*Rhonda A. Shelton*

**Rhonda A. Shelton, Case Analyst**
**U.S. Parole Commission**

Community Supervision Office Requesting Warrant:  **General Supervision Unit II-Team 31, 1418 Good Hope Road**

**Rockingham,  Michael**
**Reg. No. 26320-145    DCDC No. 180-906**



# Court Services and Offender Supervision Agency
## for the District of Columbia

*Community Supervision Services*
*Branch IIB, General Supervision - Team 31*

**Alleged Violation(s) Report**

8/16/2006

**To:**    The United States Parole Commission

5550 Friendship Boulevard
Chevy Chase, MD 20815



RECEIVED
AUG 21 2006
US PAROLE COMMISSION

| | | | |
|---|---|---|---|
| **From:** | Ratima Hicks<br>Community Supervision Officer | **Unit:** | Branch IIB, General<br>Supervision- Team 31 |
| | | **Telephone:** | (202) 585-7813 |
| **Please send all<br>inquiries to:** | 1418 GOOD HOPE RD. S.E.<br>WASHINGTON, DC 20020 | **Fax:** | (202) 585-7840 |
| | | **Email:** | Ratima.Hicks@csosa.gov |

**Subject:**    Non-Compliance with Parole
**Docket:**     1982_FEL_002434 & 1982_FEL_002415
**Offender:**   **MICHAEL ROCKINGHAM**
**Address:**    3339 Ames St. N.E.
Washington, DC 20019
**FEDREG #:**   26320-145
**FBI #:**      707241J1
**DCDC #:**     180-906
**PDID #:**     256-694

**Action Recommended: Letter of Reprimand**

*1) Use of Drugs*
*2) Failure of Abstain from*
*alcohol*
*3) Failure to Submit to Drug Testing*

**SENTENCING INFORMATION**

JEQUAN S. JACKSON

Offender Rockingham is a 50 year-old male who was sentenced on 6/29/83 to not less than ten (10) years, not more than thirty (30) years incarceration in docket# 1982_FEL_2434 for the offense of Armed Robbery.  The offender was also sentenced on 6/29/83 to two (2) to six (6)

years incarceration (docket# 1982_FEL_2415) for offense of Robbery. The offender was re-paroled on 12/12/05 with a full-term/expiration date of 10/15/28. The offender has the following special conditions: Drug Testing and Drug/Alcohol Treatment.

**ALLEGED VIOLATION(S)**

Since 12/12/05, Michael Rockingham is alleged to have violated the following conditions and had the corresponding sanction(s) imposed:

## ALLEGATION #1 ILLEGAL USE OF CONTROLLED SUBSTANCES:

The offender tested positive for **Cocaine** on the following date(s): 8/14/06, 8/10/06, 7/12/06, 7/8/06, 6/28/06 and 6/21/06, as evidenced by the attached Drug Status Report.

The offender tested positive for **Opiates** on the following date(s): 8/14/06 and 8/10/06, as evidenced by the attached Drug Status Report.

The offender tested positive for **Alcohol** on the following date(s): 8/10/06, 5/13/06 and 5/10/06, as evidenced by the attached Drug Status Report.

The offender **water-loaded** his urine samples on the following date(s): 7/12/06, 7/8/06, 7/5/06, 6/14/06, 6/7/06, 5/31/06, 5/10/06, 5/3/06, 4/26/06, 4/22/06, 4/15/06, 4/12/06 and 3/23/06, as evidenced by the attached Drug Status Report.

## ALLEGATION #2 FAILURE TO REPORT AS DIRECTED:

The offender failed to report for drug testing on the following date(s): 8/7/06, 7/31/06, 7/15/06, 7/1/06, 6/24/06, 4/19/06, 3/28/06, 3/21/06, 3/14/06, 1/20/06 and 12/20/05, as evidenced by the attached Drug Status Report.

**CASE SUMMARY**

Michael Rockingham lives at 3339 Ames St. N.E.,Washington, D.C. 20019 and can be reached at (202) 399-6264 by telephone. The offender has been at this place of residence for approximately thirty years. The last home verification was conducted on 7/19/06 and was verified during an in person home visit. The offender is currently employed as an auto mechanic with AYT/Project Empowerment. The last employment verification was conducted on 7/13/06 and was verified by review of a current pay stub.

The offender was re-paroled on 12/12/05. Since that time, the offender's adjustment to supervision has been marginal. The offender's supervision started off poorly due to his numerous failures to report for drug testing. The offender has failed to report for testing, at least eleven times in the last eight months. This officer has sanctioned the offender by utilizing sanctions such as increased drug testing, increased supervision level, written reprimands and verbal reprimands. The offender cited his work hours as one of the reasons for missing his

Court Services and Offender Supervision Agency
Michael Rockingham FEDREG 26320-145

appointments, so this officer changed his testing days to one weekday and one Saturday to accommodate his work schedule. The offender still missed several drug tests after that and offered no valid reasons for the missed tests.

The offender began testing positive for illegal substances on 5/10/06. As an immediate sanction, the offender was instructed to attend four sanction groups for his non-compliance. The offender tested positive again on 5/13/06 and was placed on daily reporting as an intermediate sanction. The offender ignored this officer's warnings and tested positive for Cocaine again on 6/21/06 and has tested positive fairly consistently since that time. The offender continued to use and recently tested positive for Opiates and Alcohol. This officer implied additional sanctions which included NA (Narcotics Anonymous) meetings twice a week, community service and an SCSO (Supervisory Community Supervision Officer) Conference. Although the offender has followed through with all implied sanctions, he continues to violate the conditions of his release, which clearly indicate that he must not use or possess any illegal substances. The offender is continuously water loading his urine samples, which leads this officer to believe that he is masking negative behaviors and trying to avoid producing positive samples.

On 4/24/06, the offender was assessed by CIT (Central Intervention Team) and it was determined by the treatment specialist that he did not need treatment at that time. Due to the fact that the offender started testing positive, he attended a sanction staffing on 8/2/06, where it was recommended that he will be placed in a residential facility (Vanguard Services) for a period of twenty-eight days, beginning 8/28/06. Although the offender denies that he has a substance abuse problem and does not need treatment, he has stated that he is willing to participate in treatment in an effort to change his behavior. This officer has encouraged the offender to try to avoid anti-social peers, negative environments and high risk situations. This officer believes that the offender associates with anti-social peers, which may ultimately lead to his intermittent substance abuse.

At this time, this officer is requesting a Letter of Reprimand, provided that the offender enters and successfully completes residential treatment and aftercare. In the event that the offender does not complete treatment, this officer will notify the Commission of his non-compliance and request a warrant at that time. This officer has exhausted all efforts in bringing the offender back into compliance.

To his credit, the offender has maintained employment since his release and reported for all scheduled office visits.

**On 8/16/06, a WALES, NCIC, IJIS check revealed that there are no outstanding warrants or new/pending charges.**

**RECOMMENDATIONS**

This Community Supervision Officer concludes that the offender poses a moderate risk for Community Supervision. Therefore, this Community Supervision Officer is respectfully requesting a letter of reprimand.

Court Services and Offender Supervision Agency
Michael Rockingham FEDREG 26320-145

Respectfully submitted,

_Ratima Hicks_ (signature)

Ratima Hicks
Community Supervision Officer
Telephone Number: (202) 585-7813

8 - 17 - 06

(Date)


Approved by:

_Joel Azikiwe_ (signature)

Joel Azikiwe
Supervisory Community Supervision Officer
Telephone Number: (202) 585-7840

8 - 17 - 06

(Date)


cc: File

# COURT SERVICES AND OFFENDER SUPERVISION AGENCY
## CSS General Supervision Unit II - Team # 31

Washington, DC 20020
Phone: 585-7800 | Fax: 585-7829

# Drug Status Report

Prepared: 8/16/2006  9:14:03AM By: Ratima Hicks

**To:**  United States Parole Commission
**From:** Ratima Hicks, Cso
**RE:**  **Michael R. Rockingham**
**AKA:** Michael R. Rockingham

August 16, 2006   9:14 am

PDID# P 256694

**Docket Number (s)**                              **Appearance Date (s)**

**Supervision Period: 12/1/05 to 8/16/06**

The following information reflects the above-named defendant's substance abuse record.

| DATE | DESCRIPTION | AMP | COC | METH | OPI | PCP | MARI | ALC | CREA |
|------|-------------|-----|-----|------|-----|-----|------|-----|------|
| 08/14/2006 | **Surveillance** | -- | POS | -- | POS | Neg | Neg | Neg | Norm |
| 08/10/2006 | **Surveillance** | -- | POS | -- | POS | Neg | Neg | POS | Norm |
| 08/07/2006 | **Surveillance** | | | | *Did Not Report for Testing* | | | | |
| 08/03/2006 | **Surveillance** | -- | Neg | -- | Neg | Neg | Neg | Neg | Norm |
| 07/31/2006 | **Surveillance** | | | | *Did Not Report for Testing* | | | | |
| 07/27/2006 | **Surveillance** | -- | Neg | -- | Neg | Neg | Neg | Neg | Norm |
| 07/27/2006 | **Surveillance (remark)**<br>Testing reporting day was changed to M/Th per CSO Hicks/31 585-7813. | | | | | | | | |
| 07/26/2006 | **Surveillance**<br>Due to schedule change. | | | | *Excused from Testing* | | | | |
| 07/22/2006 | **Surveillance** | -- | Neg | -- | Neg | Neg | Neg | Neg | Norm |
| 07/19/2006 | **Surveillance** | -- | Neg | -- | Neg | Neg | Neg | Neg | Norm |
| 07/15/2006 | **Surveillance** | | | | *Did Not Report for Testing* | | | | |
| 07/12/2006 | **Surveillance**<br>The creatinine value for this sample is 10 mg/dl. Creatinines less than 20 mg/dl may indicate water loading. | -- | POS | -- | Neg | Neg | Neg | Neg | Load |
| 07/08/2006 | **Surveillance**<br>The creatinine value for this sample is 10 mg/dl. Creatinines less than 20 mg/dl may indicate water loading. | -- | POS | -- | Neg | Neg | Neg | Neg | Load |
| 07/05/2006 | **Surveillance**<br>The creatinine value for this sample is 10 mg/dl. Creatinines less than 20 mg/dl may indicate water loading. | -- | Neg | -- | Neg | Neg | Neg | Neg | Load |
| 07/01/2006 | **Surveillance** | | | | *Did Not Report for Testing* | | | | |

*continued on next page*

DRUG STATUS REPORT -- Michael R. Rockingham   ID: P 256694

| DATE | DESCRIPTION | AMP | COC | METH | OPI | PCP | MARI | ALC | CREA |
|---|---|---|---|---|---|---|---|---|---|
| 06/28/2006 | Surveillance | -- | POS | -- | Neg | Neg | Neg | Neg | Norm |
| 06/26/2006 | Surveillance (remark) | | | | | | | | |
| | Offender reported for testing on an unscheduled test day No sample was taken.  6/26/2006 | | | | | | | | |
| 06/24/2006 | Surveillance | | | | | *Did Not Report for Testing* | | | |
| 06/21/2006 | Surveillance | -- | POS | -- | Neg | Neg | Neg | Neg | Norm |
| 06/17/2006 | Surveillance | -- | Neg | -- | Neg | Neg | Neg | Neg | Norm |
| 06/14/2006 | Surveillance | -- | Neg | -- | Neg | Neg | Neg | Neg | Load |
| | The creatinine value for this sample is 14 mg/dl. Creatinines less than 20 mg/dl may indicate water loading. | | | | | | | | |
| 06/10/2006 | Surveillance | -- | Neg | -- | Neg | Neg | Neg | Neg | Norm |
| 06/07/2006 | Surveillance | -- | Neg | -- | Neg | Neg | Neg | Neg | Load |
| | The creatinine value for this sample is 19 mg/dl. Creatinines less than 20 mg/dl may indicate water loading. | | | | | | | | |
| 06/03/2006 | Surveillance | -- | Neg | -- | Neg | Neg | Neg | Neg | Norm |
| 05/31/2006 | Surveillance | -- | Neg | -- | Neg | Neg | Neg | Neg | Load |
| | The creatinine value for this sample is 9 mg/dl. Creatinines less than 20 mg/dl may indicate water loading. | | | | | | | | |
| 05/27/2006 | Surveillance | -- | Neg | -- | Neg | Neg | Neg | Neg | Norm |
| 05/24/2006 | Surveillance | -- | Neg | -- | Neg | Neg | Neg | Neg | Norm |
| 05/20/2006 | Surveillance | -- | Neg | -- | Neg | Neg | Neg | Neg | Norm |
| 05/17/2006 | Surveillance | | | | | *Excused from Testing* | | | |
| | PER CSO HICKS/AFU/7800 | | | | | | | | |
| 05/13/2006 | Surveillance | -- | Neg | -- | Neg | Neg | Neg | POS | Norm |
| 05/10/2006 | Surveillance | -- | Neg | -- | Neg | Neg | Neg | POS | Load |
| | The creatinine value for this sample is 12 mg/dl. Creatinines less than 20 mg/dl may indicate water loading. | | | | | | | | |
| 05/06/2006 | Surveillance | -- | Neg | -- | Neg | Neg | Neg | Neg | -- |
| 05/03/2006 | Surveillance | -- | Neg | -- | Neg | Neg | Neg | Neg | Load |
| | The creatinine value for this sample is 10 mg/dl. Creatinines less than 20 mg/dl may indicate water loading. | | | | | | | | |
| 04/29/2006 | Surveillance | -- | Neg | -- | Neg | Neg | Neg | Neg | -- |
| 04/26/2006 | Surveillance | -- | Neg | -- | Neg | Neg | Neg | Neg | Load |
| | The creatinine value for this sample is 14 mg/dl. Creatinines less than 20 mg/dl may indicate water loading. | | | | | | | | |
| 04/22/2006 | Surveillance | -- | Neg | -- | Neg | Neg | Neg | Neg | Load |
| | The creatinine value for this sample is 8 mg/dl. Creatinines less than 20 mg/dl may indicate water loading. | | | | | | | | |
| 04/19/2006 | Surveillance | | | | | *Did Not Report for Testing* | | | |
| 04/15/2006 | Surveillance | -- | Neg | -- | Neg | Neg | Neg | Neg | Load |
| | The creatinine value for this sample is 16 mg/dl. Creatinines less than 20 mg/dl may indicate water loading. | | | | | | | | |
| 04/12/2006 | Surveillance | -- | Neg | -- | Neg | Neg | Neg | Neg | Load |
| | The creatinine value for this sample is 16 mg/dl. Creatinines less than 20 mg/dl may indicate water loading. | | | | | | | | |
| 04/08/2006 | Surveillance (remark) | | | | | | | | |
| | Offender resumed drug testing in  CS Parole Program Schedule I Wed/Sat per CSO Azikiwe/31 585-7802.  4/8/2006 | | | | | | | | |
| 04/08/2006 | Surveillance | -- | Neg | -- | Neg | Neg | Neg | Neg | -- |

*continued on next page*

| DATE | DESCRIPTION | AMP | COC | METH | OPI | PCP | MARI | ALC | CREA |
|------|-------------|-----|-----|------|-----|-----|------|-----|------|
| 03/30/2006 | Surveillance<br>PER CSO HICKS/AFU/7813 | | | *Excused from Testing* | | | | | |
| 03/28/2006 | Surveillance | | | *Did Not Report for Testing* | | | | | |
| 03/23/2006 | Surveillance<br>The creatinine value for this sample is 15 mg/dl. Creatinines less than 20 mg/dl may indicate water loading. | Neg | Neg | Neg | Neg | Neg | Neg | Neg | Load |
| 03/21/2006 | Surveillance | | | *Did Not Report for Testing* | | | | | |
| 03/16/2006 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | -- |
| 03/14/2006 | Surveillance | | | *Did Not Report for Testing* | | | | | |
| 03/09/2006 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | -- |
| 03/07/2006 | Surveillance<br>PER CSO R. HICKS | | | *Excused from Testing* | | | | | |
| 03/02/2006 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | -- |
| 02/28/2006 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | -- |
| 02/23/2006 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | -- |
| 02/21/2006 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | -- |
| 02/16/2006 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | -- |
| 02/14/2006 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | -- |
| 02/10/2006 | Surveillance (remark)<br>Testing reporting day was changed TO TUE& THURS PER CSO HICKS/AFU/78132/10/2006. | | | | | | | | |
| 02/09/2006 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | -- |
| 02/07/2006 | Surveillance | | | *Unable to Submit Sample* | | | | | |
| 02/03/2006 | Lock Up | | | *Did Not Submit Sample* | | | | | |
| 02/03/2006 | Surveillance | | | *Defendant Incarcerated* | | | | | |
| 01/31/2006 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | -- |
| 01/27/2006 | Surveillance | | | *Defendant Incarcerated* | | | | | |
| 01/26/2006 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | -- |
| 01/24/2006 | Surveillance | -- | Neg | Neg | Neg | -- | Neg | -- | -- |
| 01/24/2006 | Surveillance (remark)<br>Offender resumed drug testing in General Supervision Program on T/Th per CSO Hicks/31 585-7802. | | | | | | | | |
| 01/20/2006 | Surveillance<br>Drug testing suspended due to multiple failures to report | | | *Did Not Report for Testing* | | | | | |
| 01/17/2006 | Surveillance<br>Offender excused from drug testing due to computer installation on 1/17/2006 | | | *Excused from Testing* | | | | | |
| 01/13/2006 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | -- |

*continued on next page*

DRUG STATUS REPORT – Michael R. Rockingham    ID: P 256694

| DATE | DESCRIPTION | AMP | COC | METH | OPI | PCP | MARI | ALC | CREA |
|------|-------------|-----|-----|------|-----|-----|------|-----|------|
| 01/10/2006 | Surveillance<br>By CSO Hicks/AFU 585-7813. | | | | *Excused from Testing* | | | | |
| 01/06/2006 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | -- |
| 01/03/2006 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | -- |
| 12/30/2005 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | -- |
| 12/27/2005 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | Norm |
| 12/23/2005 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | -- |
| 12/20/2005 | Surveillance | -- | Neg | -- | Neg | Neg | Neg | Neg | Norm |
| 12/20/2005 | Surveillance | | | | *Did Not Report for Testing* | | | | |
| 12/16/2005 | Placement | Neg | Neg | Neg | Neg | Neg | Neg | Neg | -- |
| 12/16/2005 | Placement<br>Offender was placed in General Supervision drug testing program in F243482 AT 3850 S.CAPITOL PER CSO LOVE FOR MILLER/31/7818 on 12/16/2005. | | | | | | | | |
| 12/12/2005 | Initial test | -- | Neg | -- | Neg | -- | Neg | -- | -- |
| 12/12/2005 | CSS Remark<br>Probation spot test ordered per cso swirne team 2 202-585-7802. | | | | | | | | |

---

Defense Attorney:                                                    Phone Number:

---

*For further compliance information, please call .*

*This information is intended for use by the Court and the attorneys, and not for inclusion in the court jacket.*

Prepared:  8/16/06  9:14:03 am By:

**COURT SERVICES AND OFFENDER SUPERVISION AGENCY
FOR THE DISTRICT OF COLUMBIA**

**COMMUNITY SUPERVISION SERVICES
SANCTIONS AND INTERVENTIONS/LOSS OF CONTACT REVIEW SHEET**

| | |
|---|---|
| **Offender Name:** | Michael Rockingham |
| **Docket Number:** | 1982_FEL_2434, 1982_ FEL_2415    **PDID Number:**    256-694 |

The following sanction(s) were imposed prior to writing the violation report:

☒ Daily supervision check-in for 5 working days.　　☐ 7 days residential sanctions facility (Halfway Back)

☒ Increased drug testing 2 times per week/CIT
　assessment.　　　　　　　　　　　　　　☐ 14 days residential sanctions facility (Halfway Back)

☒ SCSO Conference/Reprimand　　　　　　　　☐ Continued stay at residential sanctions facility
　　　　　　　　　　　　　　　　　　　　　for up to ____ 30 ____60 ____ 90 days
☒ Attend daily sanctions group for 2 weeks.　　　　(Halfway Back).

☒ Increased Supervision　　　　　　　　　　　☒ Placement in inpatient treatment as
　____ Med  _X_ Max ____ Intensive　　　　　　warranted by substance abuse assessment.

☐ Electronic Monitoring　　　　　　　　　　　☐ Other _____.
　____ 30 days or more (____)

☐ **No Sanction(s) Imposed State Reason:**

**Loss of Contact Procedures Followed:**

☐ Telephone Call to Offender ☐ Home Visit Conducted ☐ Certified Letter Sent ☐ Record Check ☐ Collateral Contacts

**SCSO Review**

☒ Sanctions imposed and/or loss of contact procedures followed.

☐ Sanctions not imposed appropriately and/or loss of contact procedures not followed.  Case returned to
　CSO with the following instructions:

_____

_Joll Wgntun l_　　　　　　　　　_8-17-06_
**SCSO Signature**　　　　　　　　　　　　　**Date**

**Revised January 15, 2002**

 

**Court Services and Offender Supervision Agency**
**for the District of Columbia**

*Community Supervision Services*
*Branch IIB, General Supervision - Team 31*

**Alleged Violation(s) Report**

| | |
|---|---|
| **To:** | The United States Parole Commission |
| | 5550 Friendship Boulevard |
| | Chevy Chase, MD 20815 |

1/30/2007

| | | | |
|---|---|---|---|
| **From:** | Ratima Hicks | **Unit:** | Branch IIB, General Supervision - Team 31 |
| | Community Supervision Officer | **Telephone:** | (202) 585-7813 |
| **Please send all inquiries to:** | 1418 Good Hope Rd. S.E. Washington, D.C. 20020 | **Fax:** | (202) 585-7840 |
| | | **Email:** | Ratima.Hicks@csosa.gov |

| | |
|---|---|
| **Subject:** | Non-Compliance with Parole |
| **Docket:** | 1982_FEL_2434 |
| **Offender:** | **Michael R. Rockingham** |
| **Address:** | 3339 Ames St. N.E. Washington, D.C. 20019 |
| **FEDREG #:** | 26320-145 |
| **FBI #:** | 70724J1 |
| **DCDC #:** | 180-906 |
| **PDID #:** | 256-694 |

**Action Recommended:** Warrant

## SENTENCING INFORMATION

Offender Rockingham is a 50 year-old male who was sentenced on 6/29/83 to not less than ten (10) years, not more than thirty (30) years incarceration in docket# 1982_ FEL_ 2434 for the offense of Armed Robbery.  The offender was also sentenced on 6/29/83 to two (2) to six (6) years incarceration (docket# 1982_FEL_2415) for the offense of Robbery.  The offender was re-

Court Services and Offender Supervision Agency    Case 1:07-cv-00952-RMC    Document 1-2    Filed 05/22/2007    Page 13 of 30    Page 2

Rockingham, FEDREG# 26320-145

paroled on 12/12/05 with a full-term/expiration date of 10/15/28. The offender has the following special conditions: Drug Testing and Drug/Alcohol Treatment.

## ALLEGED VIOLATION(S)

Since 8/16/06, Michael Rockingham is alleged to have violated the following conditions and had the corresponding sanction(s) imposed:

## ALLEGATION #1 ILLEGAL USE OR POSSESSION OF CONTROLLED SUBSTANCES:

The offender tested positive for **Cocaine** on the following date(s): 12/21/06, 12/12/06, 12/5/06 and 8/21/06, as evidenced by the attached Drug Status Report.

The offender tested positive for **Opiates** on the following date(s): 12/12/06, 12/5/06, 11/30/06, 11/28/06, 11/16/06 and 8/21/06, as evidenced by the attached Drug Status Report.

The offender tested positive for **Alcohol** on the following date(s): 12/12/06, 12/5/06, 11/30/06, 11/9/06 and 8/21/06, as evidenced by the attached Drug Status Report.

## ALLEGATION #2 FAILURE TO REPORT AS DIRECTED:

The offender failed to report to a community service event on the following date(s): 12/30/06, as evidenced by the attached email from the community service coordinator.

## ALLEGATION #3 NONCOMPLIANCE WITH URINE SURVEILLANCE:

The offender failed to report for drug testing on the following date(s): 1/23/07, 1/16/07, 12/28/06, 12/26/06, 12/14/06, 12/7/06, 10/30/06, 10/23/06, 8/24/06 and 8/17/06, as evidenced by the attached Drug Status Report.

The offender provided a bogus urine sample on the following date(s): 1/9/07, as evidenced by the attached incident report.

## CASE SUMMARY

Offender Rockingham lives at 3339 Ames St. N.E., Washington, D.C. 20019 and can be reached at (202) 399-6264 by telephone. The offender has been at this place of residence for approximately thirty years. The last home verification was conducted on 1/17/07 and was verified during an in person home visit. The offender has been unemployed since 9/25/06. This information was last verified on 1/9/07.

The offender was re-paroled on or about 12/12/05 and has failed to comply with the terms of his supervision since that time. The offender's overall adjustment is poor. This officer has provided the offender with numerous opportunities to come into compliance but he refuses to comply with this officer's instructions. The offender has continued testing positive for illegal substances, even after the submission of the previous violation report that was submitted on or about 8/16/06. This officer submitted a violation report informing the Commission of the offender's non-compliant

behavior and as a result, the Commission issued a Letter of Reprimand warning the offender against any additional violations.

Since the Letter of Reprimand was issued, the offender has tested positive for Opiates on 11/9/06 and 8/21/06. The offender was sanctioned to attend daily sanctions groups and given a verbal reprimand. The offender continued testing positive for Opiates on 12/12/06, 12/5/06, 11/30/06, 11/28/06 and 11/16/06. The offender was sanctioned additionally by being placed on daily reporting for a period of five days, given a therapeutic task (thinking report regarding behavior), increase in supervision level and a written reprimand. The offender continues to deny any substance abuse but has recently tested positive for Cocaine. The offender has also failed to report for testing on ten separate occasions and was hereby sanctioned to complete four hours of community service, in which he failed to report. The offender also provided a bogus urine sample in an attempt to avoid producing a positive test. As additional interventions, this officer referred the offender for a sanction staffing, GPS placement and a Supervisory Community Supervision Officer (SCSO) Conference to address his continuous non-compliance.

The offender has already been given the opportunity to address his treatment needs. On 9/25/06, the offender completed twenty-eight days residential treatment at Vanguard Services Unlimited. Upon completion of the program, this officer noticed that the offender continued using drugs. The offender was then referred for fifty-four sessions of intensive outpatient treatment at The Next Step program. The offender began the program on or about 12/18/06 and was unsuccessfully discharged on 1/4/07 due to failing to report for the required groups.

This officer would also like to inform the Commission that the offender provided a Maryland address on his marriage license dated 12/29/06. The offender's family indicates that he resides in the District, but this officer believes that, based on the marriage license, the offender resides with his wife in Suitland, M.D.

The offender has been released on parole at least three times and given numerous opportunities to successfully complete his supervision in the community, but each time, failed to comply with the Commission's conditions of release. The offender has been sanctioned repeatedly and this officer has yet to see any change in the offender's pattern of behavior. This officer believes that the offender continues to place himself in high risk situations and does not appear to want to avoid them. This officer believes that the offender is not responding well to his supervision because there seems to be a lack of motivation to commit to making a long-term change. Some of the barriers that impede the offender's success include acknowledging that he has a substance abuse problem, low levels of education, no self-management, the inability to accept responsibility for his actions and lack of employment. This officer continues to encourage the offender and reinforce pro-social behaviors but to no avail. The offender continues to engage in criminal behavior as he remains in the "Pre-Contemplation" stage of change. He clearly is not ready to take responsibility for his actions and has not made a commitment toward engaging in pro-social behaviors and changing his lifestyle. For these reasons, this officer believes that he is not amenable to community supervision at this time.

**On 1/30/07, this officer conducted a WALES, NCIC, IJIS search which revealed that there are no outstanding warrants or new/pending charges listed for the offender.**

Court Services and Offender Supervision Agency

Rockingham, FEDREG# 26320-145

**RECOMMENDATION**

This Community Supervision Officer concludes that the offender poses a high risk for Community Supervision due to continuous use of illicit substances, a continuous cycle of negative behaviors and lack of desire to change his criminal thinking. Therefore, this Community Supervision Officer is respectfully requesting a warrant.

Respectfully submitted,

_Ratima Hicks_                                                    _1-30-07_

Ratima Hicks                                                      (Date)
Community Supervision Officer
Telephone Number: (202) 585-7813

**Approved by:**

_Joel Azikiwe_                                                   _1-30-07_

Joel Azikiwe                                                      (Date)
Supervisory Community Supervision Officer
Telephone Number: (202) 585-7802

Branch Chief, John Milam (John.Milam@csosa.gov)

cc: File

**COURT SERVICES AND OFFENDER SUPERVISION AGENCY**
**FOR THE DISTRICT OF COLUMBIA**

**COMMUNITY SUPERVISION SERVICES**
**SANCTIONS AND INTERVENTIONS/LOSS OF CONTACT REVIEW SHEET**

| Offender Name: | Michael Rockingham |
|---|---|

| Docket Number: | 1982_FEL_2434, 1982_FEL_2415 | PDID Number: | 256-694 |
|---|---|---|---|

The following sanction(s) were imposed prior to writing the violation report:

☒ Daily supervision check-in for 5 working days.

☒ Increased drug testing 2 times per week/CIT assessment.

☒ SCSO Conference/Reprimand

☒ Attend daily sanctions group for 2 weeks.

☒ Increased Supervision
____ Med __X__ Max ____ Intensive

☒ Electronic Monitoring (GPS)
____ 30 days or more (____)

☐ 7 days residential sanctions facility (Halfway Back)

☐ 14 days residential sanctions facility (Halfway Back)

☐ Continued stay at residential sanctions facility
for up to ____ 30 ____ 60 ____ 90 days
(Halfway Back).

☒ Placement in inpatient treatment as warranted by substance abuse assessment.

☒ Other Intensive Outpatient Treatment (The Next Step Program).

☐ **No Sanction(s) Imposed State Reason:**

**Loss of Contact Procedures Followed:**

☐ Telephone Call to Offender ☐ Home Visit Conducted ☐ Certified Letter Sent ☐ Record Check ☐ Collateral Contacts

**SCSO Review**

☑ Sanctions imposed and/or loss of contact procedures followed.

☐ Sanctions not imposed appropriately and/or loss of contact procedures not followed. Case returned to CSO with the following instructions:

_____
SCSO Signature

1-30-07
Date

Revised January 15, 2002

## COURT SERVICES AND OFFENDER SUPERVISION AGENCY
CSS General Supervision Unit II - Team # 31

Washington, DC 20020
Phone: 585-7800 | Fax: 585-7829

# Drug Status Report

Prepared: 1/30/2007  3:05:35PM By: Ratima Hicks

To:
From:  Ratima Hicks, Cso
RE:    Michael R. Rockingham

January 30, 2007   3:05 pm

PDID# P 256694

<u>Docket Number (s)</u>

<u>Appearance Date (s)</u>

#### Supervision Period: 8/16/06 to 1/30/07

The following information reflects the above-named defendant's substance abuse record.

| DATE | DESCRIPTION | AMP | COC | METH | OPI | PCP | MARI | ALC | CREA |
|------|-------------|-----|-----|------|-----|-----|------|-----|------|
| 01/30/2007 | **Surveillance** | | | *Scheduled for Testing* | | | | | |
| 01/25/2007 | **Surveillance** <br> The creatinine value for this sample is 5 mg/dl. Creatinines less than 20 mg/dl may indicate water loading. | -- | Neg | -- | Neg | Neg | Neg | Neg | Load |
| 01/23/2007 | **Surveillance** | | | *Did Not Report for Testing* | | | | | |
| 01/18/2007 | **Surveillance** | -- | Neg | -- | Neg | Neg | Neg | Neg | Norm |
| 01/18/2007 | **Surveillance (remark)** <br> Defendant resumed drug testing in General Supervision Program as per cso thomas/31. 585-7880.  1/18/2007 | | | | | | | | |
| 01/16/2007 | **Surveillance** | | | *Did Not Report for Testing* | | | | | |
| 01/11/2007 | **Surveillance** | | | *Unable to Submit Sample* | | | | | |
| 01/09/2007 | **Surveillance** | | | *Bogus Sample* | | | | | |
| 01/04/2007 | **Surveillance** <br> The creatinine value for this sample is 7 mg/dl. Creatinines less than 20 mg/dl may indicate water loading. | -- | Neg | -- | Neg | Neg | Neg | Neg | Load |
| 12/28/2006 | **Surveillance** <br> Drug testing suspended due to multiple failures to report | | | *Did Not Report for Testing* | | | | | |
| 12/26/2006 | **Surveillance** | | | *Did Not Report for Testing* | | | | | |
| 12/21/2006 | **Surveillance** | -- | POS | -- | Neg | Neg | Neg | Neg | Norm |
| 12/19/2006 | **Surveillance** | -- | Neg | -- | Neg | Neg | Neg | Neg | Norm |
| 12/14/2006 | **Surveillance** | | | *Did Not Report for Testing* | | | | | |
| 12/12/2006 | **Surveillance** | -- | POS | -- | POS | Neg | Neg | POS | Norm |

*continued on next page*

DRUG STATUS REPORT – Michael R. Rockingham    PDID: P 256694

| DATE | DESCRIPTION | AMP | COC | METH | OPI | PCP | MARI | ALC | CREA |
|---|---|---|---|---|---|---|---|---|---|
| 12/07/2006 | Surveillance | | | | *Did Not Report for Testing* | | | | |
| 12/05/2006 | Surveillance | -- | POS | -- | POS | Neg | Neg | POS | Norm |
| 11/30/2006 | Surveillance | -- | Neg | -- | POS | Neg | Neg | POS | Norm |
| 11/28/2006 | Surveillance<br>The creatinine value for this sample is 18 mg/dl. Creatinines less than 20 mg/dl may indicate water loading. | -- | Neg | -- | POS | Neg | Neg | Neg | Load |
| 11/22/2006 | Surveillance (remark)<br>reported for testing on an unscheduled test day in No sample was taken. | | | | | | | | |
| 11/21/2006 | Surveillance<br>Due to medical illness, as per CSO R.Hicks. | | | | *Excused from Testing* | | | | |
| 11/16/2006 | Surveillance<br>Offender provided RX Acetaminophen 300mg filled 11/14/2006. | | Neg | -- | POS | Neg | Neg | Neg | Norm |
| 11/14/2006 | Surveillance<br>Due to medical appointment, as per CSO R.Hicks. | | | | *Excused from Testing* | | | | |
| 11/09/2006 | Surveillance | -- | Neg | -- | Neg | Neg | Neg | POS | Norm |
| 11/07/2006 | Surveillance | -- | Neg | -- | Neg | Neg | Neg | Neg | Norm |
| 11/02/2006 | Surveillance | -- | Neg | -- | Neg | Neg | Neg | Neg | Norm |
| 10/31/2006 | Placement<br>Offender was placed in General Supervision drug testing program on T/Th per CSO Hicks/31 585-7813. | | | | | | | | |
| 10/31/2006 | Surveillance | -- | Neg | -- | Neg | Neg | Neg | Neg | Norm |
| 10/30/2006 | Surveillance | | | | *Did Not Report for Testing* | | | | |
| 10/26/2006 | Surveillance | -- | Neg | -- | Neg | Neg | Neg | Neg | Norm |
| 10/23/2006 | Surveillance | | | | *Did Not Report for Testing* | | | | |
| 10/19/2006 | Surveillance<br>Due to computer system being down. | | | | *Excused from Testing* | | | | |
| 10/16/2006 | Surveillance<br>By CSO Hicks/4 due to providing medical documentation from Howard Univ. Hospital. | | | | *Excused from Testing* | | | | |
| 10/12/2006 | Surveillance | -- | Neg | -- | Neg | Neg | Neg | Neg | Norm |
| 10/05/2006 | Surveillance | -- | Neg | -- | Neg | Neg | Neg | Neg | Norm |
| 10/02/2006 | Surveillance<br>Due to change in testing schedule, as per CSO R.Hicks. | | | | *Excused from Testing* | | | | |
| 09/28/2006 | Surveillance | -- | Neg | -- | Neg | Neg | Neg | Neg | Norm |
| 09/26/2006 | Surveillance | -- | Neg | -- | Neg | Neg | Neg | Neg | Norm |
| 09/26/2006 | Surveillance (remark)<br>Offender resumed drug testing in General Supervision Program.  9/26/2006 per CSO R. HICKS/TEAM 31/585-7813 | | | | | | | | |
| 09/25/2006 | CSS Remark<br>Schedule suspended due to offender entering the Vanguard program, as per CSO R.Hicks. | | | | | | | | |
| 08/28/2006 | Surveillance<br>Due to offender entering the Vanguard  program, as per CSO R.Hicks. | | | | *Excused from Testing* | | | | |

*continued on next page*

DRUG STATUS REPORT -- Michael R. Rockingham    PDID: P 256694    *Page 3*

| DATE | DESCRIPTION | AMP | COC | METH | OPI | PCP | MARI | ALC | CREA |
|------|-------------|-----|-----|------|-----|-----|------|-----|------|
| 08/24/2006 | Surveillance | | | *Did Not Report for Testing* | | | | | |
| 08/21/2006 | Surveillance | -- | POS | -- | POS | Neg | Neg | POS | Norm |
| 08/17/2006 | Surveillance | | | *Did Not Report for Testing* | | | | | |

---

Defense Attorney:                                                         Phone Number:

---

*For further compliance information, please call .*

*This information is intended for use by the Court and the attorneys, and not for inclusion in the court jacket.*

Prepared:  1/30/07  3:05:35 pm By:



**Court Services and Offender Supervision Agency**
**for the District of Columbia**
*Community Supervision Services*
*Illegal Substance Abuse Collection Branch*

January 9, 2007

To: Ratima Hicks
   Community Supervision Officer (Team 31)

From: Andre Buck
   Drug Testing Technician

Re: Michael Rockingham (PDID# 256-694)

On January 9, I escorted Michael Rockingham (P256694/31538335) to the restroom area. After verifying his picture in the system, we went into the restroom so that he could void a sample. When I handed him the cup, Mr. Rockingham appeared to be nervous. Then while he was conversing with me, I noticed his right hand pressing against his stomach. While he was doing this, I heard a noise. After I heard the noise, Mr. Rockingham was able to produce specimen. I happened to look around his genital area and I noticed he was using an artificial penis, also known as the "whizzinator". After he placed the label and the security strip on the sample, I logged the sample into PRISM as a bogus sample. His CSO, Ms. Ratima Hicks, is aware of this incident.

If I can be of further assistance, please contact me at (202) 585-7681.

Michael Gunn, Branch Chief

Joel Azikiwe, Supervisory Community Supervision Officer

*300 Indiana, NW, 2ⁿᵈ Floor, Suite 2001, Washington, DC 20001*
*Voice: (202) 585-7220 Fax: (202) 585-7230*

# D.C. PROBABLE CAUSE HEARING DIGEST

Name..............................: **Rockingham, Michael**

Reg. No. ........................: 26320-145

Type of Release ............:Parole

Full Term Date When Warrant Issued..: **October 15, 2028**

Date Warrant Executed.: *3·15·07*

Hearing Date........: *3·20·07*

Examiner...............: *Hrpw M*

Supervision Officer: **Ratima Hicks**

## Attorney at Probable Cause Hearing:

[ v ] PDS      [ ] Other      [ ] None

Name____GONZALEZ, RUZ____

Address_____

_____

Phone_____

## Attorney Representing Subject at Revocation Hearing:

[ ✓ ] PDS      [ ] Other      [ ] Unknown

Name____GONZALEZ, RUZ____

Address_____

_____

Phone_____

## I.  Items Advised *(Check that the subject has been advised of the following two rights)*:

[ ✓ ] Advised of Right to a Probable Cause Hearing   [ ✓ ] Advised of Right to Attorney

## II. Reason For Not Conducting Probable Cause Hearing
*{If Probable Cause Hearing not conducted, indicate the reason}*:

[  ] Postponed to Next Docket *{If so, provide reason for postponement and omit rest of form.}*

  [  ] At Request of Attorney/Prisoner      [  ] Prisoner Unavailable

  [  ] Other Reason:_____

[  ] Combined Probable Cause/Revocation Scheduled *{If so, skip to VI, Revocation Hearing.}*

### III.  Review of Charges:

**Charge No. 1 - Failure to Submit to Drug Testing**

[  ] ADMITS          [X] DENIES

The Subject's Response:

_____

_____

_____

_____

[ X ] **Probable Cause Found.**  After considering the violation report dated 8-16-06, 1-30-07 and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 1. Additional reasons for probable cause finding:

_____

_____

_____

_____

[  ] **No Probable Cause Found**

**Charge No. 2 - Use of Dangerous and Habit Forming Drugs**

[  ] ADMITS          [X] DENIES

The Subject's Response:

_____

_____

_____

_____

[ X ] **Probable Cause Found.**  After considering the violation report dated 8-16-06, 1-30-07 and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 2. Additional reasons for probable cause finding:

_____

**Rockingham,  Michael**
**Reg. No. 26320-145    DCDC No. 180-906**

_____

_____

_____

_____

[   ] **No Probable Cause Found**

_____

**Charge No. 3 - Violation of Special Condition (Drug Aftercare).**

[   ] **ADMITS**        [ X ] **DENIES**

The Subject's Response:

_____

_____

_____

_____

[ X ] **Probable Cause Found.**  After considering the violation report dated 1-30-07, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 3. Additional reasons for probable cause finding:

_____

_____

_____

_____

[   ] **No Probable Cause Found**

_____

## IV.  Additional Charges:

_____

_____

_____

_____

**Rockingham,  Michael**
**Reg. No. 26320-145    DCDC No. 180-906**

## V. Outcome of Probable Cause Hearing:

[ X ] **Probable Cause Found** on one or more charges, **Hold in Custody** pending revocation hearing.

[   ] **No Probable Cause Found** for any charge. **Discharge from Custody** immediately and
      [   ] **Reinstate** to Supervision  or  [   ] **Close Case** *(If expiration date has passed)*

[   ] **Probable Cause Found** on one or more charges.  Recommend **Reinstate to Supervision** and
      [   ] **Summon** to revocation hearing or  [   ] **Terminate** revocation proceedings

Reason for Release/Summons:_____

_____

_____

## VI. Principal Adverse Witnesses Identified by the Commission:

Note to Subject:  This is the time to request the attendance of an adverse witness (including an adverse witness identified by the Commission or an examiner on this form).  Your failure to make a request for the attendance of any adverse witness is a waiver of your opportunity to confront and cross-examine that witness at a revocation hearing.

Supervision Officer
Name: Ratima Hicks
Status:___X__Approved       _____Not Approved       _____Pending Further Review

## VII. Adverse Witnesses Requested by Subject:

Name:_____

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing     [   ] Approved at PC Hearing     [   ] Pending Further Review

Reason for Denial:_____

_____

_____

Name:_____

_____

Rockingham,  Michael
Reg. No. 26320-145    DCDC No. 180-906

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing    [   ] Approved at PC Hearing    [   ] Pending Further Review

Reason for Denial:_____

_____

_____

Name:_____

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing    [   ] Approved at PC Hearing    [   ] Pending Further Review

Reason for Denial:_____

_____

_____

## VIII. Adverse Witnesses Identified by Examiner But Not Requested by Subject:

Name:_____

Address:_____

Phone No._____

Reason for Denial:_____

_____

_____

Name:_____

Address:_____

Phone No._____

Reason for Denial:_____

_____

_____

**Rockingham, Michael**
**Reg. No. 26320-145    DCDC No. 180-906**

**IX.    Revocation Hearing:**

[√] Local Revocation **or**        [  ] Combined Probable Cause/Local Revocation on:

**Location:** [  ] CTF   [  ] DC Jail   **Date:** 4-16-2007      **Time:** [√] am   [  ] pm

[  ] Other at _____

_____

[  ] Recommend institutional revocation hearing upon transfer to a federal institution.

**Note:** A continuance must be requested in writing.  You may submit your requests via e-mail.  **E-Mail Address:  continue.hearing@usdoj.gov**

_____    _____
*Attorney/Prisoner*                                                              *Date*

*Additional Text:* Note: uncharged arrest of Poss Cocaine + Poss Mj - (at I
offenses - no need to supplement.        (1/11/07)
↑ Denies the above charges ↑

_____    _____
Gregory E. Pw PhD                                            3-20-2007
*Examiner*                                                                          *Date*

**Disclosure Documents:**  Warrant dated 3-5-07 , Warrant Application dated 3-5-07, Violation Report dated 8-16-06 and 1-30-07 with attachments, Parole Certificate dated 12-12-05, Pre-Sentence Report

**I acknowledge having received the above disclosure documents and a copy of this document.**

_____    _____
*Attorney/Prisoner*                                                          3/20/07
                                                                                        *Date*

Rockingham,  Michael
Reg. No. 26320-145    DCDC No. 180-906

U.S. Department of Justice

## Certification of Identity



**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]  Michael Rockingham

Citizenship Status [2]  U.S. Citizen        Social Security Number [3]

Current Address  X 3339 Ames St NE.

Date of Birth  X 7/1/56        Place of Birth  X Wash DC

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]  X Michael Rockingham        Date  3/20/07

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____

### Print or Type Name

[1] Name of individual who is the subject of the record sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016
EXPIRES 4/31/07

FORM DOJ-361
SEPT 04

If the Commission orders a local revocation hearing, such hearing will be held within sixty days of the probable cause finding. If the Commission orders an institutional revocation hearing, such hearing will be held within ninety days of the date you were retaken on the Commission's warrant. If you request postponements of revocation proceedings or take actions which delay such proceedings, these time limits may be extended.

*Initial one of the alternatives below:*

(       ) I REQUEST AN INSTITUTIONAL REVOCATION HEARING IF I AM NOT ORDERED RELEASED BY THE COMMISSION. I UNDERSTAND THAT I MAY BE TRANSFERRED TO A FEDERAL PRISON IF AN INSTITUTIONAL REVOCATION HEARING IS ORDERED.

( _MB_ ) I REQUEST A LOCAL REVOCATION HEARING IF I AM NOT ORDERED RELEASED BY THE COMMISSION. MY REASONS FOR REQUESTING A LOCAL HEARING ARE AS FOLLOWS:

_____
**(Signature of Parolee or Releasee)**

3/20/07
**(Date)**

_____
**(Signature of Hearing Examiner)**

3/20/07
**(Date)**

subsequent revocation hearing, commit[?] 12 responsible to obtain[?] the witness at the appropriate time and place. When a hearing is postponed to obtain witnesses, the Commission usually orders a combined probable cause and local revocation hearing.

I have read (*or had read to me*) the above explanation of the Commission's probable cause procedure, and I fully understand my legal rights under that procedure. (*Initial one of the choices below:*)

(A) (     ) I WISH TO PROCEED WITH MY PROBABLE CAUSE HEARING AT THIS TIME.

(B) (     ) I REQUEST A POSTPONEMENT OF MY PROBABLE CAUSE HEARING IN ORDER TO OBTAIN AN ATTORNEY AND/OR WITNESS(ES).

_____              3/20/07
(Signature of Parolee or Releasee)          (Date)

## PART TWO

*Instructions:* This part is to be completed at the conclusion of the probable cause hearing. The explanation below must be read and acknowledged by the alleged violator, and a copy provided to him.

## Notice of Procedural Rights – Revocation Hearing

*OPPORTUNITY TO REQUEST A LOCAL OR INSTITUTIONAL REVOCATION HEARING.* The Commission will order an institutional revocation hearing unless you request, by completing this form, a local revocation hearing. An institutional revocation hearing may be held in the District of Columbia or in any federal prison to which you are transferred following the finding of probable cause. The Commission will grant a request for a local revocation hearing if both of the following conditions are met: (a) you were not convicted of an offense while under supervision, and (b) you deny all of the charges against you. In other cases, the Commission will only order a local revocation hearing if it finds good cause to do so.

In support of any request for a local revocation hearing, you should indicate any witnesses you plan to present at the revocation hearing and any adverse witnesses you wish to appear. Such adverse witnesses will be presented unless good cause is found to deny your request for their appearance. In addition, you may, prior to a local revocation hearing, request that the Commission require the attendance under subpoena of favorable witnesses who have refused to appear voluntarily. Such request will be granted provided you are able to show that the appearance of such favorable witnesses is necessary to the proper disposition of your case, and that their testimony cannot be obtained by other means. If the Commission orders an institutional revocation hearing, this will not alter your right to be represented by an attorney, or to present voluntary witnesses or documentary evidence. However, the Commission will not request the presence of adverse or other witnesses at an institutional revocation hearing.

Before The
UNITED STATES PAROLE COMMISSION

Name: _Michael Reckindham_ Register No. _26820-18?_ DCDC No. _186-966_

~For Probable Cause Hearing                                    ✓—For Revocation Hearing

*(Select all that apply)*

---

## STATEMENT OF PAROLEE OR MANDATORY RELEASEE
### CONCERNING REQUEST FOR COUNSEL

I, _Michael Reckindham_ having been fully advised of the charges against me and of my rights as set forth in the copy of the (Warrant Application) (Summons to Appear), understand that I may request the D.C. Public Defender Service to assign counsel to assist or represent me in this matter before the United States Parole Commission, and that such representation by counsel may be furnished to me if the D.C. Public Defender Service determines that I am financially unable to obtain attorney representation, and that an attorney is available. After reviewing this notice concerning assignment of counsel,

_____
*(initials)*

I do not wish to apply to the D.C. Public Defender Service for assignment of counsel.

_HMR_
*(initials)*

I do hereby apply to the D.C. Public Defender Service for assignment of counsel (if available), and in connection with this application, I state as follows concerning my true financial condition:

|  | employed | unemployed |
|---|---|---|
| I am |  |  |
| If employed, state weekly income |  | $_____ |
| If self-employed, state average weekly income | $_____ |  |
| Cash on hand and in bank |  | $_____ |
| Number of dependents |  |  |
| Property Owned |  |  |

I certify the above to be correct.

_____     _3/2?/07_
*(Signature of Applicant and Date)*

Witness:

_____
*(Signature, Title and Date)*

false or **dishonest answer to a question in this application may be punishable by fine or imprisonment or both (18 U.S.C.** 01).

---

turn From D.C. Public Defender Service

e above-named applicant will be represented by _____

*(Name and Phone Number)*

se fax this form to the U.S. Parole Commission, Attn: Case Services, (301) 492-5525.

G
07-952
RMC

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I. (a) PLAINTIFFS

*MICHAEL R. ROCKINGHAM*

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _11001_
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

*USPC*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Case: 1:07-cv-00952
Assigned To : Collyer, Rosemary M.
Assign. Date : 5/22/2007
Description: Habeas Corpus

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and <u>one</u> in a corresponding Nature of Suit)

### ☐ A. *Antitrust*

☐ 410 Antitrust

### ☐ B. *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. *Administrative Agency Review*

☐ 151 Medicare Act

<u>Social Security:</u>
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

<u>Other Statutes</u>
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
    Administrative Agency is Involved)

### ☐ D. *Temporary Restraining Order/Preliminary Injunction*

**Any nature of suit from any category may be selected for this category of case assignment.**

*(If Antitrust, then A governs)*

## ☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

<u>Real Property</u>
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

<u>Personal Property</u>
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

<u>Bankruptcy</u>
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

<u>Prisoner Petitions</u>
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

<u>Property Rights</u>
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

<u>Federal Tax Suits</u>
☐ 870 Taxes (US plaintiff or
    defendant
☐ 871 IRS-Third Party 26
    USC 7609

<u>Forfeiture/Penalty</u>
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of
    Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
    Safety/Health
☐ 690 Other

<u>Other Statutes</u>
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt
    Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
    Exchange
☐ 875 Customer Challenge 12 USC
    3410
☐ 900 Appeal of fee determination
    under equal access to Justice
☐ 950 Constitutionality of State
    Statutes
☐ 890 Other Statutory Actions (if not
    administrative agency review or
    Privacy Act

| ○ G. *Habeas Corpus/ 2255* | □ H. *Employment Discrimination* | □ I. *FOIA/PRIVACY ACT* | □ J. *Student Loan* |
|---|---|---|---|
| ⊗ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| □ K. *Labor/ERISA (non-employment)* | □ L. *Other Civil Rights (non-employment)* | ⊗ M. *Contract* | □ N. *Three-Judge Court* |
|---|---|---|---|
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊗ 1 Original Proceeding    □ 2 Removed from State Court    □ 3 Remanded from Appellate Court    □ 4 Reinstated or Reopened    □ 5 Transferred from another district (specify)    □ Multi district Litigation    □ 7 Appeal to District Judge from Mag. Judge

---

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 2241 - Habeas Corpus

---

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS □ ACTION UNDER F.R.C.P. 23    **DEMAND $**    Check YES only if demanded in complaint    **JURY DEMAND:** □ YES ⊗ NO

**VIII. RELATED CASE(S) IF ANY** N.F.    (See instruction)    □ YES □ NO    If yes, please complete related case form.

**DATE** 5.22.07    **SIGNATURE OF ATTORNEY OF RECORD** _XCD_

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

