## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MICHAEL R. ROCKINGHAM,** | : | |
| **Petitioner** | : | |
| | : | **Civil Action No. 07-00952 (RMC)** |
| **v.** | : | |
| | : | |
| **U.S. PAROLE COMMISSION,** | : | |
| **Respondent** | : | |

### U. S PAROLE COMMISSION'S OPPOSITION TO MOTION TO PETITIONER'S
### PETITION FOR WRIT OF HABEAS CORPUS

The U.S. Parole Commission, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully files its opposition to the petitioner's pro se petition for a writ of habeas corpus. As grounds to support his petition, the petitioner claims that the U.S. Parole Commission ("the Commission") lacked a sufficient evidentiary basis upon which to issue a parole violator warrant and to find that the petitioner had violated the conditions of his parole. Because the Commission had sufficient evidence to issue a parole violator warrant and to support a parole violation based on the petitioner's admissions to using illegal drugs and failing to submit to drug testing, the petitioner has failed to establish any legal error and his petition for a writ of habeas corpus should be summarily denied.

### PROCEDURAL HISTORY

The petitioner, Michael Rockingham, is currently serving a parole violator sentence, originally imposed as an aggregate term of imprisonment of 12 to 36 years for his convictions for robbery and armed robbery in Superior Court Case Nos. F 2415-82 and F 2434-82. See Exhibit A (Sentence Monitoring Computation Data) and Exhibit B (Judgment and Commitment Order for F 2415-82) and Exhibit C (Judgment and Commitment Order for F 2434-82). The petitioner was

first released on parole from that sentence on June 19, 1992, with an original full-term sentence date of April 28, 2018. See Exhibit D (Certificate of Parole). The D.C. Board of Parole ("the Board") subsequently issued a parole violator warrant for the petitioner's arrest, and, on August 20, 1996, the Board revoked the petitioner's parole for criminal and non-criminal parole violations. See Exhibit E (Notice of Board Order) and Exhibit F (Notices of Board Order).

The petitioner was re-paroled on October 9, 1997, with a new sentence expiration date of January 4, 2021. See Exhibit G (Certificate of Parole). On November 30, 2003, the petitioner's probation officer informed the U.S. Parole Commission that the petitioner had been arrested for new criminal behavior (including several assaults) and the probation officer requested that the Commission issue a parole violator warrant for the petitioner's arrest. See Exhibit H (Letter).[1]  In response to this information, the Commission issued a parole violator warrant, and, after the warrant's execution, the Commission conducted a parole revocation hearing on March 1, 2004. See Exhibit I (Hearing Summary). At this hearing, the petitioner admitted using illegal and habit-forming drugs but denied committing the criminal violations. Id. at pp. 2-4. Following the hearing, the Commission revoked the petitioner's parole on March 17, 2004 for using illegal drugs and committing several traffic related law violations. See Exhibit J (Notice of Action).

Pursuant to the Commission's orders, the petitioner was released on parole on May 7, 2004.  See Exhibit K (Certificate of Parole). On August 6, 2004, the Commission issued another parole violator warrant for use of dangerous and habit forming drugs, failure to submit to drug testing, violation of the special drug aftercare condition, and violation of the law (assault with

---

[1]On August 5, 2000, the Commission assumed the responsibility of making parole revocation decisions for all D.C. Code offenders pursuant to D.C. Code § 24-131.The petitioner was being supervised in the District of Maryland by the U.S. Probation Office.

serious bodily injury, assault with a dangerous weapon, and felon in possession of a firearm).

<u>See</u> Exhibit L (Warrant and Warrant Application). The parole violator warrant was executed on

October 12, 2004.  <u>Id.</u> at p. 5. The petitioner received a final parole revocation hearing regarding

these charges on November 29, 2004, and following that hearing, the Commission revoked the

petitioner's parole and established a presumptive re-parole date of December 12, 2005, after the

service of an additional 14 months in custody. <u>See</u> Exhibit M (Hearing Summary) and Exhibit N

(Notice of Action).

        The petitioner was re-paroled on December 12, 2005, with a sentence expiration date of

October 15, 2028.  <u>See</u> Exhibit O (Certificate of Parole). As was the case during his previous

periods of parole, the petitioner did not abide by the conditions of release by his continued use of

illegal drugs and failure to report for drug testing. On August 24, 2006, the Commission

officially reprimanded the petitioner for using illegal drugs and alcohol and failing to submit to

drug testing. <u>See</u> Exhibit P (Official Letter of Reprimand) and Exhibit Q (Alleged Violation(s)

Report). In its correspondence to the petitioner, the Commission warned the petitioner that

continued violations of his parole could result in his arrest and return to custody. <u>See</u> Exhibit P.

        Despite this warning, the petitioner continued to miss required drug testing appointments,

tested positive for cocaine and opiates usage, and was terminated from a drug treatment program

that was a special condition of his parole. <u>See</u> Exhibit R (Warrant and Warrant Application). On

March 5, 2007, the Commission issued a parole violator warrant for the petitioner's arrest; he

was arrested on the warrant on March 15, 2007. <u>Id.</u> at pp. 5-6. Shortly after his arrest, the

petitioner received a probable cause hearing to determine whether to continue with parole

revocation proceedings against him. <u>See</u> Exhibit S (D.C. Probable Cause Hearing Digest). At this

hearing, the petitioner denied all of the revocation charges against him, but the Commission's presiding hearing examiner found probable cause on all of the charges. Id. at pp. 2-3. On April 1, 2007, the petitioner's supervision officer wrote to the Commission with information about additional positive drug tests by the petitioner. See Exhibit T (Addendum to AVR).

On April 16, 2007, the Commission conducted a final parole revocation hearing for the petitioner. See Exhibit U (Hearing summary). During the course of this hearing, at which he was represented by counsel, the petitioner admitted using illegal drugs and admitted to failing to submit to drug testing, arguing that he missed drug testing dates because of work commitments. Id. at p. 2. The petitioner denied violating the special after care drug treatment program requirement and claimed that he missed appointments at the drug treatment program with the permission of his supervision officer because he got married. Id. at pp. 2-3. Following this hearing, the Commission revoked the petitioner's parole for violating the conditions of his release by failing to submit to drug testing and using dangerous and habit forming drugs, violations to which he admitted. See Exhibit V (Notice of Action). The Commission did not make a finding on the remaining charge of violation of his special drug aftercare condition, because the Commission did not deem there to be sufficient evidence presented supporting the charge. Id. at p. 2. The Commission ordered the petitioner be re-paroled on March 14, 2008, after the service of 12 months in custody. Id. at p. 1. This was a decision at the bottom of the petitioner's 12-16 month re-parole guideline range. Id. at p. 2.

## ARGUMENT

"The writ of habeas corpus shall not extend to a prisoner unless. . . [h]e is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3).

There is no merit to the petitioner's argument that the U.S. Parole Commission did not have a

sufficient evidentiary basis to issue the latest parole violator warrant or to support the revocation

of his parole.[2]  The Commission may issue a parole violator warrant upon an allegation of

violation and satisfactory evidence thereof. <u>See</u> D.C. Code § 24-405; 28 C.F.R. § 2.98(a). In this

case, the Commission issued a parole violator warrant after the petitioner's supervision officer

provided allegations and supporting documentation that the petitioner had used illegal drugs and

failed to report for some of his required drug tests. <u>See</u> Exhibits Q and R. Accordingly, the

petitioner's factual claim that there was no basis for issuing the parole violator warrant is not

supported by the record. In addition, the revocation of the petitioner's parole was based on his

failure to report for drug testing on numerous occasions and on his use of illegal drugs, both of

---

[2]Since the filing of the petitioner's petition on March 22, 2007, the petitioner was transferred to CI Rivers in Winton, North Carolina. However, at the time the petitioner filed his petition, he was an inmate at the D.C. Central Detention Facility, where his custodian was Warden William Smith. Warden Smith is within this Court's jurisdiction and because the Court had jurisdiction over the petitioner's custodian when the petitioner filed his petition, this Court retains jurisdiction despite the petitioner's subsequent transfer. <u>See</u> <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 439 (2004) (if district court had jurisdiction over petitioner's custodian when petitioner filed petition, court maintains jurisdiction if petitioner thereafter is transferred to another jurisdiction); <u>Stokes v. U.S. Parole Comm'n</u>., 374 F.3d 1235, 1239 (D.C. Cir.) (same), <u>cert. denied</u>, 543 U.S. 975 (2004); <u>Blair-Bey v. Quick</u>, 151 F.3d 1036, 1039 (D.C. Cir. 1998) ("When a prisoner seeks to challenge parole-related decisions, the warden of the prison and not the United States Parole Commission is the prisoner's 'custodian.'"); <u>Guerra v. Meese</u>, 786 F.2d 414, 416 (D.C. Cir. 1986) (holding that "for purposes of challenging a Parole Commission action on the sentence a prisoner is currently serving in a federal penal facility, the warden of that facility is the prisoner's custodian within the meaning of 28 U.S.C. §§ 2241-2243") (citations omitted); <u>Rumsfeld</u>, <u>supra</u>, 542 U.S. at 435 ("longstanding practice confirms that in habeas challenges to present physical confinement – 'core challenges' – the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official") (citations omitted). Nonetheless, the Court should strike the respondent named in the caption of the petitioner's petition, and substitute the Warden of CI Rivers as the respondent to comply with the requirements of 28 U.S.C. § 2243 ("The writ or order to show cause shall be directed to the person having custody of the person detained.").

which were admitted by the petitioner and supported by the testimony and records of his supervision officer.[3]

Judicial review of the sufficiency of the evidence to support a parole revocation decision has been limited to determining whether the decision was "either totally lacking in evidentiary support or [was] so irrational as to be fundamentally unfair." Singletary v. Reilly, 452 F.3d 868, 872 (D.C. Cir. 2006), citing Duckett v. Quick, 282 F.3d 844, 847 (D.C. Cir. 2002); Ash v. Reilly, 431 F.3d 826, 830 (D.C. Cir. 2005); Crawford v. Jackson, 323 F.3d 123, 129 (D.C. Cir.) (internal citation omitted), cert. denied, 540 U.S. 856 (2003); Bethea v. Bureau of Prisons, 2005 WL 3244195, *3 (D.D.C. November 30, 2005); Singletary v. D.C. Board of Parole, 2003 WL 25258497, *3 (D.D.C. Dec. 16, 2003). In Allston v. Gaines, 158 F.Supp.2d 76, 79 (D.D.C. 2001), the Court held that, on a petition for writ of habeas corpus, judicial review of a Parole Commission's decision to revoke parole is confined to determining whether there is a "rational basis in the record" to support the Commission's conclusions. See Stanton v. U.S. Parole Commission, 2007 WL 1847993, *3 (D.D.C. June 27, 2007) (judicial review limited to determining if there has been an "abuse of discretion" and whether there is a "rational basis" to support Commission's decision); see also Stevens v. Quick, 678 A.2d 28, 31 (D.C. 1996) (finding no "abuse of discretion" by Commission); Gambino v. E.W. Morris, 134 F.3d 156, 160 (3rd Cir. 1998) ("the inquiry is only whether there is a rational basis in the record for the [Commission's] conclusions"); Iuteri v. Nardoza, 732 F.2d 32, 37 (2d Cir. 1984)(court's "role is merely to inquire 'whether there is a rational basis in the record for the [Commission's]

---

[3]The Commission need only find a violation of conditions of parole by a preponderance of evidence. See 18 U.S.C. § 4214(d); 28 C.F.R. § 2.105(a).

conclusions embodied in its statement of reasons'") (internal citation omitted). This is a very limited standard of review that precludes the petitioner's present effort to reargue the merits of his case before the Commission.

A rational basis for revocation is supplied by "some evidence" to support the findings. See Superintendent, Massachusetts Correction Institution v. Hill, 472 U.S. 445, 456-57 (1985). In Superintendent v. Hill, the Supreme Court applied the same standard of review to a prison disciplinary board finding as the D.C. Circuit applied to parole revocations in Duckett v. Quick, supra. The standard is that "a governmental decision resulting in the loss of an important liberty interest violates due process if the decision is not supported by any evidence." Id. at 455 (citing Douglas v. Buder, 412 U.S.430, 432 (1973)). In the Supreme Court's formulation, if "some evidence" supports the decision, then due process has not been violated. This standard of review does not require "examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence" in support of the challenged administrative decision. Id. A "modicum of evidence," direct or circumstantial, will suffice:

> The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board. Instead, due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing. Although the evidence in this case might be characterized as meager, and there was no direct evidence identifying any one of three inmates as the assailant, the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.

Id. at 457.

Hence, the standard of review to be applied to a parole revocation decision does not, as the petitioner would have it, allow the Court reassess the evidence in the record to determine for itself whether the Commission's decision meets the preponderance test. See, e.g., Bethea v.

Bureau of Prisons, supra, 2005 WL 3244195 at *2 ("it is not the function of the courts to review the discretion of the Board...or to repass on the credibility of reports and information received by the Board in making its determinations"); Hanahan v. Luther, 693 F.2d 629, 632 (7th Cir. 1982) ("[t]he inquiry is not whether the [Commission] is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the [Commission's] conclusions embodied in its statement of reasons.") (internal citation omitted), cert. denied, 459 U.S. 1170 (1983). Whether couched in terms of "rational basis" or "some evidence," the Court's inquiry is the same. See Maddox v. U.S. Parole Commission, 821 F.2d 997, 1000 (5th Cir. 1987) ("Although the Commission's decisions must have a factual basis, judicial review is limited to whether there is 'some evidence' in the record to support the Commission's decision"); Kramer v. Jenkins, 803 F.2d 896, 901 (7th Cir. 1986) (discussed the variety of formulations for the "some evidence" test and concluded that: "[a]ll of these are variations on the theme that administrative officials need a little evidence but not necessarily very much, a point the [Supreme] Court [in Superintendent v. Hill, supra] made when saying that the constitutional standard 'does not require examination of the entire record...or weighing of the evidence.").

The petitioner's admissions to his supervision officer that he had used illegal drugs and failed to submit to drug testing as required provided the Commission with a rational basis for finding that the petitioner had violated the conditions of his parole. See Crawford v. Jackson, supra, 323 F.3d at 132 (admitted drug use supported parole board's decision to revoke parole); Duckett v. Quick, supra, 282 F.3d at 847 (parolee's admission that he failed to report for supervision together with parole officer's statement that he directed parolee to report provided

-8-

evidentiary support for finding of violation).  Finally, the petitioner's admission is consistent

with his parole supervision history, which shows previous violations involving use of illegal

drugs and failure to report for drug testing. Thus, the Commission's reliance on the petitioner's

admissions and other evidentiary support from his supervision officer was not legally deficient,

was not an abuse of discretion, and provided a "rational basis" for the Commission's decision to

revoke the petitioner's parole based on these violations of his conditions of parole.

**<u>CONCLUSION</u>**

Accordingly, because the petitioner has failed to show any error in the decision to revoke

his parole, the petitioner's petition for a writ of habeas corpus should be summarily denied.

A proposed order is attached.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar Number 498-610


  /s/  Robert D. Okun
ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Division
D.C. Bar Number 457-078


  /s/ Sherri L. Berthrong
SHERRI L. BERTHRONG
Assistant United States Attorney
D.C. Bar No. 249-136
Sherri.Berthrong@usdoj.gov
Special Proceedings Division
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530
(202) 514-6948

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the U.S. Parole Commission's Opposition has been filed electronically with the Court and served by mail upon the petitioner, Michael R. Rockingham., Fed. Reg. No. 26320-145, CI Rivers, Federal Correctional Institution, P.O. Box 630, Winton, NC 27986, this 15th day of August, 2007.

    /s/ Sherri L. Berthrong
Sherri L. Berthrong
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MICHAEL R. ROCKINGHAM,** | **:** | |
| **Petitioner** | **:** | **Civil Action No. 07-952 (RMC)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **U.S. PAROLE COMMISSION,** | **:** | |
| **Respondent** | **:** | |

## ORDER

Upon consideration of the Petitioner's <u>Pro Se</u> Petition for a Writ of Habeas Corpus, the

U.S. Parole Commission's Opposition to the Petitioner's Petition for a Writ of Habeas Corpus,

and for the reasons stated in the U.S. Parole Commission's Opposition, it is hereby

**ORDERED** that the show cause order as to the U.S. Parole Commission is discharged,

and that Petitioner's Petition for a Writ of Habeas Corpus is **DENIED**.

**SO ORDERED**, this _____ day of _____, 2007.

_____
Rosemary M. Collyer
U.S. District Court Judge

Copies to:

Michael R. Rockingham
Fed. Reg. No. 26320-145
CI Rivers
Federal Correctional Institution
P.O. Box 630
Winton, NC 27986

Sherri L. Berthrong
Assistant United States Attorney
Special Proceedings Division
555 4th Street, N.W., Room 10-450
Washington, D.C.  20530

**EXHIBIT A**

```
5H     PAR8H  540*23 *           SENTENCE MONITORING          *    03-05-2007
  PAGE 001            *          COMPUTATION DATA             *    15:17:59
                                 AS OF 12-12-2005

REGNO..: 26320-145 NAME: ROCKINGHAM, MICHAEL


FBI NO...........: 696241J1          DATE OF BIRTH: ████████
ARS1.............: CDC/PAROLE
UNIT.............:                    QUARTERS.....:
DETAINERS........: NO                 NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 10-26-2005

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  12-12-2005 VIA PAROLE


----------------------PRIOR JUDGMENT/WARRANT NO: 020 ----------------------

COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F2434-82,2415-82
JUDGE...........................: MURPHY
DATE SENTENCED/PROBATION IMPOSED: 06-29-1983
DATE WARRANT ISSUED.............: 08-06-2004
DATE WARRANT EXECUTED...........: 10-12-2004
DATE COMMITTED..................: 03-17-2005
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

-----------------------PRIOR OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....:  644
OFF/CHG: 22-3202 ARMED ROBBERY 22-2901 ROBBERY

SENTENCE PROCEDURE.............: DC CODE ADULT
SENTENCE IMPOSED/TIME TO SERVE.:    36 YEARS
NEW SENTENCE IMPOSED...........: 8826 DAYS
BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
DATE OF OFFENSE................: 04-04-1982




G0002      MORE PAGES TO FOLLOW . . .
```



```
5H     PAR8H   540*23 *              SENTENCE MONITORING          *      03-05-2007
PAGE 002              *              COMPUTATION DATA             *      15:17:59
                                     AS OF 12-12-2005

REGNO..: 26320-145 NAME: ROCKINGHAM, MICHAEL


-------------------------------PRIOR COMPUTATION NO: 020 -------------------------

COMPUTATION 020 WAS LAST UPDATED ON 12-02-2005 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 12-02-2005 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 020:   020 010

DATE COMPUTATION BEGAN.........: 10-12-2004
TOTAL TERM IN EFFECT...........: 8826 DAYS
TOTAL TERM IN EFFECT CONVERTED..:   24 YEARS      1 MONTHS      29 DAYS
EARLIEST DATE OF OFFENSE........: 04-04-1982

JAIL CREDIT....................:   FROM DATE      THRU DATE
                                   08-17-2004     10-11-2004

TOTAL JAIL CREDIT TIME..........: 56
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 10
TOTAL SGT POSSIBLE..............: 2899
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 11-07-2020
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: 04-18-2028
EXPIRATION FULL TERM DATE.......: 10-15-2028

PAROLE EFFECTIVE................: 12-12-2005
PAROLE EFF VERIFICATION DATE....: 08-02-2005
NEXT PAROLE HEARING DATE........: N/A
TYPE OF HEARING.................: PAROLE EFFECTIVE

ACTUAL SATISFACTION DATE........: 12-12-2005
ACTUAL SATISFACTION METHOD......: PAROLE
ACTUAL SATISFACTION FACILITY....: CDC
ACTUAL SATISFACTION KEYED BY....: PN

DAYS REMAINING..................: 8343
FINAL PUBLIC LAW DAYS...........: 0

REMARKS.......: RELEASE AUDIT CERTIFIED BY DSCC ON 12-02-2005.




G0002       MORE PAGES TO FOLLOW . . .
```

```
5H    PAR8H  540*23 *              SENTENCE MONITORING        *      03-05-2007
PAGE 003             *             COMPUTATION DATA           *      15:17:59
                                   AS OF 05-07-2004

REGNO..: 26320-145 NAME: ROCKINGHAM, MICHAEL


FBI NO...........: 696241J1            DATE OF BIRTH: ████████
ARS1.............: CDC/PAROLE
UNIT.............:                      QUARTERS.....:
DETAINERS........: NO                   NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 04-28-2004

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  05-07-2004 VIA PAROLE


------------------------PRIOR JUDGMENT/WARRANT NO: 010 ------------------------

COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F2434-82,2415-82
JUDGE...........................: MURPHY
DATE SENTENCED/PROBATION IMPOSED: 06-29-1983
DATE WARRANT ISSUED.............: 12-23-2003
DATE WARRANT EXECUTED...........: 01-09-2004
DATE COMMITTED..................: 04-08-2004
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:


RESTITUTION...: PROPERTY: NO  SERVICES:  NO        AMOUNT:  $00.00

-----------------------PRIOR OBLIGATION NO: 010 -----------------------
OFFENSE CODE....:  644
OFF/CHG: 22-3202 ARMED ROBBERY 22-2901 ROBBERY

   SENTENCE PROCEDURE.............: DC CODE ADULT
   SENTENCE IMPOSED/TIME TO SERVE.:    36 YEARS
   NEW SENTENCE IMPOSED...........: 8953 DAYS
   BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
   DATE OF OFFENSE................: 04-04-1982




   G0002      MORE PAGES TO FOLLOW . . .
```

```
5H ,   PAR8H  540*23 *          SENTENCE MONITORING       *       03-05-2007
PAGE 004 OF 004 *               COMPUTATION DATA          *       15:17:59
                                AS OF 05-07-2004

REGNO..: 26320-145 NAME: ROCKINGHAM, MICHAEL


- - - - - - - - - - - - - - - - - - - -PRIOR COMPUTATION NO: 010 - - - - - - - - - - - - - - - - - - - - - -

COMPUTATION 010 WAS LAST UPDATED ON 04-12-2004 AT CRO AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:   010 010

DATE COMPUTATION BEGAN..........: 01-09-2004
TOTAL TERM IN EFFECT............: 8953 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    24 YEARS      6 MONTHS      5 DAYS
EARLIEST DATE OF OFFENSE........: 04-04-1982

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 10
TOTAL SGT POSSIBLE..............: 2941
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 06-24-2020
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: 01-15-2028
EXPIRATION FULL TERM DATE.......: 07-13-2028

PAROLE EFFECTIVE................: 05-09-2004
PAROLE EFF VERIFICATION DATE....: 03-17-2004
NEXT PAROLE HEARING DATE........: UNKNOWN
TYPE OF HEARING.................: UNKNOWN

ACTUAL SATISFACTION DATE........: 05-07-2004
ACTUAL SATISFACTION METHOD......: PAROLE
ACTUAL SATISFACTION FACILITY....: RIV
ACTUAL SATISFACTION KEYED BY....: JWW

DAYS REMAINING..................: 8831
FINAL PUBLIC LAW DAYS...........: 2

              COMPUTATION CERTIFIED BY DCRC ON 04-13-04




S0039      ALL CURRENT COMPS ARE SATISFIED
```

**EXHIBIT B**

# Superior Court of the District of Columbia

## CRIMINAL DIVISION

## JUDGMENT AND COMMITMENT ORDER

UNITED STATES OF AMERICA

vs

_Michael R. Rockingham_

Case Number _F2415-82 C_

PDID Number _256-694_

_1:50 PM_

WHEREAS the above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty

to the charge(s) of _Robbery_

_1/5/92_

and having been found guilty by ☐ Jury ☒ the Court

and a pre-sentence investigation and report having been ☒ prepared and considered ☐ not requested

IT IS HEREBY ADJUDGED that the defendant has been convicted of and is guilty of the offense(s) charged.

The defendant having been given an opportunity to make a statement in his own behalf, and the government having had the opportunity to reply thereto, it is hereby

ORDERED that the defendant be committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of

_Not less than two (2) years nor more than six_

_(6) years_

IT IS FURTHER ORDERED that the Clerk or his Deputy deliver a true copy of this order to the United States Marshal and that the copy shall serve as the commitment of the defendant.

COSTS IN THE AGGREGATE AMOUNT OF $ _5___  ARE HEREBY ASSESSED under the Victims of Violent Crime Compensation Act of 1981.

_6/29/83_
Date

Judge

A TRUE COPY OF THIS ORDER DELIVERED TO THE U.S. MARSHAL OR HIS DEPUTY.

Date

Deputy Clerk

White — Court Jacket      Pink — Mayor's Office
Blue — Jail      Goldenrod — Defense Counsel

GOVERNMENT
EXHIBIT
B

# **EXHIBIT C**

# Superior Court of the District of Columbia

## CRIMINAL DIVISION

### JUDGMENT AND COMMITMENT ORDER

UNITED STATES OF AMERICA

vs

*Michael R. Rockingham*

Case Number *F-2134-82 B,*

PDID Number *256-694*

*1:30 PM*

WHEREAS the above-named defendant having entered a plea of ☐ Not Guilty  ☒ Guilty

to the charge(s) of *Armed Robbery*

and having been found guilty by  ☐ Jury  ☒ the Court

and a pre-sentence investigation and report having been ☒ prepared and considered  ☐ not requested

IT IS HEREBY ADJUDGED that the defendant has been convicted of and is guilty of the offense(s) charged.

The defendant having been given an opportunity to make a statement in his own behalf, and the government having had the opportunity to reply thereto, it is hereby

ORDERED that the defendant be committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of

*not less than ten (10) years nor more than thirty (30) years. Concurrent time to sentence in F-2418-82*

IT IS FURTHER ORDERED that the Clerk or his Deputy deliver a true copy of this order to the United States Marshal and that the copy shall serve as the commitment of the defendant.

COSTS IN THE AGGREGATE AMOUNT OF $ .............. ARE HEREBY ASSESSED under the Victims of Violent Crime Compensation Act of 1981.

......................................................  ......................................................
Date                                                                        Judge

A TRUE COPY OF THIS ORDER DELIVERED TO THE U.S. MARSHAL OR HIS DEPUTY:

......................................................  ......................................................
Date                                                                        Deputy Clerk

**GOVERNMENT EXHIBIT C**

White — Court Jacket       Pink — Mayor's Office
Blue — Jail                Goldenrod — Defense Counsel
Green — Finance Office     Goldenrod — Defendant

Form CD(18)-1039/Jun. 1982

**EXHIBIT D**

PB-18
(Revised 10/81)

# BOARD OF PAROLE
## DISTRICT OF COLUMBIA
### CERTIFICATE OF PAROLE
Certificate-Adult-10979

## ADULT

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that

Rockingham, Michael _____ D.C.D.C. ___180-906___ is eligible to be

PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will

remain at liberty without violating the law and that the release of the individual to supervision

is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-

named be PAROLED on __June 19,_____, 19_92, and that said person remain under

supervision within the limits of the __Washington, Metro Area__(including the District of

Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax

Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia)

until __April 28, 2018_____, 19X__; unless or until other action is taken by the District

of Columbia BOARD OF PAROLE.

     This action is subject to the above-named individual's signing an agreement to abide

by and comply with all of the conditions of parole as shown on the reverse side of this

CERTIFICATE.

     Given under the hands and seal of the BOARD this ___19th,_____ day

of _December_____, 19_91_.

The above-named was released on

the _____ day of _____, 19____.

_Erica Athyman_ 5

_____
Administrator


GOVERNMENT EXHIBIT D

**EXHIBIT E**




# The Board of Parole
### of the
# District of Columbia

## NOTICE OF BOARD ORDER

Order # 2 of 2

In reference to:

**DCDC** 180-906          **NAME** MICHAEL R ROCKINGHAM

**DOB** ▮▮▮▮▮          **SSN** ▮▮▮▮▮          **LOCATION** GSU 3/DC

**DOCKET** D9309-0049          **CONSIDERATION TYPE** N:RAV UPDATE

The District of Columbia Board of Parole issues the following **ORDER:**

ISSUE AN ARREST WARRANT BASED ON ALLEGATIONS OF CRIMINAL
AND NONCRIMINAL VIOLATIONS OF PAROLE

Implementation of this Order shall include the following:
No Special Conditions or Instructions at this time.

Remarks:

FAILED TO OBEY ALL LAWS
FAILED TO REPORT ARREST TO PO
FAILED TO REPORT AS DIRECTED

09/28/1993
_____
Date

_____
Chairman
on behalf of the Board of Parole

Seal

[ Suspense ]
AGUBOKWU, V.

GOVERNMENT EXHIBIT 6

**EXHIBIT F**

 

# The Board of Parole

*of the*

## District of Columbia

### NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

**DCDC** 180-906                **NAME** MICHAEL R ROCKINGHAM

**DOB** ███████            **SSN** ███████        **LOCATION** OCCOQUAN FACILT

**DOCKET** H9608-0023        **CONSIDERATION TYPE** H:REVOCATION

The District of Columbia Board of Parole issues the following **ORDER:**

REVOKE PAROLE FOR CRIMINAL AND NONCRIMINAL VIOLATIONS;
CONSIDER FOR REPAROLE BY 06/11/1997

Implementation of this Order shall include the following:
Special Instructions for Reconsideration

NARCOTICS ANONYMOUS
ALCOHOLICS ANONYMOUS
WORK DETAIL

Remarks:

FAILED TO REPORT ARREST TO PO
FAILED TO OBEY ALL LAWS

08/12/1996
_____
Date

_____
Chairman
on behalf of the Board of Parole

Seal

NOA Date 8-20-96 by _____

[ Parole Determination File ]
AGUPOKWU, V

GOVERNMENT EXHIBIT E

**EXHIBIT G**

 **GOVERNMENT OF THE DISTRICT OF COLUMBIA** 
**DISTRICT OF COLUMBIA BOARD OF PAROLE**
**300 INDIANA AVENUE N.W., SUITE 2100**
**WASHINGTON, DC 20001**
**(202) 727-0074**

# CERTIFICATE OF PAROLE

### ADULT SENTENCE
### Adult Parole Certificate #20057-97

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that **ROCKINGHAM, Michael, DCDC# 180-906,** is eligible to be PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will remain at liberty without violating the law and that the release of the individual to supervision is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-named be PAROLED on **October 9, 1997,** and that said person remain under supervision within the limits of the Washington Metropolitan Area (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia) until **January 4, 2021**; unless or until other action is taken by the District of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide by and comply with all of the conditions of parole as shown on the reverse side of this CERTIFICATE.

Pursuant to the BOARD ORDER issued on **July 3, 1997.**

The above-named was released on the

_____ day of _____,19_____.

_____
Administrator

*Margaret Quick*

_____
Chairperson
on behalf of the Board of Parole



### STATEMENT OF THE CONDITIONS UNDER WHICH YOUR PAROLE IS GRANTED

1.  I will report immediately upon my release to 300 Indiana Avenue Northwest, Parole Officer Baker, Room 2031 for my final instructions.

2.  I will not go outside the parole limits fixed in the Certificate of Parole without first obtaining the approval of my Parole Officer.

3.  I will not visit or frequent any illegal establishments including places where alcoholic beverages are unlawfully sold, dispensed or used.

4.  I will not illegally possess, use, sell or purchase any narcotic drug, controlled dangerous substance or related paraphernalia. Nor will I frequent or visit places where any narcotic drug, controlled substance or related paraphernalia is illegally sold, dispensed, used or given away.

5.  I will not own, possess, use sell or have under my control any deadly weapon or firearms.

6.  I will make diligent efforts to find and maintain legitimate employment and will support myself and legal dependents to the best of my ability.

7.  I will keep my Parole Officer informed at all times as to where I reside and work; and, in the event that I lose my employment or change my place of residence, I will immediately notify my Parole Officer.

8.  I will not enter into any agreement to act as an informer or special agent for any law enforcement agency.

9.  I will obey all laws and will personally report to my Parole Officer, at my earliest opportunity, any arrest or other involvement with law enforcement authorities.

10. I will cooperate fully with the Board and those responsible for my supervision. I will carry out the instructions of my Parole Officer and report as directed, knowing that failure to do so may, at the discretion of the Board of Parole, be sufficient to cause my return to the institution.

**SPECIAL CONDITIONS: INPATIENT DRUG PROGRAM [HIDTA] and NARCOTICS SURVEILLANCE**

I have read or had read to me the conditions of my release and understand that my failure to comply with any one of them may be considered a violation of my release for which I am subject to be returned as a violator.

I hereby agree to abide by and comply with all of the conditions of parole as stated above.


_____        _____        _____
Signature of Parolee                D.C.D.C.                Date


_____        _____        _____
Signature of Witness                Title                  Date

**EXHIBIT H**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
# PROBATION & PRETRIAL SERVICES OFFICE

**PROBATION OFFICES**

250 W. PRATT STREET
SUITE 400
BALTIMORE, MD 21201
410-962-4740

9200 EDMONSTON ROAD
SUITE 200
GREENBELT, MD 20770
301-344-0510

**WILLIAM F. HENRY**
**CHIEF**

November 30, 2003

**PRETRIAL OFFICES**

101 W. LOMBARD STREET
SUITE 1625
BALTIMORE, MD 21201
410-962-4820

6500 CHERRYWOOD LANE
SUITE 180
GREENBELT, MD 20770
301-344-0375

Ms. Mary Jo Williams, Regional Analyst
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, MD 20815

           **Re:**   **ROCKINGHAM, Michael**
                    **Register No.:**
                    **DCDC 180-906**
                    **NEW OFFENSE CONDUCT-Violation Report-Hearing Requested**

Dear Ms. Williams:

Reference is made to the above-mentioned offender who is currently under parole supervision in this office. The term of parole supervision is from June 19, 1992, to April 28, 2018. This notice is to advise the Commission on events pertaining to this offender's case.

The offender was released on parole and is being supervised in the District of Maryland. Mr. Rockingham's compliance with the conditions of release has been unacceptable, as he was recently charged with traffic violations and assault conduct. He reported the recent traffic citations to his Electronic Monitoring Specialist Probation Officer. However, it is unclear if he reported the assault charge and the previous traffic citations.

Previously, Mr. Rockingham had positive urinalysis results which were reported to the Commission back in May 2003. At that time, Mr. Rockingham submitted a positive urine for Morphine. In addition, he failed to attend a few counseling sessions with the Family Health Treatment Center.

As a result of his noncompliance, we requested a graduated sanction in his case. We placed him on home confinement with electronic monitoring for a period of 120 days. This sanction was granted by the Commission. He was installed on that program on July 26, 2003.

We also required Mr. Rockingham to participate in anger management counseling sessions with the Family Health Center Program. It has come to this writer's attention, during a recent record check, that the offender incurred new offenses. This writer contacted the offender and inquired about the charges. He was directed to provide documentation pertaining to the June 19, 2003 traffic offenses. In addition he was questioned about the assault charge. He was clearly instructed to provide documentation related to that offense.

*REPLY TO:*
**U.S. Probation Office, 9200 Edmonston Road, Suite 200, Greenbelt, MD 20770 Tel:(301) 344-3831 Fax:(301) 3**

GOVERNMENT
EXHIBIT
H



ROCKINGHAM, Michael
Register No.:
DCDC 180-906
NEW OFFENSE CONDUCT-Violation Report-Hearing Requested

The cases are pending at this time. We are in the process of obtaining the offense narrative specifically related to the assault charge. We have attached copies of the traffic citations he received in June 2003.

We maintain that the offender has violated the following conditions of his parole:

**Condition 9: I will obey all laws and will personally report to my Parole Officer, at my earliest opportunity, any arrest or other involvement with law enforcement authorities.**

We have information indicating the offender was arrested and cited on June 19, 2003 and charged with Failure to Attach Plates at the Front and Rear of Vehicle, and Reckless Driving. This information is listed in Citation #'s CC75675, and CC75674. The offender was given a ticket/fines in the amounts of $30 and $110, respectively. This offense occurred on the southbound ramp at Routes 495 and 295. The Citations list the offender's home residence as 3339 Ames Street, NE, Washington, D.C. 20019, when in fact the offender's approved place of residence is 908 Palmer Road, Apt. 12, Fort Washington, Maryland 20744.

The offender was further charged with three counts of Assault, and one count of Theft on June 29, 2003. We have not determined if this offense stemmed from the above citation/ infractions. The case is docketed in the Prince George's County District Court under Criminal Case # CR0E00212702. On August 1, 2003, the case went to trial. A Jury Trial was prayed. The case has now been forwarded to Circuit Court and is docketed under Criminal Case # CA2630J-2003. When the offender was questioned pertaining to this charge, he indicated he was not aware he had been charged with Assault. We find this interesting as he would have been required to appear during the trial held on August 1, 2003. He stated he had an altercation with a "man and a child" and that he "brushed against the child" at the time of the altercation.

We are attempting to retrieve a copy of the offense report related to this matter. It is unclear if this offense was reported to the Electronic Monitoring Specialist Probation Officer.

Additionally, it has recently come to this writer's attention that the offender was yet again cited on September 4, 2003. It is noted that the offender was charged with Operating After Suspended (DC), and No Commercial Vehicles, Citations' P131722 and P131721, respectively. This citation is a violation report completed by the United States Park Police and is filed in the United States District Court, Hyattsvile, Maryland. The offender brought these citation notices to the office on November 26, 2003, following this writer's directive to provide documentation about the Assault charge. This offense conduct is yet further evidence of the offender's failure to be law abiding, and to report offense conduct as required by his conditions of parole.



**ROCKINGHAM, Michael**
**Register No.:**
**DCDC 180-906**
**NEW OFFENSE CONDUCT-Violation Report-Hearing Requested**

At this time, we are requesting that a violation hearing proceed in this case. Should you have any questions pertaining to this correspondence, please do not hesitate to contact the undersigned. We will retrieve additional offense narrative information and forward same to the Parole Commission.

Sincerely,

Michelle A. Merrett
U.S. Probation Officer

cc: attachments

**EXHIBIT I**

# HEARING SUMMARY

**Name: Rockingham, Micha**                                          **Reg No: 26320-145**

## Hearing Parameters

Hearing Type ................................: **Revocation (Local)**

Hearing Date ................................: 3/1/04

Examiner.......................................: Kenneth Walker

Institution......................................: D.C.-Correctional Treatment Facility

Second Designation .....................: N/A

## Sentence Parameters

Sentence Type...............................: **DC Parole Eligible**

MR/Statutory Release Date..........: 11/17/2019

Full Term Date.............................: 11/17/2027

Months in Custody.......................: 2 as of 3/9/04

Detainer........................................: None indicated

## Warrant Parameters

Supervision ..................................: **Parole**

Revoking District & Office..........: District of Maryland (Greenbelt)

Warrant Execution Date...............: 1/9/04

Probable Cause Date....................: 1/16/04

**Additional text regarding the above parameters:** No Pre-review was completed in this case. However, there was an Expedited Revocation Prehearing but this did not provide any details concerning the parole violations.

---

**Prior Action:** Please refer to an Expedited Revocation Prehearing Assessment dated 2/9/04.

**Counsel:** PDS Olinda Moyd
633 Indiana Avenue, NW
Washington, DC 20004
(202) 628-1200

**Witnesses:** USPO Michelle Merrett

Walter Alexander (subpoenaed witness)

Leonard Anderson (subpoenaed witness)

Timothy Hahn (subpoenaed witness): Failed to Appear



GOVERNMENT EXHIBIT I



**Procedural Considerations:** Counsel indicated that although there were no procedural consideration concerning the hearing itself she did have an issue about the subject's SFS. She related that the Expedited Prehearing Assessment provided the subject with a SFS of a 4 and she believes that the SFS should be a 5. Counsel realized that this would not modify the SFS risk category. The issue that she had concerning the SFS was the fact that the subject was charged with four prior commitments and she thought that there were only three prior commitments. After discussing this with counsel and Mr. Rockingham it was determined that the subject does have four prior commitments therefore the SFS as reflected in the Expedited Prehearing Assessment will remain the same.

**Charges:**

**Charge No. 1. - Use of Dangerous and Habit Forming Drugs**
**Evidence Presented:** The subject admitted the above charge. Counsel reflected that in reviewing the records concerning this, the subject had been sanctioned for this particular violation and was placed in a Home Confinement Program that he successfully completed for 4 months. She relates that should the subject had not been charged with Charges 2, 3 and 4 on the warrant application than this charge would not been an issue in this hearing.

USPO Merrett reported that when the subject's urine result was returned positive she did request by letter dated 5/15/03 that graduated sanction be allowed in order to address this particular violation. She noted that the subject did complete not only the Home Confinement Program that was for 4 months but also he completed an Anger Management Counseling group.

Attorney Moyd noted that the records reflect that throughout the time that Mr. Rockingham has been on supervision noting this that occurred in 1997 there has been only one positive urine result in approximately 6 years and that she believes the Commission should not hold her client accountable for this particular violation since this has been addressed and sanctioned by the US Probation Office as reflected by USPO Merrett this morning.
**Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.
**Basis:** Your admission, testimony of USPO Merrett and violation report dated 5/15/03.

**Charge No. 2 - Law Violation - (A) Failure to Attach Plates at the Front and Rear, (B) Reckless Driving.**
**Evidence Presented:** The subject denied the above charges with explanation. The subject indicated that he did have the tags on the window that is for the front and the rear noting that the tags were on the inside of the vehicles windows. He indicated that this is a new procedure that the Motor Vehicle Administration passed in regard to new tags and at the time that he was stopped he admitted that he didn't have his registration card.

Attorney Moyd indicated that the subject was given these citations as a result of a fender bender noting that her client was not charged with speeding and the car in front of him suddenly put on brakes Rockingham's car hit the fender at which time the officer gave her client citations for the two charges.
**Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.
**Basis:** Citations in the amounts of $30 and $110 on 6/19/03 by the Maryland State Police.

**Charge No. 3 - Law Violation  - (A) Assault in the Second Degree (three counts), (B) Theft, (C) Failure to Report Arrest.**

**Violation Behavior:**  On 6/29/03 the subject attempted to walk out of the B.J.'s Wholesale Club located at 16520 Ball Park Road, Bowie, MD with inkjet cartridges that he had not purchased. The cartridges were valued at approximately $474 and when law enforcement officer and store manager attempted to stop the subject from fleeing the store he struck both of them with his closed fist.  A witness that attempted to assist the loss prevention officer and store manager was also struck by the subject's closed fist. The subject was detained after a lengthy struggle and was placed under arrest by the Prince George's County Police Department. The subject failed to notify his USPO of this arrest. Information contained in violation reports dated 11/30/03 and 12/16/03 from USPO Michelle Merrett and Prince George's County Police Department offense report.

**Evidence Presented:**  The subject denied the above charge.  He indicated that he has a court appointment on 3/8/04 in the Circuit Court and is scheduled for a jury trial. He indicated that he entered the store but at no time did he attempt to steal the items as reflected on the warrant application.  He advised that he had no reason to steal items because he was working, making a good salary and if he wanted to steal items he has every opportunity to do so. He explained that working for various carriers in regard to delivering items he has the opportunity to steal thousands of dollars worth of merchandise if that was what he wanted to do. He had no basis to steal the items as the officials have indicated. He indicated that at no time did he assault anyone and that he was the one who was assaulted by the officials at the store as well as the police. In regard to the failure to report arrest that he did not advise his USPO about this arrest as well as the arrest that occurred concerning Charge 2 but he was not aware that he was required to do so.

Attorney Moyd indicated that the conditions of parole were never signed by Mr. Rockingham and based on this particular violation in regard to failure to report arrest should not be held against her client.

USPO Merrett testified that she was not the initial supervising officer in this case noting that it was USPO Suzzer and she began supervising the case in November 2003. She noted that she herself discussed all of the conditions with Mr. Rockingham and that she is assured that this particular condition was discussed along with the various other conditions of parole. Merrett noted that at the time that Mr. Rockingham incurred this violation (Charge No. 3 as well as Charge No. 2) he was still being supervised the Home Confinement USPO Ms. Backer and she indicates that Mr. Rockingham discussed Charge No. 2 with Ms. Backer but did not discuss Charge No. 3 with her or herself. She noted that she is the officer who actually has supervision of the case but when a person is in home confinement status that the USPO that's in charge of that particular program is the individual that is monitoring his activities while in the program, nonetheless she is to be advised of any violations. Merrett indicated that she did not speak to any of the officials that were involved in the alleged incident concerning the assault or the theft.

Subpoenaed witness Walter Alexander testified that at the time of this incident he was on duty noting that he was working as the Lost Prevention Officer at the B.J.s Wholesale Club. He indicated that he had received a radio call about the subject and another individual who was never apprehended appeared to be acting suspiciously as though they may be attempting to steal some products. He indicated that he had observed the subject open up some ink cartridges and when he approached the subject he was kind of pushed and attempted to flee from the store. He indicated that he took pursuit and eventually he had received assistance from other store employee Mr. Anderson who he indicated was the store manager in addition there was a person in the store that was a retired police officer who also provided assistance in apprehending the subject. He described that when initially the subject requested that he return to the lounge area in order to address the concern that the subject was attempting to steal. He noted that at this time the subject attempted to run at



which time he grabbed him but was unable to hold him at which time he then took pursuit and the subject was shortly thereafter stopped and apprehended. He noted that at the time that Mr. Rockingham was attempt to be apprehended he continued to struggle and the various cartridges were found on his person. He related that probably someone in the store had notified the police about the incident and as result approximately 8 officers appeared at the scene to provide assistance in the arrest.

Also cross-examined Mr. Alexander and inquired as to how crowded the store was on this particular day and Mr. Alexander replied that the store was rather crowded. Inquired as to who first notified him about the possible theft and he replied that he received a call on the walkie-talkie about a theft from Mr. Anderson who he indicated was the store manager. Counsel inquired as to if he noticed of him placing any items in his pocket and replied yes and she further inquired if Mr. Rockingham had a shopping cart with it on him this particular date and he responded yes he did. Also further inquired how Mr. Rockingham was opening up the packages of the cartridges and he indicated he was opening it up with a pocketknife. She inquired if the pocketknife was ever recovered and responded that he didn't know. He did indicate that the cartridges were recovered from inside his pants. At this point counsel inquired if he could remember the type of clothing that Mr. Rockingham had on that particular day and he indicated that could not recall. Counsel inquired at the time Mr. Anderson first attempted to grab Mr. Rockingham did he tear off his shirt and he responded that a portion of the shirt was ripped. Counsel inquired as to once Mr. Rockingham pulled away and began to run how long was it before he was apprehended and he indicated that he could not recall the exact amount of time but he fled from near the rear of the store to close to the front of the store before being apprehended. Counsel further inquired from Mr. Alexander if off duty police officer provided assistance in apprehending the subject and he reported that yes it was a police officer but he could not recall the officer's name. Counsel inquired if it was retired Police Officer Hahn and he responded yes he believed that was his name. Counsel further inquired did he or anyone else receive any injuries and he responded no he did not receive injuries and he was not aware of anyone else receiving injuries either. He further inquired if Mr. Rockingham was bleeding and she indicated that he was. She further inquired if there are any security tapes of the incident and he responded that tapes are made but he did not review these tapes because he would have to go through a significant amount of reviewing in order to get to the part, which captures the incident.

Subpoena witness Leonard Anderson described himself as a maintenance worker at the store. He indicated that Mr. Alexander had called him on the walkie-talkie about someone in the process of stealing and at the time he received the call he was in the warehouse. He indicated that it took him several seconds to leave the warehouse to come to the area in which the incident was taking place and by the time he got there Mr. Rockingham was on the floor and was being duded by a number of police. Mr. Anderson was inquired as to whether the subject was resisting an arrest by the police or by any other officials at the time of this incident and he indicated no he did not see Mr. Rockingham presenting any resistance to the officials. He indicated that in his opinion he thought the officials were being too aggressive in regard to the apprehension of Mr. Rockingham only because Mr. Rockingham's physical statute (5 ft. 5 or 5 ft. 6) but because there were so many people that were involved in apprehending him. He reported that he did not see Mr. Rockingham attempting to punch anyone at anytime and that Mr. Rockingham was the one who was bleeding. He's not sure where the blood was coming from but he believed that Mr. Rockingham had received a cut to his lip.

Counsel cross-examined witness Anderson and inquired as to how long he had been working at the Wholesale Club and he indicated that he has been working there for approximately 2 ½ years. Counsel inquired at the time that Mr. Anderson noticed Mr. Rockingham did he have a shirt on and he indicated no he did not have a shirt on and it appeared that he was wearing some type pants (spindles). Counsel inquired that at the time Mr. Anderson first noticed Mr. Rockingham on the floor was there a shopping cart near him



and he indicated that he believed that there was a shopping cart but was no sure as to who the cart belonged to. Counsel further inquired as to how many people were involved in apprehending Mr. Rockingham and he indicated that there appeared to be at least two off duty officers, initially as well as Ms. Merrett and by the time he arrived Mr. Rockingham had already been subdued. Counsel made further inquiry about where did the incident initially occur and he responded that it was in back of the store and he did observe Mr. Rockingham running but it was no more than 10 to 15 feet before he was apprehended. Counsel further inquired if the store maintains a security tape and he responded yes it did but he did not review the tape.

Counsel provided a statement (Item-1 from a Mr. Hahn) whom she requested as an adverse witness but which I reflected on the probable cause sheet whether or not this witness was denied or approved. She indicates that her investigator received a statement from Mr. Hahn and she read the statement in the record. She noted that in Mr. Hahn's statement Mr. Hahn did observe the subject running down the aisle and he had provided some assistance in apprehending Mr. Rockingham and during the course of Mr. Rockingham's running he ran into a young girl but it doesn't appear that this girl received any injuries. He indicates that at no time did he indicate that Mr. Rockingham threw any punches at him or he observed Mr. Rockingham throw any punches at any other individuals.

She indicates that the statements that Mr. Hahn has made as well as the witness Anderson are quite contradictory to the statement that Mr. Alexander made. Moreover, counsel points out that the report was written by the Maryland Police who did not observe the incident and testimony that Mr. Anderson as well as what Mr. Hahn has reflected that Mr. Rockingham did not throw any punches as is reflected in the police report. She indicates that Mr. Anderson has indicated that the subject basically didn't have any chance to resist. Moreover, she does not believe that there is sufficient evidence to support a finding for theft because the subject was never given the opportunity to pay for the items.
**Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above Charge 3 (B) Theft, Charge (C) Failure to Report Arrest.
**Basis:** Testimony of witnesses Walter Alexander and Leonard Anderson and statement by Timothy Hahn.

This examiner makes no finding concerning the above charge (Charge No. 3 (A) Assault in the Second Degree.
**Basis:** There is insufficient evidence to make a finding in the above charge.

### Charge No. 4 - Law Violation - (A) Operating After Suspended, (B) No Commercial Vehicles.
**Violation Behavior:** On 9/4/03, the subject was cited by the US Park Police in the above-cited offense while operating a vehicle on the Baltimore Washington Parkway. Information contained in the violation report dated 11/30/03 from USPO Michelle Merrett and US District Court violation notices. The subject was required to appear in US District Court for the District of Maryland for these violations.
**Evidence Presented:** The subject denied the above charge. Counsel indicated that her client never received any notifications from the Department of Motor Vehicle that his licenses had been suspended.

Mr. Rockingham indicated that because of his employment he drives a commercial vehicle and a number of times he has driven on the Baltimore Washington Parkway making deliveries but had not previously been stopped. He indicated that he was unaware that no commercial vehicles were allowed on the parkway.

USPO Merrett reported that the subject did advise his USPO Ms. Baxter who is in charged of Electronic Monitoring Program about this incident. He indicated that there are a number of signs on the parkway reflecting that no commercial vehicles are allowed.

Mr. Rockingham indicated that if he was aware of that his license were suspended he would not have been driving the vehicle noting that it would have caused both problems. If he was driving on a suspended license and had been involved in an accident. He indicated that in regard to the alleged weapon (knife) that he had used in regard to Charge No. 3 to open the merchandise this was never recovered or even mentioned in the police report. He indicates that his job will probably still be available if he is allowed to return to the community in the near future. He further noted that at no time did he attempt to assault anyone or was he even attempting to steal noting that he had been working for a number of years on a very stable basis, which can be verified by his USPO Merrett.

USPO Merrett indicated that she has no problem if the Commission allows the subject to be returned to the community noting that up until the first incident for the use of drugs in March of 2003 and subsequent violations for Charges 2, 3 and 4 occurred within less than a 3 month span that she believes that further supervision in the community would be more viable as to further custody in this case. She indicated that she confirmed the subject's employment on a number of occasions, he had obtained his own residence, he was reporting as required and appeared to be making a great deal of progress up until these recent incident. She is concerned that the subject's violations began to escalate beginning in June particularly with the Charge No. 3 for the Alleged Assault as well as Theft but she believes that if she could continue to work with the subject and hope to make some modifications in his adjustment over the last several months. She reiterated that she would have no problems if the Commission allowed the subject to remain in the community noting that there appear to be a great deal of positive adjustment until the last several months.

Counsel indicates that she does not believe that there is sufficient evidence to support a finding for the assault concerning Charge No. 3 nor the theft and that Charges 2 and 3 are ? in regard to Charge No. 1. Mr. Rockingham had been previously sanctioned by completing a 4 month Home Confinement Program and completing an Anger Management Course. She further noted that he has continued support in the community with his mother and the mother of his daughter. She noted that the subject has been paying child support to his daughter who is a junior attending North Carolina Central University and that she has these witnesses to make statements concerning the subject's overall adjustment since he has been on parole.

Voluntary witness (mother) indicated that throughout the time that her son has been on parole she believes that he has been working too much, explaining that sometimes he works up until 6, 7, 8 and 9 o'clock in the evening and the next morning returns back to work. She indicates that he did not allow enough time to be involved in any social activities. She reported that she had been quite pleased about her son's overall adjustment while he's been on parole and hoped that he would be given the opportunity to return to the community.

Voluntary witness Adrian Young testified that the she is the mother of the subject's daughter. She confirmed that the subject's daughter is a junior attending the University at North Carolina Central and Mr. Rockingham has been providing support for her attendance at the school. She indicated that he has been very responsive in providing assistance to his daughter.

**Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.

**Basis:** Citations issued by US Park Police on 9/4/03 and your partial admission that you were driving unknowingly a commercial vehicle on the parkway and operating a vehicle after suspension.

**Discipline:** None.

**Rockingham, Micha, Reg. No. 26320-145**                     **Page 6 of 8**



**Release Plans:** The subject reports that upon his release he would reside on temporary basis with his mother until he is able to maintain employment at his mother's residence until he establishes his own residence. He anticipates returning to work with the Air Borne Transportation Company.

## Guideline Parameters

**Severity Justification:** Category One because it involved Theft of less than $2000; Administrative Violations; Reckless Driving; Operating after Suspension; and no Commercial Vehicles.
**Salient Factor Score:** 4.

**Re-parole Guideline Range:**................ 8-12

**Evaluation:** Based on the testimony of the adverse witnesses specifically Walter Alexander, and Leonard Anderson, who testimonies were quite different the examiner does not believe that there is sufficient evidence to support an assault, which would have been a Category Two severity rating. Moreover, there is a statement that was submitted by Timothy Hahn who appears to be a retired police officer who provided assistances in this arrest does not reflect that subject threw any punches at the alleged victims. The examiner believes that there is sufficient evidence to support that the subject was involved in a theft noting that at the time that he was apprehended the various cartridges were found inside of his pants in addition taking into consideration that the subject attempted to flee which gives further credence that he was in the process of committing an illegal act. The examiner is concerned that the fact appears during the course of the subject's attempt to flee he did run into a young girl but based on the information available it doesn't appear that the young girl received any injuries. In addition it is not clear as to who the three victims were suppose to be in this case I realize that two of the victims were suppose to be Mr. Alexander and the other Mr. Anderson who both worked at the B.J Club at the time of this incident. As previously noted Mr. Anderson gave conflicting as to the assault. Also, it should be noted that even Mr. Anderson had indicated that subject somewhat pushed him slightly on the shoulder before he attempted to flee but did not indicate that he threw any punches during the course of confrontation. The statement that Mr. Hahn made indicated that the subject did attempt to fight his way pass him but not specific as to after the subject attempted push pass him or push him or hit him. It appears that this case is still pending in court and based on the information that was provided at today's hearing the subject is scheduled to appear in court the next week.

In reviewing the subject's overall adjustment, as previously indicated it appears that the subject's adjustment until 2003 for approximately 5+ years his adjustment was good until this recent incident with the most serious charges occurring June 2003. The subject will lose credit for all street time which now will give the subject a full term date to 11/17/2027 which will allow a significant amount to continue to monitor his adjustment in the community. USPO Merrett has indicated that she is willing to continue to work with the subject and the examiner is recommending that the subject be considered for parole in the next several months. Based on the examiner's finding that the most severe charge in this case is a Category One severity for Theft of less than $2000 and Administrative as well as Traffic Violations this would give the subject guidelines of 8-12 months. The examiner is recommending that the subject be considered for parole after the service of 5 months with the special condition that he reside in a Home Confinement Program for a period of 4 months and be allowed to work, report for drug treatment and report to his USPO. With the loss of 6 years of street credit it is believed that this will hold him accountable for his overall conduct. The subject has a history of armed robbery noting that his last armed robbery conviction was in 1982, which was probably 22 years from today's hearing. The inmate is currently 47 years of age perhaps the risk factor has somewhat diminished.



**Recommendation:** Revoke parole. None of the time spent on parole shall be credited.   Parole Effective 5/9/04 after the service of 5 months.

**Conditions:** Home Confinement – 4 month; Drug Aftercare.

**Statutory Interim Hearing:** N/A.

**Guideline Use:** A decision below the guidelines is warranted because you have been on parole for 65 months before incurring your first parole violation. As a result you were placed in Home Confinement Program for 4 months which you successfully completed which gives the indication that you are a less serious risk than reflected by your SFS.

**Additional Text:** Voluntary witness Kenny Baldwin (friend) testified that he has known Mr. Rockingham for over 30 years and Mr. Rockingham was the individual that referred him for employment with the Air Borne Express noting that he is now currently a manager. He indicated that Mr. Rockingham was a good mentor noting that Mr. Rockingham established reliable work habits and that once he is returned to the community he would be welcomed back to the company.

**Executive Reviewer's Comments:**

KXW/PAH
March 6, 2004

**EXHIBIT J**

U.S. Department of Justice                                    **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

---

Name: ROCKINGHAM, Micha                         Institution:  D.C. CCM/C.T.F.
Register Number:  26320-145
DCDC No:  180-906                               Date:        March 17, 2004

---

In the case of the above-named, the following parole action was ordered:

### D.C. Local Revocation

Revoke parole. None of the time spent on parole shall be credited. Re-parole effective May 9, 2004 after the service of 5 months.

NOTE:  Pursuant to 28 C.F.R. §2.82, your parole effective date is contingent upon approval of your release plan by the Commission. Your release plan will be investigated by the D.C. Court Services and Offender Supervision Agency (CSOSA), which will submit a report to the Commission before a parole certificate can be delivered.

In addition, you shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your U.S. Probation Officer in a program (inpatient or outpatient) approved by the U.S. Parole Commission for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

In addition, you shall participate in the Home Confinement Program for a period of 120 days. During this time you will remain at your place of residence except for employment and other activities approved in advance by your Probation Officer. You will maintain a telephone at your place of residence without "call forwarding," "call waiting," "call back/call block," a modem or a portable cordless telephone for the above period. You will wear an electronic monitoring device and follow electronic monitoring procedures specified by your Probation Officer.

### FINDINGS OF FACT:

The Commission finds as a fact that you violated conditions of release as charged as indicated below:

Charge No. 1 - Use of Dangerous and Habit Forming Drugs.

Basis:  Your admission to the examiner, testimony of USPO Merret and the violation report dated 05-15-2003.

Charge No. 2 - Law Violations:  (a) Failure to Attach Plates at the Front and Rear; (b) Reckless Driving.

Basis:  Citations in the amounts of $30 and $110 on 06-19-2003 by the Maryland State Police.

Charge No. 3 - Law Violations:  (b) Theft; (c) Failure to Report Arrest.

Basis:  Testimony of witnesses Walter Alexander and Leonard Anderson and statement by Timothy Hahn.

---

ROCKINGHAM 26320-145                         -1-                    Clerk:  M
Queued: 03-17-2004 12:02:53 BOP-D.C. CCM | USPO-District of Maryland, Greenbelt | USM-District of Co

 GOVERNMENT EXHIBIT J

Charge No. 4 - Law Violations:  (a) Operating After Suspended; (b) No Commercial Vehicles.

Basis:  Citations issued by the U.S. Park Police on 09-04-2003 and your partial admission to the examiner.

The Commission makes no findings concerning the following charges:

Charge No. 3 - Law Violation:  (a) Assault in the Second Degree (3 counts).

**REASONS**:

Your parole violation behavior has been rated as criminal conduct of Category One severity because it involved Theft of less than $2,000, Reckless Driving, Operating After Suspension and administrative violations.  Your salient factor score is 4.  See the attached sheet for an explanation of your individual Salient Factor Score items.  The table at the bottom presents the points for Salient Factor Score Item C.  As of your hearing date of 03-01-2004, you have been in confinement as a result of your violation behavior for a total of 2 month(s).  Guidelines established by the Commission indicate a customary range of 8-12 months to be served before release.  After review of all relevant factors and information, a decision below the guidelines is warranted because the following circumstances are present.  You have been on parole for 65 months before incurring your first parole violation.  As a result you were placed in Home Confinement Program for 4 months which you successfully completed which gives the indication that you are a less serious risk than reflected by your Salient Factor Score.

The above decision is not appealable.

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.

cc:     U.S. Marshals Service
        District of Columbia - District Court
        333 Constitution Avenue, N.W.
        Room 1400
        Washington, D.C.  20001
        Attn:  Karen Brown

        U.S. Probation Office
        District of Maryland
        9200 Edmonston Road
        Suite 200
        Greenbelt, MD  20770

Olinda Moyd
Public Defender Service
District of Columbia
Special Proceedings Division
633 Indiana Avenue, N.W.
Washington, D.C. 20004

Sharon Barnes-Durbin, SCSA
CSS Data Management Group
D.C. Court Services & Offender Supervision Agency
300 Indiana Avenue, N.W., Suite 2149
Washington, D.C. 20001

Case Manager Coordinator,
D.C. CCM
Federal Bureau of Prisons
800 N. Capitol Street, N.W.
Suite 270
Washington, D.C. 20002



## SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 0 | **A** - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | **B** - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 2 | **C** - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 1 | **D** - Recent commitment free period (three years) No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | **E** - Probation/parole/confinement/escape status violator this time Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 1 | **F** - Older offenders If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 4 | **Salient Factor Score (SFS-98)** (sum of points for A-F above) |



| Points For SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

**EXHIBIT K**

GSPC          ● 5/4/2004    9:03    PAGE 1/4● Fax Server



# Memorandum

| Subject | Date |
|---|---|
| **PAROLE CERTIFICATE**<br>**Rockingham, Michael**<br>**Reg. No. 26320-145**<br>**DCDC No. 180-906** | April 30, 2004 |

| To | From |
|---|---|
| Case Manager<br>Rivers Correctional Institution<br>P.O. Box 840<br>Winton, NC 27986 | Joann L. Kelley<br>Case Analyst<br>U.S. Parole Commission |

Attached is the Parole Certificate for the above-named. Please execute the Certificate, make a copy for the inmate, a copy for your file, and return the executed original to the Commission at the following address:

> 5550 Friendship Boulevard
> Suite 420
> Chevy Chase, MD 20815-7286

If you have any questions, please contact this office at (301) 492-5821. Thank you for your continued cooperation.

Attachment

cc:    Sharon Barnes-Durbin, SCSA
       CSS Data Management Group
       D.C. Court Services & Offender
         Supervision Agency
       300 Indiana Avenue, N.W., Suite 2149
       Washington, D.C. 20001

JLK/DEJ

MAY 2 5 2004



USPC                    5/4/2004    9:03    PAGE 2/4    Fax Server

**U.S. Department of Justice**
**United States Parole Commission**

**CERTIFICATE OF PAROLE**
**District of Columbia Offender**

Having determined that (1) Rockingham, Michael, Register No. 26320-145, (DCDC No. 180-906) (the "inmate") is eligible for parole; (2) there is a reasonable probability that the inmate will live and remain at liberty without violating the law; and (3) the inmate's release is not incompatible with the welfare of society, the United States Parole Commission (the "Commission") ORDERS that the inmate be paroled on May 9, 2004 and remain under parole supervision through July 13, 2028. The conditions listed in this certificate apply during the inmate's parole supervision.

Given under the hand and the seal of the Commission on April 30, 2004.

UNITED STATES PAROLE COMMISSION

*Jo-ann L Kelley*

By: Joann L. Kelley, Case Analyst

Docket/Case Number: F2434-82, 2415-82
Initial Risk Category: SFS - 4

**Acknowledgement of Release Conditions**
I have read, or had read to me, the conditions that are listed on this CERTIFICATE OF PAROLE. I have received a copy of this CERTIFICATE OF PAROLE. I fully understand the conditions that have been imposed upon me and know that if I violate any of those conditions I may be sent back to prison.

**Consent to the Disclosure of Drug/Alcohol Treatment Information**
By signing this CERTIFICATE OF PAROLE, I consent to unrestricted communication between any facility administering a drug or alcohol treatment program in which I am or will be participating, on the one hand, and the Commission and the office responsible for supervising me, on the other hand. I consent to disclosure by such facility to the Commission and the office responsible for supervising me of any information requested related to my supervision, and the disclosure by the Commission and the office supervising me to any agency that requires such information for the performance of an official duty. This consent is irrevocable until the end of parole supervision.

_____          180906
              Name                           DCDC No.

Witnessed: _T. Copeland CSW_____
              Name and Title                 Date

The above-named inmate was released on the 7 day of May , 20 04 with a total of 8833 days remaining to be served.

2 days Public Law          _L. L. Alexander_
                           Official Certifying Release

This CERTIFICATE OF PAROLE becomes effective on the day of release set forth above, after you sign this certificate. If you fail to comply with any of the conditions, you may be summoned to a hearing, or retaken on a warrant and reimprisoned pending a hearing, to determine if your parole should be revoked.

## GENERAL CONDITIONS

1.  A.  You must go directly to Washington, D.C. and appear in person at the Intake Office of the Court Services and Offender Supervision Agency for the District of Columbia (CSOSA), 300 Indiana Avenue, N.W., Washington, D.C. 20001. If you are unable to appear in person at that office within three days of release, you must appear in person at the United States Probation Office nearest to you and follow the instructions of the duty officer.

    B.  If you are not released to the community after your parole, you must follow the instructions in 1.A above when you are released to the community.

2.  You must not leave the Washington, D.C. metropolitan area without the written permission of the officer supervising you. The Washington, D.C. metropolitan area consists of the District of Columbia, Prince Georges and Montgomery Counties in Maryland, Arlington and Fairfax Counties in Virginia, and the Cities of Alexandria, Fairfax, and Falls Church in Virginia. For the purpose of applying all conditions of release, "the officer supervising you" includes any supervision officer assisting, substituting for, or acting on behalf of the officer assigned to your supervision.

3.  You must, between the first and third day of each month, make a written report to the officer supervising you. In addition, you must meet with the officer supervising you at such times and in such a manner as that officer directs, and provide such information as that officer requests. All information that you provide to the officer supervising you must be complete and truthful.

4.  You must notify the officer supervising you within two days of (A) an arrest or questioning by a law-enforcement officer, (B) a change in your residence, or (C) a change in your employment.

5.  You must permit the officer supervising you to visit your place of residence and your place of business or employment.

6.  You must permit the officer supervising you to confiscate any material that officer believes may be contraband and that is in plain view in your possession, including in your residence, place of business or employment, and vehicle.

7.  You must submit to a drug or alcohol test whenever ordered to do so by the officer supervising you.

8.  You must not violate any law and must not associate with someone else who is violating any law.

9.  You must not possess a dangerous weapon, which includes ammunition.

10. You must not drink alcohol to excess and must not illegally use or possess a controlled substance. You must not frequent a place where you know a controlled substance is illegally used or distributed.

11. You must not associate with a person who has a criminal record without permission from the officer supervising you.

12. You must not enter into an agreement to act as an informant or undercover agent for a law-enforcement agency without permission from the Commission.

13. You must make a diligent effort to work regularly, unless excused by the officer supervising you, and to support any legal dependent.

14. You must make a diligent effort to satisfy any fine, restitution order, court costs or assessment, or child-support or alimony payment to which you are subject. You must provide financial information relevant to the payment of such a financial obligation that is requested by the officer supervising you. If you are unable to pay such a financial obligation in one sum, you must cooperate with the officer supervising you to establish an installment-payment schedule.

15. If you are being paroled from a sentence imposed following conviction of a domestic-violence crime, and that conviction is your first conviction for such a crime, you must, as directed by the officer supervising you, attend an approved offender-rehabilitation program if such a program is readily available within a 50-mile radius of your residence.

16. If you are required by law to report and register as a sex-offender, you must comply with that law.

17. You must provide a DNA sample if the officer supervising you determines that collection of such sample is required by law.

18. You must participate in an Employment Readiness Program if so directed by the officer supervising you.

19. If you are being supervised by CSOSA, you must submit to the sanctions imposed by the officer supervising you within the limits established by an approved schedule of graduated sanctions.

20. If so directed by the officer supervising you, you must notify a person of your criminal history or characteristics to inform that person of a risk of harm.

## SPECIAL CONDITIONS

You shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

In addition, you shall participate in the Home Confinement Program for a period of 120 days. During this time you will remain at your place of residence except for employment and other activities approved in advance by your Community Supervision Officer. You will maintain a telephone at your place of residence without "call forwarding, call waiting, call back/call block," a modem or a portable cordless telephone for the above period. You will wear an electronic monitoring device and follow electronic monitoring procedures specified by your Community Supervision Officer.



**EXHIBIT L**

October 13, 2004

FYI        FYI        FYI        FYI        FYI

**TO:**    UNITED STATES PAROLE COMMISSION
          Chevy Chase, Maryland 20815

**FM:**    UNITED STATES MARSHALS SERVICE
          Washington, D.C.  20001

**RE:**    Warrant Executed

Subject: MICHAEL ROCKINGHAM
Registration NO: 26210-145
DCDC: 180-906
PDID: 256-694


The above reference subject was processed on October 12, 2004 by the
USMS District of COLUMBIA as a Parole Violator.  He was committed to the
D.C. Department of Corrections and is in D.C. Jail  awaiting further action by the
United States Parole Commission.



**U.S. DEPARTMENT OF JUSTICE**                              **WARRANT APPLICATION**
**UNITED STATES PAROLE COMMISSION**                         **D.C. Code Offender**

Name .............................. **Rockingham, Michael**

Reg. No .......................... **26320-145**              Date........................................... **August 6, 2004**
DCDC No...................... **180-906**                     Termination of Supervision ..... 7-13-2028
FBI No........................... **696 241 J1**              [If Conviction Offense Before April 11, 1987 And
Birth Date...................... ▬▬▬                          Offender Is On Mandatory Release, Termination
Race.............................. **Black**                  Date Is 180 Days Prior To Full Term]
                                                             Violation Date ......................... **5-25-2004**
                                                             Released ................................. **May 7, 2004**
Sentence Length............**36 years (Aggregate Original); 8,953 days (Parole Violator Term)**
Original Offense ........... **Armed Robbery; Robbery**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**
**Charge No. 1 – Use of Dangerous and Habit Forming Drugs.** The releasee submitted urine specimens which tested positive for:
Cocaine – 5-25-2004 and 7-8-2004.
This charge is based on the information contained in the violation report dated 8-2-2004 from supervising officer Melissa Shelton and corresponding laboratory report dated 8-2-2004.
I ADMIT [   ] or DENY [   ] this charge.          **5-DAY HOLD**

---

**Rockingham, Michael**
**Reg. No. 26320-145     DCDC No. 180-906**

**Charge No. 2 - Failure to Submit to Drug Testing.** The releasee failed to submit urine specimens on 5-27-2004, 6-3-2004, 6-8-2004, 6-29-2004, 7-1-2004, 7-8-2004, 7-13-2004, and 7-15-2004. This charge is based on the information contained in the violation report dated 8-2-2004 from supervising officer Melissa Shelton.
I ADMIT [  ] or DENY [  ] this charge.

**Charge No. 3 - Violation of Special Condition (Drug Aftercare—Failure to Abstain From the Use of Alcohol).** On 7-8-2004, the releasee submitted a urine specimen which tested positive for the use of Alcohol, in violation of the special drug aftercare condition. This charge is based on the information contained in the violation report dated 8-2-2004 from supervising officer Melissa Shelton and the corresponding laboratory report dated 8-2-2004.
I ADMIT [  ] or DENY [  ] this charge.

**Charge No. 4 - Law Violations – a) Assault With Serious Bodily Injury the Result Intended, b) Assault with a Dangerous Weapon (Gun), c) Felon in Possession of a Firearm.** On 8-1-2004, the releasee became involved in a heated argument with the victim behind 3339 Ames Street, NE, Washington, DC. The releasee then retrieved a .38 caliber revolver out of a nearby vehicle and fired one shot at the victim, but missed. The victim then fled the scene. The releasee was arrested by the Metropolitan Police for 4b above on the same date. This charge is based on the information contained in the violation report dated 8-2-2004 from supervising officer Melissa Shelton and a police report dated 8-1-2004. Status of Custody/Criminal Proceedings: The releasee is being held in custody with further Court proceedings pending.
4a I ADMIT [  ] or DENY [  ] this charge.
4b I ADMIT [  ] or DENY [  ] this charge.
4c I ADMIT [  ] or DENY [  ] this charge.

Probable Cause Hearing Is Required

Warrant Recommended By:

Warrant Issued.................. August 6, 2004

Scott Kubic, Case Analyst
U.S. Parole Commission

Community Supervision Office Requesting Warrant: **General Supervision Unit VIII, 1418 Good Hope Road**

## 5-DAY HOLD

**Rockingham, Michael**
**Reg. No. 26320-145    DCDC No. 180-906**

# W A R R A N T
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Rockingham, Michael, Reg. No. 26320-145, DCDC No. 180-906, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 36 years (Aggregate Original); 8,953 days (Parole Violator Term) for the crime of Armed Robbery; Robbery and was on May 7, 2004 released on parole from Rivers Correctional Institution with 8,831 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on August 6, 2004

**5-DAY HOLD**

_____
U.S. Parole Commissioner

---

**Rockingham, Michael**
**Reg. No. 26320-145    DCDC No. 180-906**

OCT 13 2004 10:15 FR US MARSHALL     202 273 0943 TO 93014925906     P.03/25

## WARRANT For Return Of Prisoner Released To Supervision

Name: **Rockingham, Michael**
Reg. No. **26320-145**

Institution: **Rivers Correctional Institution**
DCDC No. **180-906**

## UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION

NOTE:  Do not execute this warrant if the subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission. (See instructions on accompanying memorandum.)

_____ District of _____ _Cui_ _____ ss:

Received this writ the _9_ day of _Auig_ , 20_04_ , and executed same by arresting the within-named _Michael Rockingham_ this _12TH_ day of _Oct_ , 20_04_ at _3 pme_ and committing him to _De State_

_George Walsh_
**U.S. Marshal**

_Derrick FitzGerald_
**Deputy Marshal**

Further executed same by committing him to _____
at _____ on _____ , 20_____ , the institution designated by the Attorney General, with the copy of the warrant and warrant application.

**5-DAY HOLD**

_____
**U.S. Marshal**

_____
**Deputy Marshal**

NOTE:  The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland  20815.

## ACKNOWLEDGEMENT OF SERVICE:

I have received a copy of the warrant application dated _____ _August 6, 2004_

_Oct 12, 2004_

_____          _____
**Prisoner's Signature**                                          **Date**

**Rockingham, Michael**
**Reg. No. 26320-145     DCDC No. 180-906**

**EXHIBIT M**

# HEARING SUMMARY

**Name: Rockingham, Michael**                              **Reg No: 26320-145**

## Hearing Parameters

Hearing Type ................................: **Revocation (Local)**

Hearing Date ................................: 11/29/04

Examiner........................................: Michael Green

Institution .....................................: D.C.-Correctional Treatment Facility

Second Designation .....................:

## Sentence Parameters

Sentence Type...............................: **DC Parole Eligible**

MR/Statutory Release Date..........: 1/5/21

Full Term Date.............................: 12/15/28

Months in Custody.......................: 2 as of 11/28/04

Detainer........................................: None

## Warrant Parameters

Supervision ..................................: **Parole**

Revoking District & Office..........: Washington, DC-CSOSA

Warrant Execution Date...............: 10/12/04

Probable Cause Date ....................: 10/15/04

**Additional text regarding the above parameters:** It is noted that although the Warrant was officially executed on 10/12/04, the subject's Warrant should have been executed at the time the criminal case was Court Ordered Release on 9/29/04. Therefore, this examiner believes that the subject should receive credit from date of the Court Ordered Release. It is also noted that if a finding is made regarding the law violation charge, the subject should receive credit from the date of the arrest on 8/1/04.

---

**Prior Action:** See the PC Hearing Digest and the Local Revocation PHA.

**Counsel:** Student Attorney, Luce Remy, from the Georgetown University Law School, under the supervision of PDS Attorney, Hunter Labovitz, 633 Indiana Avenue, NW, Washington, DC 20004.

**Witnesses:** CSO Melissa Shelton, of the CSOSA, was present as an adverse witness.

Alleged assault victim, Mr. Anthony McFadden, appeared and provided sworn testimony. Mr. McFadden indicated that his actual address is 3344 Clay Place, NE, Washington, DC 20019. This is noted because on the subpoena, his address is listed as 3334 Clay Place, NE.

GOVERNMENT EXHIBIT
M

**Rockingham, Michael, Reg. No. 26320-145**                              **Page 1 of**



MPD Sergeant McCourt, Badge No. S288, did not show up for the Revocation Hearing. This examiner does not have any information on the reason for the non-appearance of Sergeant McCourt.

**Procedural Considerations:** On subject's behalf, Student Attorney Remy requested a continuance of the Revocation Hearing for presence of voluntary witnesses. She indicated that the voluntary witnesses have not been interviewed or secured for their presence.

This examiner denied the request for continuance, noting that the PC Hearing was held on 10/15/04. This examiner concluded that sufficient time was given from the time of the PC Hearing for the subject and his legal team to secure adverse witnesses. Student Attorney Remy indicated that a continuance was requested before this date but was denied by the Commission. This examiner advised the subject and Student Attorney Remy, that the Commission's decision to deny the continuance request is adopted by this examiner for the aforementioned reason.

The subject asserted his right to cross-examine the adverse witnesses. As previously noted, MPD Sergeant McCourt did not show up for the Revocation Hearing and this examiner does not have any information on the reason for his non-appearance. After having considered the testimony of the alleged assault victim, Mr. Anthony McFadden, this examiner concluded that the testimony of Sergeant McCourt needs to be considered.

**Charges:**

**Charge No. 1 - Use of Dangerous and Habit Forming Drugs**
   **Evidence Presented:** The subject admitted to the use of cocaine on or about 5/25/04 but denies that he submitted a urine specimen on 7/8/04. The subject indicated that he did not report for drug testing on that date.

   CSO Shelton provided this examiner with a confirmation from Mr. Richard Taylor, of the drug-testing lab, confirming that the subject did submit a urine specimen on 7/8/04 and that it was positive for cocaine. Therefore, this examiner made a finding based on the preponderance of the evidence that the subject did submit a urine specimen on 7/8/04 that was tested with positive results. This examiner concluded in making the preponderance of the evidence finding, that the documentary evidence provided by SO Shelton is credible and convincing.
   **Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.
   **Basis:** Your admission to the examiner and the e-mail confirmation sent 8/4/2004.

**Charge No. 2 - Failure to Submit to Drug Testing**
   **Evidence Presented:** The subject denied the above charge. He indicated that he was either participating in detoxification or was detained by the police due to a traffic arrest and, therefore, did not intentionally fail to submit to drug testing on the 7 dates charged.

   CSO Shelton testified that the subject was in a Substance Abuse Detoxification Program from June 19th to June 24th 2004. She also indicated that her records reflect that the subject was detained for Driving on a Suspended Permit by the police on 6/3/2004. It is also noted that this examiner made a finding that subject submitted a positive urine on 7/8/04. Therefore, this examiner intends to make a no finding of violation regarding the date of 7/8/04 and the date of 6/3/04, as the subject was detained by the police due to a traffic arrest. Regarding the other dates, this examiner concluded that the subject failed to submit to drug testing as

charged. The subject's testimony indicating that he was participating in drug detoxification does not have an affect on the dates charged. Subject was not in detoxification on any of the dates charged. The Drug Status Report reflects that the subject failed to submit to drug testing on the dates charged and this examiner finds that the Drug Status Report is a credible and convincing document. The exception is the date of 6/3/04 and 7/8/04 for reasons previously explained.

**Findings of Fact:** This examiner finds that the subject failed to submit to drug testing on the dates charged with the exception of 6/3 and 7/8/04.violated the conditions of release as indicated in the above charge.

**Basis:** The testimony of CSO Melissa Shelton and the Drug Status Report.

This examiner makes no finding regarding the Failure to Submit to Drug Testing on 6/3 and 7/8/04.

**Basis:** Insufficient evidence.

## Charge No. 3 - Violation of Special Condition (Failure to Abstain From the Use of Alcohol on 7/8/04)

**Evidence Presented:** The subject denied the use of alcohol indicating that he maintains that he did not report for drug testing on 7/8/04. However, as indicated in Charge No. 1, CSO Shelton presented this examiner with documentary evidence from the drug testing lab confirming the subject submitted a urine specimen on 7/8/04 that was also positive for cocaine. In light of the credible documentary evidence, this examiner concluded that the subject did submit a urine specimen that was also tested with positive results for alcohol on 7/8/04.

**Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.

**Basis:** The Drug Status Report from 7/8/04 and the confirmation sent 8/4/04.

## Charge No. 4 - Law Violation  - (A) Assault With Serious Bodily Injury, the Result Intended, (B) Assault With a Dangerous Weapon (Gun), (C) Felon in Possession of a Firearm

**Evidence Presented:** The subject denied the above charge. The subject acknowledged that he and the alleged victim, Mr. Anthony McFadden, exchanged words on 8/1/04, but denies that he possessed a gun and used the gun to shoot at Mr. McFadden. He indicated that he recalls their being in the neighborhood of 10 people drinking in the rear of his home, near his vehicle. He stated that he went outside because the people were near his vehicle and the alleged victim, Mr. McFadden, asked him for beer. He indicated that he told Mr. McFadden he does not drink and Mr. McFadden became upset with him. He stated that he attempted to walk away from Mr. McFadden and eventually did walk away from him.

Mr. McFadden testified that he had been drinking beer since approximately 8:00 p.m. that evening. He stated that he drank approximately 6 beers but was not intoxicated. He stated that he was sitting on the back of a SUV in the rear area of the subject's house and after he finished the beer, he noticed beer in the yard of a neighbor. He stated that he asked the subject for a beer and indicated that the subject said something irritating to him and he became upset and started to go after the subject. He indicated that his friends kept him and the subject separated as they grabbed him but that he continued to come after the subject. He stated that he eventually walked away but that the subject indicated that he would do something harmful to him, causing him to return and come after the subject while arguing. He indicated that the subject's sister and the subject's mother were present. He went on to say that the subject's sister had a bottle and was holding it at his neck. He stated that he saw the subject go to his vehicle and was passed something from an individual who was on the other side of the vehicle. He stated that the object was passed when both the subject and the other person leaned in to the vehicle. Mr. McFadden indicated that he felt that the object was a gun, although he is unable to positively indicate that it was a gun. He stated that the subject pointed the object at him at the same time the subject's sister was standing directly in front of him. He stated that he was focused



on the subject's sister, as she had a bottle at his neck and heard what he believes to be a gunshot. He stated that he thought he was hit, as a result of the gunshot in the facial area, but (?) off his face realizing that he was not shot. He stated that he then left the scene along with his friends. The subject indicated that he and 3 friends were together in the alleyway drinking beer. Although the subject testified that he did not know Mr. McFadden until he date of the incident, Mr. McFadden testified that he has known the subject for over 15 years, as they live in the same neighborhood. Mr. McFadden indicated that he did not give a description of the gun, as indicated in the police report. The police report indicates that Mr. McFadden told the police that the subject pulled out a silver-colored, 38-caliber revolver from a blue colored Ford Mustang. He admitted that he identified the subject as a person who shot at him but also testified that he did not see the subject shoot him and could not positively say that the object in the subject's hand was a gun. Mr. McFadden also testified that he did not flag down the police vehicle, as the police report indicates. He indicated that when he was approached by the police, he was initially said to be the suspect who fired a gun. He stated that he told the police that he was not the suspect and provided a statement to the police consistent with the testimony he provided at today's Revocation Hearing. He indicated that the 3 other people with him were interviewed by the police. The police report indicates that several witnesses were interviewed, corroborating the accounts of the complainant.

On subject's behalf, Student Attorney Remy indicated that the criminal case was dismissed on 9/28/04 because the grand jury did not indict the subject. Information contained in the institutional file does reflect that the subject was Court Ordered Release on 9/29/04. A copy of the Court Ordered Release document has been copied and placed in the examiner packet. Student Attorney Remy also indicated that there are numerous inconsistencies regarding the police report and the subject's testimony. She indicated that because of these inconsistencies, the subject's testimony should be determined unreliable.

After considering the testimony provided at the Revocation Hearing, this examiner concluded that the testimony of MPD Sergeant McCourt needs to be considered in order to render a finding of fact. Sergeant McCourt did not show up for the Revocation Hearing and, therefore, his testimony could not be considered this date. The testimony provided, thus far, is insufficient to make a finding that the subject is, in fact, guilty of possessing a gun and using it to shoot at the alleged victim. As previously noted, the alleged victim admits to having been drinking beers, although he denies he was intoxicated, he may have been impaired. The alleged victim used the term, "felt" that the object the subject was passed inside of the vehicle that the subject pointed at him was a gun but could not definitively state that it was a gun. In addition to that, the subject indicated that he did not see the subject fire a gun. He acknowledged that the subject's sister was standing immediately in front of him at the time he heard the gun shot. Therefore, this examiner believes that the investigation and the observations of Sergeant McCourt should be considered before a finding of fact is rendered.

**Findings of Fact:** This examiner recommends that the case be continued to resolve remaining issues for this charge.

**Basis:** To consider the testimony of MPD Sergeant McCourt, Badge No. S288.

**Discipline:** None

**Release Plans:** Release plans will be discussed with the subject at the subsequent Revocation Hearing.

## Guideline Parameters

**Severity Justification:**    Category 1 because it involved administrative violations.

**Salient Factor Score:**     3

**Re-parole Guideline Range:**. 12-16 months

**Evaluation:** The subject has been in continuous custody since the arrest on 8/1/04 for a ADW (Gun). The PV Warrant was officially executed on 10/12/04 but this examiner believes that it should have been executed on 9/29/04, when the subject was Court Ordered Released from the criminal matter. The subject has a record of prior convictions for offenses such as Burglary, Armed Robbery, Robbery, Theft of Government Property, Grand Larceny and Drug Possession. The subject also has a history of drug abuse.

This examiner made findings regarding administrative violations based on either the subject's testimony or on the preponderance of the evidence. The subject denies that he possessed and used a gun to shoot at the alleged victim. The alleged victim admits that he and the subject argued and that he was initially the aggressor because he didn't like the way the subject responded to his request for beer. He also indicated that he felt that the subject had a gun in his hand but could not positively indicate that the subject had a gun. He does state that the subject pointed the object at him and that he later heard one gunshot. It is significant to note that the alleged victim indicated that the subject's sister was standing immediately in front of him at the time he heard the one gunshot. The MPD Sergeant who is listed in the police report as an assisting officer is also named as the officer who was flagged down by the victim and who conducted an interview of the victim and several witnesses. However, because Sergeant McFadden did not appear for the Revocation Hearing, this examiner has not had an opportunity to interview him. It is noted that the subject's testimony does have some inconsistencies with the Statement of Facts indicated in the police report. After considering the testimony provided by the subject and the alleged victim, this examiner concluded that the evidence was insufficient to make a finding. Therefore, this case should be continued to consider Sergeant McCourt's testimony. Relative to the administrative violations, this examiner concluded that the violations are serious enough to warrant the revocation of subject's parole. The subject has a guideline range of 12-16 months for the administrative violations. If a finding is made at a later date regarding the use of a gun to shoot at the alleged victim, the guideline range would be 60-72 months.

**Recommendation:** Revoke parole. None of the time spent on parole shall be credited. Continue to a later docket to further consider the Assault and Gun Possession charges contained on the Warrant Application dated 8/6/2004 for the presence of MPD Sergeant McCourt. All of the remainder of the dictation format is not applicable at this time.

**Conditions:**

**Statutory Interim Hearing:**


**Guideline Use:**

**Additional Text:** None

**Executive Reviewer's Comments:**

MXG/SDS
December 1, 2004

**EXHIBIT N**



U.S. Department of Justice                                    **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: Rockingham, Michael                    Institution: D.C. CTF

Register Number: 26320-145                   Date:        February 18, 2005

---

As a result of the hearing conducted on February 9, 2005 the following action was ordered:

### D.C. Local Revocation:

This action is the conclusion of the decision put forth in Notice of Action dated December 13, 2004.

Continue to a presumptive re-parole on December 12, 2005 after service of 14 months. This presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan. The Commission will conduct a pre-release record review up to 9 months prior to the presumptive parole date to ascertain that these conditions have been fulfilled. In order to complete this review, the Case Manager should submit an updated Progress Report to the Commission 10 months prior to the presumptive parole date. If there have been Disciplinary Reports since the Commission's last review, they should be attached to the Progress Report for the Commission's consideration. If the Commission has requested that a current psychological or psychiatric report be prepared for this review, it also should be attached.

You shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

### FINDINGS OF FACT:

The Commission makes no findings concerning the following charges:

Charge No. 4 - Law Violation - (A) Assault with Serious Bodily Injury the result intended, (B) Assault with a Dangerous Weapon (Gun), (C) Felon in Possession of a Firearm.

Basis: Insufficient evidence.

---



GOVERNMENT
EXHIBIT
_N_

**REASONS**:

Your parole violation behavior has been rated as administrative violation(s) of Category One severity. Your salient factor score is 3. See the attached sheet for an explanation of your individual Salient Factor Score items. The table at the bottom presents the points for Salient Factor Score Item C. As of February 9, 2005 you have been in confinement as a result of your violation behavior for a total of 4 month(s). Guidelines established by the Commission indicate a customary range of 12-16 months to be served before release. After review of all relevant factors and information, a departure from the guidelines at this consideration is not warranted.

THE ABOVE DECISION IS APPEALABLE.

You may obtain appeal forms from your caseworker or supervising officer and they must be filed with the Commission within thirty days of the date this Notice was sent.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:     U.S. Marshals Service
        District of Columbia - District Court
        333 Constitution Ave, N.W., Rm 1400
        Washington, D.C. 20001
        Attn: Karen Brown

        Hunter Labovitz
        Public Defender Service
        District of Columbia
        Special Proceedings Division
        633 Indiana Avenue, N.W.
        Washington, D.C. 20004

        CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2070
        Washington, D.C. 20001

 

## SALIENT FACTOR SCORE (SFS-98)

**Your Pts**    **Salient Factor Score (SFS-98) Item Explanations**

**0**    A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0

**0**    B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0

**2**    C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile)
(see table below for an explanation)

**0**    D - Recent commitment free period (three years)
No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such
commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

**0**    E - Probation/parole/confinement/escape status violator this time
Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a
probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

**1**    F - Older offenders
If the offender was 41 years or more at the commencement of the current offense (and the total score from Items
A-E above is 9 or less) = 1; Otherwise = 0

**3**    Salient Factor Score (SFS-98) (sum of points for A-F above)



| Points For SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| | 0-1 | 2-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

**EXHIBIT O**

**U.S. Department of Justice**
**United States Parole Commission**

### CERTIFICATE OF PAROLE
**District of Columbia Offender**

Having determined that (1) Rockingham, Michael, Register No. 26320-145, (DCDC No. 180-906) (the "inmate") is eligible for parole; (2) there is a reasonable probability that the inmate will live and remain at liberty without violating the law; and (3) the inmate's release is not incompatible with the welfare of society, the United States Parole Commission (the "Commission") ORDERS that the inmate be paroled on December 12, 2005 and remain under parole supervision through October 15, 2028. The conditions listed in this certificate apply during the inmate's parole supervision.

Given under the hand and the seal of the Commission on November 17, 2005.

UNITED STATES PAROLE COMMISSION

_J. C. Bradford_

By: J.C. Bradford, Correspondence Specialist

Docket/Case Number: F243482, 2415-82
Initial Risk Category: SFS 83

**Acknowledgement of Release Conditions**

I have read, or had read to me, the conditions that are listed on this CERTIFICATE OF PAROLE. I have received a copy of this CERTIFICATE OF PAROLE. I fully understand the conditions that have been imposed upon me and know that if I violate any of these conditions I may be sent back to prison.

**Consent to the Disclosure of Drug/Alcohol Treatment Information**

By signing this CERTIFICATE OF PAROLE, I consent to unrestricted communication between any facility administering a drug or alcohol treatment program in which I am or will be participating, on the one hand, and the Commission and the office responsible for supervising me on the other hand. I consent to disclosure by such facility to the Commission and the office responsible for supervising me of any information requested related to my supervision, and the disclosure by the Commission and the office supervising me to any agency that requires such information for the performance of an official duty. This consent is irrevocable until the end of parole supervision.

_(signature)_                                    26320-145
_____                     _____
            Name                                      DCDC No.

Witnessed: _Robin J. Moore Voc. Counselor_  12/12/05
            Name and Title                      Date

The above-named inmate was released on the _12_ day of _December_ , 20_05_ with a total of _8343_ days remaining to be served.

_(signature)_
_____
Official Certifying Release

GOVERNMENT
EXHIBIT
_Ø_

Queued: 11-17-2005 10:09:54 BOP-Rivers Correctional Institution |



USPC                11/17/2005 9:00    PAGE 3/4    Fax Server

This CERTIFICATE OF PAROLE becomes effective on the day of release set forth above, after you sign this certificate. If you fail to comply with any of the conditions, you may be summoned to a hearing, or retaken on a warrant and reimprisoned pending a hearing, to determine if your parole should be revoked.

## GENERAL CONDITIONS

1. A. You must go directly to Washington, D.C. and appear in person at the Intake Office of the Court Services and Offender Supervision Agency for the District of Columbia (CSOSA), 300 Indiana Avenue, N.W., Washington, D.C. 20001. If you are unable to appear in person at that office within three days of release, you must appear in person at the United States Probation Office nearest to you and follow the instructions of the duty officer.
   B. If you are not released to the community after your parole, you must follow the instructions in 1.A. above when you are released to the community.
2. You must not leave the Washington, D.C. metropolitan area without the written permission of the officer supervising you. The Washington, D.C. metropolitan area consists of the District of Columbia, Prince Georges and Montgomery Counties in Maryland, Arlington and Fairfax Counties in Virginia, and the Cities of Alexandria, Fairfax, and Falls Church in Virginia. For the purpose of applying all conditions of release, "the officer supervising you" includes any supervision officer assisting, substituting for, or acting on behalf of the officer assigned to your supervision.
3. You must, between the first and third day of each month, make a written report to the officer supervising you. In addition, you must meet with the officer supervising you at such times and in such a manner as that officer directs, and provide such information as that officer requests. All information that you provide to the officer supervising you must be complete and truthful.
4. You must notify the officer supervising you within two days of (A) an arrest or questioning by a law-enforcement officer, (B) a change in your residence, and (C) a change in your employment.
5. You must permit the officer supervising you to visit your place of residence and your place of business or employment.
6. You must permit the officer supervising you to confiscate any material that officer believes may be contraband and that is in plain view in your possession, including in your residence, place of business or employment, and vehicle.
7. You must submit to a drug or alcohol test whenever required to do so by the officer supervising you.
8. You must not violate any law and must not associate with persons who are violating any law.
9. You must not possess a dangerous weapon while under supervision.
10. You must not drink alcohol to excess and must not illegally use or possess a controlled substance. You must not frequent a place where you know a controlled substance is illegally used or distributed.
11. You must not associate with a person who has a criminal record without permission from the officer supervising you.
12. You must not enter into any agreement to act as an informant or undercover agent for any law-enforcement agency without permission from the Commission.
13. You must make a diligent effort to work regularly, unless excused by the officer supervising you, and to support any legal dependent.
14. You must make a diligent effort to satisfy any fine, restitution order, court costs or assessment, or child-support or alimony payment to which you are subject. You must provide financial information relevant to the payment of such a financial obligation that is requested by the officer supervising you. If you are unable to pay such a financial obligation in one sum, you must cooperate with the officer supervising you to establish an installment-payment schedule.
15. If you are being paroled from a sentence imposed following conviction of a domestic-violence crime, and that conviction is your first conviction for such a crime, you must, as directed by the officer supervising you, attend an approved offender-rehabilitation program if such a program is readily available within a 50-mile radius of your residence.
16. If you are required by law to report and register as a sex-offender, you must comply with that law.
17. You must provide a DNA sample if the officer supervising you determines that collection of such sample is required by law.
18. You must participate in an Employment Readiness Program if so directed by the officer supervising you.
19. If you are being supervised by CSOSA, you must submit to the sanctions imposed by the officer supervising you within the limits established by an approved schedule of graduated sanctions.
20. If so directed by the officer supervising you, you must notify a person of your criminal history or characteristics to inform that person of a risk of harm.

### SPECIAL CONDITIONS

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.



**EXHIBIT P**



**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

*5550 Friendship Boulevard*
*Chevy Chase, Maryland 20815-7201*
*Telephone: (301)492-5821*
*Facsimile: (301)492-5525*

August 24, 2006

**OFFICIAL LETTER OF REPRIMAND**

Michael Rockingham
Reg. No. 26320-145
DCDC No. 180-906
c/o Ratima Hicks
Supervision Officer
General Supervision Unit II-Team 31
CSOSA
1418 Good Hope Road, S.E.
Washington, D.C. 20020

Dear Mr. Rockingham:

The purpose of this letter is to inform you that the U.S. Parole Commission has received information concerning your non-compliance with the conditions of your parole. The Commission has been informed that you are in violation of these conditions, specifically:

1.    Use of Dangerous and Habit Forming Drugs

2.    Failure to Submit to Drug Testing

3.    Violation of Special Condition (Alcohol)

Violation of the conditions of release may result in the issuance of a warrant for your arrest. Your disregard of the rules and regulations set forth on your release certificate and by your Community Supervision Officer will be not tolerated.

You are officially notified that continued disrespect and non-compliance with your conditions of release may result in your arrest and return to custody. Your Community Supervision Officer has received a copy of this letter and will inform us immediately should any further violations occur. This Letter of Reprimand is based on a Violation Report dated August 16, 2006.

Sincerely,

*Jequan S Jackson*

Jequan S. Jackson

Queued: 08-24-2006 14:32:22 USPO-General Supervision Unit II-Team 31 |





Case Analyst Trainee

JSJ/AKA



**EXHIBIT Q**



**Court Services and Offender Supervision Agency
for the District of Columbia**

*Community Supervision Services
Branch IIB, General Supervision - Team 31*

**Alleged Violation(s) Report**

8/16/2006

**To:**      The United States Parole Commission

5550 Friendship Boulevard
Chevy Chase, MD 20815



| | | **Unit:** | Branch IIB, General |
|---|---|---|---|
| **From:** | Ratima Hicks | | Supervision- Team 31 |
| | Community Supervision Officer | **Telephone:** | (202) 585-7813 |
| **Please send all** | 1418 GOOD HOPE RD. S.E. | **Fax:** | (202) 585-7840 |
| **inquiries to:** | WASHINGTON, DC 20020 | | |
| | | **Email:** | Ratima.Hicks@csosa.gov |

**Subject:**   Non-Compliance with Parole
**Docket:**    1982_FEL_002434 & 1982_FEL_002415
**Offender:**  **MICHAEL ROCKINGHAM**
**Address:**   ▉▉▉▉▉▉▉▉
               Washington, DC 20019
**FEDREG #:**  26320-145
**FBI #:**     707241J1
**DCDC #:**    180-906
**PDID #:**    256-694
**Action Recommended: Letter of Reprimand**

*1) Use of drugs
2) Failing to abstain from alcohol
3) Failure to submit to Drug Test*

**SENTENCING INFORMATION**

JEQUAN S. JACKSON

Offender Rockingham is a 50 year-old male who was sentenced on 6/29/83 to not less than ten (10) years, not more than thirty (30) years incarceration in docket# 1982_ FEL_ 2434 for the offense of Armed Robbery. The offender was also sentenced on 6/29/83 to two (2) to six (6)



GOVERNMENT
EXHIBIT

Court Services and Offender Supervision Agency
Michael Rockingham FEDREG 26320-145

years incarceration (docket# 1982_FEL_2415) for offense of Robbery. The offender was re-paroled on 12/12/05 with a full-term/expiration date of 10/15/28. The offender has the following special conditions: Drug Testing and Drug/Alcohol Treatment.

**ALLEGATION(S)/SANCTIONS:**

Since 12/12/05, Michael Rockingham is alleged to have violated the following conditions and had the corresponding sanction(s) imposed:

## ALLEGATION #1 ILLEGAL USE OF CONTROLLED SUBSTANCES:

The offender tested positive for **Cocaine** on the following date(s): 8/14/06, 8/10/06, 7/12/06, 7/8/06, 6/28/06 and 6/21/06, as evidenced by the attached Drug Status Report.

The offender tested positive for **Opiates** on the following date(s): 8/14/06 and 8/10/06, as evidenced by the attached Drug Status Report.

The offender tested positive for **Alcohol** on the following date(s): 8/10/06, 5/13/06 and 5/10/06, as evidenced by the attached Drug Status Report.

The offender **water-loaded** his urine samples on the following date(s): 7/12/06, 7/8/06, 7/5/06, 6/14/06, 6/7/06, 5/31/06, 5/10/06, 5/3/06, 4/26/06, 4/22/06, 4/15/06, 4/12/06 and 3/23/06, as evidenced by the attached Drug Status Report.

## ALLEGATION #2 FAILURE TO REPORT AS DIRECTED:

The offender failed to report for drug testing on the following date(s): 8/7/06, 7/31/06, 7/15/06, 7/1/06, 6/24/06, 4/19/06, 3/28/06, 3/21/06, 3/14/06, 1/20/06 and 12/20/05, as evidenced by the attached Drug Status Report.

**CASE SUMMARY:**

Michael Rockingham lives at ███████████.,Washington, D.C. 20019 and can be reached at (202)████████by telephone. The offender has been at this place of residence for approximately thirty years. The last home verification was conducted on 7/19/06 and was verified during an in person home visit. The offender is currently employed as an auto mechanic with AYT/Project Empowerment. The last employment verification was conducted on 7/13/06 and was verified by review of a current pay stub.

The offender was re-paroled on 12/12/05. Since that time, the offender's adjustment to supervision has been marginal. The offender's supervision started off poorly due to his numerous failures to report for drug testing. The offender has failed to report for testing, at least eleven times in the last eight months. This officer has sanctioned the offender by utilizing sanctions such as increased drug testing, increased supervision level, written reprimands and verbal reprimands. The offender cited his work hours as one of the reasons for missing his

Court Services and Offender Supervision Agency
Michael Rockingham FEDREG 26320-145

appointments, so this officer changed his testing days to one weekday and one Saturday to accommodate his work schedule. The offender still missed several drug tests after that and offered no valid reasons for the missed tests.

The offender began testing positive for illegal substances on 5/10/06. As an immediate sanction, the offender was instructed to attend four sanction groups for his non-compliance. The offender tested positive again on 5/13/06 and was placed on daily reporting as an intermediate sanction. The offender ignored this officer's warnings and tested positive for Cocaine again on 6/21/06 and has tested positive fairly consistently since that time. The offender continued to use and recently tested positive for Opiates and Alcohol. This officer implied additional sanctions which included NA (Narcotics Anonymous) meetings twice a week, community service and an SCSO (Supervisory Community Supervision Officer) Conference. Although the offender has followed through with all implied sanctions, he continues to violate the conditions of his release, which clearly indicate that he must not use or possess any illegal substances. The offender is continuously water loading his urine samples, which leads this officer to believe that he is masking negative behaviors and trying to avoid producing positive samples.

On 4/24/06, the offender was assessed by CIT (Central Intervention Team) and it was determined by the treatment specialist that he did not need treatment at that time. Due to the fact that the offender started testing positive, he attended a sanction staffing on 8/2/06, where it was recommended that he will be placed in a residential facility (Vanguard Services) for a period of twenty-eight days, beginning 8/28/06. Although the offender denies that he has a substance abuse problem and does not need treatment, he has stated that he is willing to participate in treatment in an effort to change his behavior. This officer has encouraged the offender to try to avoid anti-social peers, negative environments and high risk situations. This officer believes that the offender associates with anti-social peers, which may ultimately lead to his intermittent substance abuse.

At this time, this officer is requesting a Letter of Reprimand, provided that the offender enters and successfully completes residential treatment and aftercare. In the event that the offender does not complete treatment, this officer will notify the Commission of his non-compliance and request a warrant at that time. This officer has exhausted all efforts in bringing the offender back into compliance.

To his credit, the offender has maintained employment since his release and reported for all scheduled office visits.

**On 8/16/06, a WALES, NCIC, IJIS check revealed that there are no outstanding warrants or new/pending charges.**

RECOMMENDATION

This Community Supervision Officer concludes that the offender poses a moderate risk for Community Supervision. Therefore, this Community Supervision Officer is respectfully requesting a letter of reprimand.

Court Services and Offender Supervision Agency
Michael Rockingham FEDREG 26320-145

Respectfully submitted,

_Ratima Hicks_ _____

Ratima Hicks
Community Supervision Officer
Telephone Number: (202) 585-7813

8-17-06
(Date)

**Approved by:**

_Joel Azikiwe_ _____

Joel Azikiwe
Supervisory Community Supervision Officer
Telephone Number: (202) 585-7840

8-17-06
(Date)

cc:  File

**EXHIBIT R**

# Memorandum



| | |
|---|---|
| **Subject**<br>**Warrant Execution Instructions Regarding:**<br>Rockingham, Michael<br>Reg. No. 26320-145<br>DCDC No. 180-906 | **Date**<br><br><br>**March 5, 2007** |

| To | From |
|---|---|
| U.S. Marshal<br>District of Columbia - District Court<br>333 Constitution Ave, N.W., Room 1400<br>Washington, D.C. 20001<br>Warrants - Attn: David Baldwin | *Rhonda A. Shelton*<br>Rhonda A. Shelton<br>Case Analyst<br>U.S. Parole Commission |

Enclosed are the Warrant Application and Warrant issued by the United States Parole Commission for the above-named. Please notify the Parole Commission promptly of all developments concerning the disposition of this warrant.

**Please assume custody as soon as possible.**

**If the parolee is already in the custody of federal, state, or local authorities, do not execute this warrant. Place a detainer and notify the Commission. Also, if a criminal arrest warrant has been issued for this parolee, execution of such criminal warrant shall take precedence. If after executing this warrant, it is determined that another arrest warrant for the parolee has been executed or was outstanding at the time this parole violator warrant was executed, the arresting officer may, within 72 hours of executing this warrant, release the parolee to the other arrest warrant and place the violator warrant as a detainer. The arresting officer shall promptly notify the Commission of this action.**

**If the prisoner is sentenced to a new federal, state or local term of imprisonment, place the warrant as a detainer and indicate the institution designated for service of sentence.**

After execution of the Warrant, (1) give one copy of Warrant Application to the prisoner; (2) provide one copy of the Warrant Application to the Community Supervision Officer as soon as practical after taking custody; and (3) advise the Parole Commission and the Community Supervision Officer that the subject is in custody (noting the place of confinement and the date warrant was executed).

When prisoner is returned to the designated institution, leave one Warrant and one Warrant Application with the Warden.

**COMMUNITY SUPERVISION OFFICER:** Please keep the Commission advised of all further developments in this case. If there has been a conviction of an offense committed while under supervision for which a term of imprisonment is authorized by law (even if no term of imprisonment is imposed in this case), do not conduct a preliminary interview unless the Parole Commission specifically orders that one be conducted.

Enclosure

cc: D.C. Court Services and Offender Supervision Agency



Rockingham, Michael
Reg. No. 26320-145    DCDC No. 180-906

Special Projects Unit
300 Indiana Avenue, N.W., Suite 2149
Washington, D.C. 20001

RAS

 

**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
D.C. Code Offender

Name............................. **Rockingham, Michael**

Reg. No.......................... **26320-145**
DCDC No. ..................... **180-906**
FBI No ........................... **696241J1**
Birth Date ......................
Race .............................. **Black**

Date........................................**March 5, 2007**
Termination of Supervision .....**October 15, 2028**
[If Conviction Offense Before April 11, 1987 And
Offender Is On Mandatory Release, Termination
Date Is 180 Days Prior To Full Term]
Violation Date ..........................**December 20, 2005**
Released ..................................**December 12, 2005**

Sentence Length............**36 years (Original Term); 8826 days (Violator Term)**
Original Offense ...........**Armed Robbery; Robbery**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**

**Charge No. 1 - Failure to Submit to Drug Testing**. Between 12-20-05 and 1-23-07, the releasee failed to submit urine specimens on 20 occasions. This charge is based on the information contained in the violation report dated 8-16-06 and 1-30-07 from supervising officer Ratima Hicks.
**I ADMIT [   ] or DENY [   ] this charge.**

---

Rockingham, Michael
Reg. No. 26320-145    DCDC No. 180-906



**Charge No. 2 - Use of Dangerous and Habit Forming Drugs.** The releasee submitted urine specimens which tested positive for:

Cocaine on 6-21, 6-28, 7-8, 7-12 and 12-21-06

Cocaine and Opiates on 8-10, 8-14, 8-21, 12-5 and 12-12-06

Opiates on 11-28 and 11-30-06

On 1-9-07, the releasee submitted a bogus urine sample. This charge is based on the information contained in the violation report dated 8-16-06 and 1-30-07 from supervising officer Ratima Hicks and corresponding drug report dated 8-16-06 and 1-30-07
**I ADMIT [   ] or DENY [   ] this charge.**

**Charge No. 3 - Violation of Special Condition (Drug Aftercare).** The releasee was terminated from the Next Step Drug Treatment Program on 1-4-07 for missing counseling sessions. This charge is based on the information contained in the violation report dated 1-30-07 from supervising officer Ratima Hicks and discharge summary dated 1-4-07.
**I ADMIT [   ] or DENY [   ] this charge.**

**Probable Cause Hearing Is Required**

**Warrant Recommended By:**

*Rhonda A. Shelt*

Warrant Issued.................. **March 5, 2007**

**Rhonda A. Shelton, Case Analyst**
**U.S. Parole Commission**

Community Supervision Office Requesting Warrant: **General Supervision Unit II-Team 31, 1418 Good Hope Road**

---

**Rockingham, Michael**
**Reg. No. 26320-145    DCDC No. 180-906**

# W A R R A N T
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Rockingham, Michael, Reg. No. 26320-145, DCDC No. 180-906, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 36 years (Original Term); 8826 days (Violator Term) for the crime of Armed Robbery; Robbery and was on December 12, 2005 released on parole from Rivers CI with 8343 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on March 5, 2007

_____
U.S. Parole Commissioner

_____
**Rockingham, Michael**
**Reg. No. 26320-145    DCDC No. 180-906**

MAR 16 2007 08:35 FR U S MARSHALS SERVICE 2023071936 TO USPC                    P.03/04
MAR 15 2007 12:11 FR U S                                    TO 30727              P.04

**WARRANT For Return Of Prisoner Released To Supervision**

Name:  Rockingham, Michael                    Institution:  Rivers CI
Reg. No. 26320-145                            DCDC No.  180-906

**UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION**

NOTE:  Do not execute this warrant if the subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission. (See instructions on accompanying memorandum.)

_____ DIDC _____ District of _____ ss:

Received this writ the ___15 th___ day of ___March___, 20 _07_, and executed same by arresting the
within-named ___Michael Rockingham_____
this ___15 th____ day of ___March_____, 20_____,
at ____1300____ and committing him to _____DC JAIL_____

                                     G. Walsh
                                     _____
                                     *U.S. Marshal*

                                     D. Zehl
                                     _____
                                     *Deputy Marshal*

Further executed same by committing him to _____
at _____ on _____ 20_____, the institution
designated by the Attorney General, with the copy of the warrant and warrant application.

                                     _____
                                     *U.S. Marshal*

                                     _____
                                     *Deputy Marshal*

NOTE:  The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

**ACKNOWLEDGEMENT OF SERVICE:**

I have received a copy of the warrant application dated _____  3 - 5 - 07  _____

_____                    3 - 15 - 07
*Prisoner's Signature*                              *Date*

*(If prisoner refuses to sign, Marshal should so indicate.)*

_____

                    Rockingham, Michael
                Reg. No. 26320-145   DCDC No. 180-9

                                              ** TOTAL PAGE.04 **

**EXHIBIT S**

## D.C. PROBABLE CAUSE HEARING DIGEST

Name............................: Rockingham, Michael

Reg. No. ........................: 26320-145

Type of Release ............ :Parole

Full Term Date When Warrant Issued..: October 15, 2028

Date Warrant Executed.: _3·15·07_

Hearing Date........: _3·20·07_

Examiner...............: _Iｨｱｱｩ M_

Supervision Officer: **Ratima Hicks**

### Attorney at Probable Cause Hearing:

[ ✓ ] PDS      [  ] Other      [  ] None

Name____GONZALEZ, RUZ____

Address_____

_____

Phone_____

### Attorney Representing Subject at Revocation Hearing:

[ ✓ ] PDS      [  ] Other      [  ] Unknown

Name____GONZALEZ, RUZ____

Address_____

_____

Phone_____

### I. Items Advised *(Check that the subject has been advised of the following two rights):*

[ ✓ ] Advised of Right to a Probable Cause Hearing   [ ✓ ] Advised of Right to Attorney

### II. Reason For Not Conducting Probable Cause Hearing

*{If Probable Cause Hearing not conducted, indicate the reason):*

[  ] Postponed to Next Docket *(If so, provide reason for postponement and omit rest of form.)*

    [  ] At Request of Attorney/Prisoner      [  ] Prisoner Unavailable

    [  ] Other Reason:_____

[  ] Combined Probable Cause/Revocation Scheduled *(If so, skip to VI, Revocation Hearing.)*



**Rockingham, Michael**
**Reg. No. 26320-145    DCDC No. 180-906**



## III. Review of Charges:

**Charge No. 1 - Failure to Submit to Drug Testing**

[  ] ADMITS          [X] DENIES

The Subject's Response:

_____

_____

_____

_____

[X] **Probable Cause Found.** After considering the violation report dated 8-16-06, 1-30-07 and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 1. Additional reasons for probable cause finding:

_____

_____

_____

_____

[  ] **No Probable Cause Found**

_____

**Charge No. 2 - Use of Dangerous and Habit Forming Drugs**

[  ] ADMITS          [X] DENIES

The Subject's Response:

_____

_____

_____

_____

[X] **Probable Cause Found.** After considering the violation report dated 8-16-06, 1-30-07 and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 2. Additional reasons for probable cause finding:

_____

**Rockingham, Michael**
**Reg. No. 26320-145     DCDC No. 180-906**

[ ] No Probable Cause Found

**Charge No. 3 - Violation of Special Condition (Drug Aftercare).**

[ ] ADMITS        [X] DENIES

The Subject's Response:

[X] **Probable Cause Found.** After considering the violation report dated 1-30-07, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 3. Additional reasons for probable cause finding:

[ ] No Probable Cause Found

## IV. Additional Charges:

Rockingham, Michael
Reg. No. 26320-145    DCDC No. 180-906

## V. Outcome of Probable Cause Hearing:

[✗] **Probable Cause Found** on one or more charges, **Hold in Custody** pending revocation hearing.

[  ] **No Probable Cause Found** for any charge.  **Discharge from Custody** immediately and

     [  ] **Reinstate** to Supervision  or  [  ] **Close Case** *(If expiration date has passed)*

[  ] **Probable Cause Found** on one or more charges.  Recommend **Reinstate to Supervision** and

     [  ] **Summon** to revocation hearing or  [  ] **Terminate** revocation proceedings

Reason for Release/Summons:_____

_____

## VI. Principal Adverse Witnesses Identified by the Commission:

Note to Subject:  This is the time to request the attendance of an adverse witness (including an adverse witness identified by the Commission or an examiner on this form).  Your failure to make a request for the attendance of any adverse witness is a waiver of your opportunity to confront and cross-examine that witness at a revocation hearing.

Supervision Officer
Name: Ratima Hicks
Status:_____Approved        _____Not Approved       _____**Pending Further Review**

## VII. Adverse Witnesses Requested by Subject:

Name:_____

Address:_____

Phone No._____

Status: [  ] Denied at PC Hearing    [  ] Approved at PC Hearing    [  ] Pending Further Review

Reason for Denial:_____

_____

_____

Name:_____

_____

**Rockingham, Michael**
**Reg. No. 26320-145    DCDC No. 180-906**

**IX.    Revocation Hearing:**

[ X ] Local Revocation or        [   ] Combined Probable Cause/Local Revocation on:

Location: [   ] CTF   [   ] DC Jail   Date: 4-16-2007   Time: [ X ] am   [   ] pm

[   ] Other at _____

_____

[   ] Recommend institutional revocation hearing upon transfer to a federal institution.

**Note:  A continuance must be requested in writing.  You may submit your requests via e-mail.  E-Mail Address:  continue.hearing@usdoj.gov**

_____                    _____
            *Attorney/Prisoner*                                    *Date*

*Additional Text:* Note: uncharged arrest of Poss Cocaine + Poss Mj — Cat I
offenses — no need to supplement.   (1/11/07)
↑ Denies the above charges ↑

Murphy E. ? PhD                                3-20-2007
_____                    _____
            Examiner                                              *Date*

**Disclosure Documents:** Warrant dated 3-5-07 , Warrant Application dated 3-5-07, Violation Report dated 8-16-06 and 1-30-07 with attachments, Parole Certificate dated 12-12-05, Pre-Sentence Report

**I acknowledge having received the above disclosure documents and a copy of this document.**

_____                    _____
            *Attorney/Prisoner*                           3/20/07  *Date*

_____

**Rockingham,  Michael**
**Reg. No. 26320-145    DCDC No. 180-906**

U.S. Department of Justice

**Certification of Identity**



**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]    *Michael Rockingham*

Citizenship Status [2]    *U.S. Citizen*    Social Security Number [3] *X*

Current Address *X* ███████████████

Date of Birth *X* ███████████    Place of Birth *X* *Wash DC*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature *[signature]*    Date    *3/20/07*

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

Print or Type Name

---

[1] Name of individual who is the subject of the record sought.
[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[4] Signature of individual who is the subject of the record sought.

If the Commission orders a local revocation hearing, such hearing will be held within sixty days of the probable cause finding. If the Commission orders an institutional revocation hearing, such hearing will be held within ninety days of the date you were retaken on the Commission's warrant. If you request postponements of revocation proceedings or take actions which delay such proceedings, these time limits may be extended.

*Initial one of the alternatives below:*

(      ) I REQUEST AN INSTITUTIONAL REVOCATION HEARING IF I AM NOT ORDERED RELEASED BY THE COMMISSION. I UNDERSTAND THAT I MAY BE TRANSFERRED TO A FEDERAL PRISON IF AN INSTITUTIONAL REVOCATION HEARING IS ORDERED.

( *MR* ) I REQUEST A LOCAL REVOCATION HEARING IF I AM NOT ORDERED RELEASED BY THE COMMISSION. MY REASONS FOR REQUESTING A LOCAL HEARING ARE AS FOLLOWS:

_____          _____
(Signature of Parolee or Releasee)         (Signature of Hearing Examiner)

_____3/20/07_____          _____3/20/07_____
(Date)                                  (Date)

subsequent revocation hearing), you are responsible for the attendance of the witness at the appropriate time and pl●. When a hearing is postponed ● obtain witnesses, the Commission usually orders a combined probable cause and local revocation hearing.

I have read (*or had read to me*) the above explanation of the Commission's probable cause procedure, and I fully understand my legal rights under that procedure. (*Initial one of the choices below:*)

(A) (      )  I WISH TO PROCEED WITH MY PROBABLE CAUSE HEARING AT THIS TIME.

(B) (      )  I REQUEST A POSTPONEMENT OF MY PROBABLE CAUSE HEARING IN ORDER TO OBTAIN AN ATTORNEY AND/OR WITNESS(ES).

_____          _____
(Signature of Parolee or Releasee)                    (Date)

## PART TWO

*Instructions:*  This part is to be completed at the conclusion of the probable cause hearing. The explanation below must be read and acknowledged by the alleged violator, and a copy provided to him.

### Notice of Procedural Rights – Revocation Hearing

*OPPORTUNITY TO REQUEST A LOCAL OR INSTITUTIONAL REVOCATION HEARING.* The Commission will order an institutional revocation hearing unless you request, by completing this form, a local revocation hearing. An institutional revocation hearing may be held in the District of Columbia or in any federal prison to which you are transferred following the finding of probable cause. The Commission will grant a request for a local revocation hearing if both of the following conditions are met: (a) you were not convicted of an offense while under supervision, and (b) you deny all of the charges against you. In other cases, the Commission will only order a local revocation hearing if it finds good cause to do so.

In support of any request for a local revocation hearing, you should indicate any witnesses you plan to present at the revocation hearing and any adverse witnesses you wish to appear. Such adverse witnesses will be presented unless good cause is found to deny your request for their appearance. In addition, you may, prior to a local revocation hearing, request that the Commission require the attendance under subpoena of favorable witnesses who have refused to appear voluntarily. Such request will be granted provided you are able to show that the appearance of such favorable witnesses is necessary to the proper disposition of your case, and that their testimony cannot be obtained by other means. If the Commission orders an institutional revocation hearing, this will not alter your right to be represented by an attorney, or to present voluntary witnesses or documentary evidence. However, the Commission will not request the presence of adverse or other witnesses at an institutional revocation hearing.

Before The

## UNITED STATES PAROLE COMMISSION

Name: _Michael Rockingham_    Register No. _26320.145_ DCDC No. _180.906_

✔ For Probable Cause Hearing                    ✔ For Revocation Hearing

*(Select all that apply)*

---

### STATEMENT OF PAROLEE OR MANDATORY RELEASEE
### CONCERNING REQUEST FOR COUNSEL

I, _Michael Rockingham_ having been fully advised of the charges against me and of my rights as set forth in the copy of the (Warrant Application) (Summons to Appear), understand that I may request the D.C. Public Defender Service to assign counsel to assist or represent me in this matter before the United States Parole Commission, and that such representation by counsel may be furnished to me if the D.C. Public Defender Service determines that I am financially unable to obtain attorney representation, and that an attorney is available. After reviewing this notice concerning assignment of counsel,

_____
*(initials)*

I do not wish to apply to the D.C. Public Defender Service for assignment of counsel.

MR
*(initials)*

I do hereby apply to the D.C. Public Defender Service for assignment of counsel (if available), and in connection with this application, I state as follows concerning my true financial condition:

| | employed | unemployed |
|---|---|---|
| I am | | |
| If employed, state weekly income | | $ |
| If self-employed, state average weekly income | $ | |
| Cash on hand and in bank | | $ |
| Number of dependents | | |
| Property Owned | | |

I certify the above to be correct.

_____    2/26/07

*(Signature of Applicant and Date)*

Witness:

*(Signature, Title and Date)*

---

A false or dishonest answer to a question in this application may be punishable by fine or imprisonment or both (18 U.S.C. 1001).

---

Return From D.C. Public Defender Service

The above-named applicant will be represented by

*(Name and Phone Number)*

lease fax this form to the U.S. Parole Commission, Attn: Case Services, (301) 492-5525.

**<u>EXHIBIT T</u>**





**Court Services and Offender Supervision Agency**
**for the District of Columbia**

*Community Supervision Services*
*Branch IIB, General Supervision - Team 31*

**ADDENDUM TO AVR:**

**To:**    The United States Parole Commission

5550 Friendship Boulevard
Chevy Chase, MD 20815



| | | | | |
|---|---|---|---|---|
| **From:** | Ratima Hicks<br>Community Supervision Officer | **Unit:** | Branch IIB, General<br>Supervision - Team 31 |
| | | **Telephone:** | (202) 585-7813 |
| **Please send<br>all inquiries<br>to:** | 1418 Good Hope Rd. S.E.<br>Washington, D.C. 20020 | **Fax:** | (202) 585-7840 |
| | | **Email:** | Ratima.Hicks@csosa.gov |

**Subject:**    Non-Compliance with Parole
**Docket:**     1982_FEL_2434
**Offender:**   Michael Rockingham
**Address:**    ▓▓▓▓▓▓▓▓▓▓
               Washington, D.C. 20019
**FEDREG #:**   26320-145
**FBI #:**      707241J1
**DCDC #:**     180-906
**PDID #:**     256-694
**Action Recommended:**  Revocation Hearing (Scheduled for 4/16/07)

LAST COMMISSION ACTION:  Warrant Executed on 3/16/07

ACTION RECOMMENDED: <u>ADD NEW CHARGES</u>

*Warrant will not be*
*[illegible handwriting]*
*[illegible handwriting]*
*[illegible handwriting]*

*[signature]*
*4/13/07*

**GOVERNMENT**
**EXHIBIT**



Court Services and Offender Supervision Agency                                                    Page 2
Rockingham, Reg# 26320-145

The Commission's attention is respectfully directed to our Alleged Violation Report (AVR) dated 1/30/07, wherein we cited offender Michael Rockingham for illegal use or possession of controlled substances, failure to report as directed and non-compliance with urine surveillance.

The offender identified above is alleged to have committed the following additional violation(s) of parole:

**Violations:**

### Allegation #1: Non-compliance with urine surveillance:

The offender tested positive for **Opiates** on the following date(s): 2/15/07, as evidenced by the attached Drug Status Report.

The offender failed to report for drug testing on the following date(s): 3/8/07, 3/6/07, 2/26/07, 2/22/07, 2/1/07 and 1/30/07, as evidenced by the attached Drug Status Report.

**Summary:** Offender Rockingham has consistently failed to comply with the conditions of his community supervision. Since submission of the violation report dated 1/30/07, the offender has tested positive for Opiates and failed to report for drug testing on at least six additional occasions. The offender continued to state that he failed to report for testing either because he forgot or got off of work late. To address these additional violations, the offender was sanctioned to attend and complete five sanction groups, comply with a 9:30 p.m. curfew and attend three NA (Narcotics Anonymous) meetings per week in the community. The offender continued to provide this officer with excuses as to why he failed to follow through with this officer's instructions. The offender's behavior had become a pattern and it appears as if he was not ready to begin to acknowledge or address his problems in a positive way. The offender is not willing or ready to accept responsibility for his actions, even after the Commission issued a previous warning. Due to the offender's continuous disregard for the Commission's and this officer's instructions, this officer believes that at this time, he is not amenable to community supervision. The offender is currently being held at the D.C. Jail, scheduled for a revocation hearing at 9:00 a.m. on 4/16/07.

**Recommendation:**

In view of the above, it is recommended that the Commission add new charges as listed above.

**Respectfully Submitted,**

*Ratima [signature]*                                            4/3/2007

_____                    _____
Ratima Hicks                                                    (Date)
Community Supervision Officer
Telephone Number: (202) 585-7813

**EXHIBIT U**

## HEARING SUMMARY

**Name: Rockingham, Michael**                                    **Reg No:  26320-145**

### Hearing Parameters

Hearing Format ............................: **In Person**

Hearing Type ...............................: **Revocation (Local)**

Hearing Date ...............................: April 16, 2007

Examiner.......................................: Gregory E. Price

Institution .....................................: D.C. Correctional Treatment Facility

Second Designation ......................: Unknown

### Sentence Parameters

Sentence Type...............................: **DC Parole Eligible**

MR/Statutory Release Date..........: July 16, 2022

Full Term Date.............................: July 19, 2029

Months in Custody........................: 2 as of May 14, 2007

Detainer........................................: None

### Warrant Parameters

Supervision ..................................: **Parole**

Revoking District & Office..........: CSOSA, 1418 Good Hope Road, Washington, DC

Warrant Execution Date...............: March 15, 2007

Probable Cause Date....................: March 20, 2007

### Additional text regarding the above parameters:  None

---

**Prior Action:**  Please see District of Columbia Local Revocation Pre-Hearing Assessment dated April 8, 2007.

**Counsel:**  Rosalind Gonzales, Public Defender Service, 633 Indiana Avenue, Northwest, Washington, DC.

**Witnesses:**  Ratima Hicks, Community Supervision Officer (hereinafter referred to as CSO).

▓▓▓▓▓Rockingham – She stated that she has known subject for approximately 7 years prior to their getting married in December 2006.  She stated that her husband has shown himself to be a fairly frank and honest individual.  She noted that he has some outstanding tickets in the state of Maryland and had worked out a payment plan and had been religious about sticking to the payment plan on these outstanding tickets.  She stated that he was very diligent about paying his fine.  She also noted that he has shown himself to be a very diligent and valued employee.

**Rockingham, Michael, Reg. No. 26320-145**                                    **Page 1 of 4**

GOVERNMENT EXHIBIT

**Procedural Considerations:** None

**Charges:**

**Charge No. 1 - Failure to Submit to Drug Testing**
   **Evidence Presented:** The subject admitted to the above charge with explanation. The subject believed that his missed testing dates were justified by his being at work.

   CSO Hicks pointed out that since August 2006 the subject had failed to report for testing on fifteen occasions. She noted that she has tried to accommodate the subject's work schedule and changed his testing schedule accordingly. It is also noted that the subject tended to miss his testing dates such that in between those dates, he was testing positive for drug usage. She expressed her belief that the subject was being evasive in getting tested because of the drug usage. She also noted that the subject had been excused several times during his period of supervision. She noted lastly that the subject was issued a Letter of Reprimand from the Commission in August 2006 in regard to his drug usage.

   The subject and his attorney stated that there were two dates, December 26, 2006 and December 28, 2006, that he believed he had justifiably missed getting tested. The subject got married about that time. The subject had discussed with his probation officer that he was going to be getting married at that time.
   **Findings of Fact:** This Examiner finds that the subject violated the conditions of release as indicated in the above charge.
   **Basis:** Your admission to the Examiner.

**Charge No. 2 - Use of Dangerous and Habit Forming Drugs**
   **Evidence Presented:** The subject admitted to the above charge. Subject stated he began using drugs about the age of 14 or 15. He noted that he has remained sober from 1992 until 2002. This decade of sobriety came about when his parole examiner ordered him to a drug program in Rockville. He noted that the program did not allow him to enter the District of Columbia. He released from that program and then entered Sober House in Kensington, Maryland and had remained in the Maryland area for that decade.
   **Findings of Fact:** This Examiner finds that the subject violated the conditions of release as indicated in the above charge.
   **Basis:** Your admission to the Examiner.

**Charge No. 3 - Violation of Special Condition (Drug Aftercare)**
   **Evidence Presented:** The subject denied the above charge. The subject stated that he was present on December 27 in spite of the notification from the Next Step Program that he did not attend that session. He also stated he had been granted approval from the Next Step Program for December 28, 2006 and December 29, 2006 because he was getting married. He also had asserted at today's hearing that his probation officer was going to approve his being away from the program on those two dates. As a consequence of his having been present according to the subject, the subject should not have been removed from the Next Step Program.

   CSO Hicks asserted that she had informed the subject that she had no authority over granting approval or disapproval for missed appointments at the Next Step Program since it is a private

agency. She stated that she did try to contact the staff there but was unsuccessful. Today, this Examiner allowed Miss Hicks to try to reach the staff at Next Step through the use of his telephone. Unfortunately, no one responded. We all assumed that it may have been because of the Emancipation Day in the District of Columbia.

The subject has been very vociferous in claiming that he would attend the program on December 27, 2006. He has stated that he has spoken to all staff at Next Step and they had suggested that it would be okay for him to miss those dates but that he would have to get approved by his probation officer. His probation officer today stated that she has no authority in granting approval for absences from their program, given that it is a privately run agency. This Examiner has determined to give the subject the benefit of the doubt with regard to his being present on December 27, 2006. As such, it appears that the Next Step Program may have erred in terminating him from the program since if he was present on December 27, then the subject would not have violated the three absentee policy of that agency. In spite of this fact, this Examiner makes no finding concerning the above violations.
**Findings of Fact:** This Examiner makes no finding concerning the above charge.
**Basis:** There is insufficient evidence to make a finding in this charge.

**Discipline:** None

**Release Plans:** The subject plans to reside at 1912 County Road, Apartment T-3, District Heights, Maryland 20747. He plans to reside there with his wife, Miss Greta Rockingham.

**Guideline Parameters**

**Severity Justification:** Category One because it involved administrative violations.
**Salient Factor Score:** 2

**Re-parole Guideline Range:**.............. 12-16

**Evaluation:** CSO Hicks pointed out that the subject has done well during the early stages of his supervision. He stated that his compliance at that time was marginal because he was unemployed initially and then he began to engage what the probation officer referred to as water loading. She stated that she had worked with the subject and that the subject initially expressed his desire to enter into drug treatment. She also raised questions about the severity of the subject's addiction. She noted that the subject's record of positive drug tests reflect intermittent drug usage as opposed to continuous drug usage. She stated she believes he is a good person and believes that given that he had been on parole several times, he knows exactly what is expected of him behaviorally. She noted that the subject, although he reported to her as scheduled, he did not indicate he was having any difficulties that may have resulted in his drug usage. She knows she had encouraged him to go to Narcotics Anonymous meetings and he did briefly but then his attendance faded from that. She noted that subject has to be more responsible for his behavior.

This is an offender who has been revoked now on four different occasions. The subject, although he was able to remain sober for a decade, he has not assumed responsibility for his own addiction. The subject has expressed today and many other times that his drug addiction is a function of his being in the District of Columbia. This Examiner pointed out to him today that his drug addiction is a function of his using drugs and not where he used drugs. It appears that subject needs a great deal of help now in terms

of substance abuse but also in terms of enriching his sense of personal integrity. It appears that this subject has reached a point in his life where he perhaps is ready to begin the hard work of making changes in his life. As noted in the report, the subject has now married and based on the testimony provided by Miss Rockingham at today's hearing, the subject has a very strong support system in his wife. It is hoped that with the two of them working together, that the subject will be able to cease using drugs and comply with the demands of supervision as he makes his effort at returning and remaining in the community. While the subject has been revoked now for four times, this Examiner is making a recommendation at the bottom of the guidelines. It appears that he has not committed any new law violations since 1993. He has been reporting as directed to his probation officer although he has not done well in terms of reporting to the drug lab. This Examiner believes that the subject may get in to a drug treatment program fairly quickly while at the same time he must be sanctioned for the violation behavior. This is particularly true in light of the fact that he was issued a Letter of Reprimand in August 2006.

**Recommendation:** Revoke parole. None of the time spent on parole shall be credited. Continue to a presumptive parole date of March 14, 2008, after the service of 12 months.

**Conditions:** Participation in the RSC; Drug Aftercare; Mental Health Aftercare (Assessment).

**Statutory Interim Hearing:** Not Applicable

**Guideline Use:** A departure from the guidelines at this consideration is not warranted.

**Additional Text:** None

[Signature]


GEP/SDS
April 19, 2007


**Executive Reviewer's Comments:**

**EXHIBIT V**

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

| | |
|---|---|
| Name: ROCKINGHAM, Michael | Institution: D.C. CTF |
| Register Number: 26320-145 | |
| DCDC No: 180-906 | Date: May 2, 2007 |

### DC Local Revocation

As a result of the hearing conducted on April 16, 2007 the following action was ordered:

Revoke parole. None of the time spent on parole shall be credited. Continue to a presumptive re-parole on March 14, 2008 after service of 12 months. This presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan. The Commission will conduct a pre-release record review up to 9 months prior to the presumptive parole date to ascertain that these conditions have been fulfilled. In order to complete this review, the Case Manager should submit an updated Progress Report to the Commission 10 months prior to the presumptive parole date. If there have been Disciplinary Reports since the Commission's last review, they should be attached to the Progress Report for the Commission's consideration. If the Commission has requested that a current psychological or psychiatric report be prepared for this review, it also should be attached.

In addition, you shall reside in and participate in a program of the Re-Entry and Sanctions Center until discharged by the Center Director, but no later than 120 days from admission.

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

In addition, you shall be subject to the Special Mental Health Aftercare Condition that requires that you participate in an in-patient or an out-patient mental health program as directed by your Supervision Officer.

### FINDINGS OF FACT:

The Commission finds as a fact that you violated conditions of release as charged as indicated below:

Charge No. 1 - Failure to Submit to Drug Testing

Charge No. 2 - Use of Dangerous and Habit Forming Drugs

Basis for the above stated finding(s): Your admission to the Examiner.

GOVERNMENT EXHIBIT ✓

The Commission makes no findings concerning the following charges:

Charge No. 3 – Violation of Special Condition (Drug Aftercare)

Basis: Insufficient Evidence

**REASONS**:

Your parole violation behavior has been rated as administrative violation(s) of Category One severity. Your salient factor score is 2. See the attached sheet for an explanation of your individual Salient Factor Score items. The table at the bottom presents the points for Salient Factor Score Item C. As of April16, 2007 you have been in confinement as a result of your violation behavior for a total of 2 month(s). Guidelines established by the Commission indicate a customary range of 12-16 months to be served before release.

After review of all relevant factors and information, a departure from the guidelines at this consideration is not warranted.

THE ABOVE DECISION IS APPEALABLE.

You may obtain appeal forms from your caseworker or supervising officer and they must be filed with the Commission within thirty days of the date this Notice was sent.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    D.C. Federal Billing Unit
       D.C. Department of Corrections
       Washington, D.C. 20003

       U.S. Marshals Service
       District of Columbia - District Court
       333 Constitution Ave, N.W., Room 1400
       Washington, D.C. 20001
       Warrants - Attn: David Baldwin

       U.S. Probation Office
       General Supervision Unit II-Team 31
       CSOSA
       1418 Good Hope Road, S.E.
       Washington, D.C. 20020

Rosalind Gonzales
Public Defender Service
District of Columbia
Special Proceedings Division
633 Indiana Avenue, N.W.
Washington, D.C. 20004

CSS Data Management Group
D.C. Court Services & Offender Supervision Agency
300 Indiana Avenue, N.W., Suite 2070
Washington, D.C. 20001



Rockingham 26320-145                    -3-                    Clerk   SRM
Queued: 05-02-2007 13:52:21 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Unit | USPO-General
Supervision Unit II-Team 31, 1418 Good Hope Road | USM-District of Columbia - District Court, D.C. District Court | FPD-
District of Columbia, District of Columbia - DC |

## SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 0 | A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 1 | C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | D - Recent commitment free period (three years) No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | E - Probation/parole/confinement/escape status violator this time Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 1 | F - Older offenders If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 2 | Salient Factor Score (SFS-98) (sum of points for A-F above) |



| Points For SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

Queued: 05-02-2007 13:52:21 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Unit | USPO-General Supervision Unit II-Team 31, 1418 Good Hope Road | USM-District of Columbia - District Court, D.C. District Court | FPD-District of Columbia, District of Columbia - DC |