UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Let this be filed
R. M. Coller
12/10/07

| Michael R. Rockingham | ) |
| Petitioner | ) |
| | ) |
| -vs- | ) | Civil Action No. 07-0952-(RMC) |
| | ) | 07-952 |
| U.S. Parole Commission | ) |
| Respondent | ) |

## Opposition To Respondent Motion

Michael Rockingham, hereby respectfully files his Opposition to Respondent Motion. The Petitioner shows grounds to support **pro se** petition of Writ of Habeas Corpus. The Court will find in the Exhibits where (CSOSA) Mrs. Hicks deliberately mislead the U.S. Parole Commission to obtain a warrant.

### Arguments In Opposition

1) Exhibit A, states where the Offender can be reached and a place of resident for approximately thirty (30) years. Home verification in person was done Janurary 17, 2007.

2) The Offender has been unemployed since September 25, 2006 and Exhibit A, shows employment.

3) In Exhibit A-1, the Offender admits failure to report for drug testing because of hospital appointments and employment.

4) In the U.S. Parole Commission's Opposition, they fail to **show any evidence** of Community Service, no month, date or time.

5) The Officer stated that she referred the Offender for a

Sanction Staffing; once again in the Opposition, there is no referral, no month, date, time or person.  There was no such meeting.

6)   According to Exhibit A, the writer states that a home visit was done on January 17, 2007 and verification was done as being in the District of Columbia.

If (CSOSA) Mrs. Hicks has a problem with the Petitioner's Marriage Certificate, she had ample opportunity to address it, if it was a problem.  She received a copy in January, Exhibit A-1.

7)   In Exhibit A-1, the Officer states that the Offender continues to engage in criminal behavior "pre-contemplation" stage of change, and he is not ready to take responsibility for his actions. At the bottom of Exhibit A-1, the Officer conducted a Wales, NCIC, IJIS search, which revealed no outstanding warrants or new pending charges, which contradicts the preceeding statement.  I have addressed my addiction through Vanguard Services, but there was not any cycle of negative behavior and criminal thinking.

8)   The Parole Commission states that the Petitioner was paroled on or about December 12, 2005 and that he has failed Supervision since that time.  The Petitioner was not paroled until December 12, 2005;  goverment Exhibit N. And further,the Petitioner did did not relapse until after March 30, 2006, Exhibit B.

In Exhibit C, the Officer has sanctioned the Offender by utilizing sanctions, such as increased drug testing, increased supervision level.  Once again (CSOSA) Mrs. Hicks has misinformed the U.S. Parole Commission as well as the Courts.

Page 2

**Exhibit D, upon release** one must drug test twice a week and your Supervision is automatically maximum. Nothing was increased. No referral for two (2) daily sanctions a week.

9)   **In Exhibit C,** a home verification was done July 19, 2006. Once again, the writer stated it was verified as 3339 Ames Street N.E.

10)  In Exhibit A, the writer states that the Petitioner has failed to comply, dated February 2, 2007 (Cover Sheet of Exhibit A). And in Exhibit D, the same writer states that Supervision has been marginal (cover sheet of Exhibit D) dated August 21,2006. Yet, it is stated in the governments Opposition that Petitioner has been out of compliance since December 12, 2005; you can not have it both ways!

11)  In Exhibit A, (CSOSA) Mrs. Hicks states that the Petitioner has failed to comply with terms of Supervision since that time. In Exhibit E, it is stated that the Offender has followed through with all implied sactions. It also states that a (Supervisory Community Supervision Officer) conference, Petitioner requested documentation of meeting, month, date or person, no such conference was ever held.

12)  In Exhibit A, A-1, and D (CSOSA) Mrs. Hicks highlights the Petitioner as negative and out of compliance, but yet she contradicts herself in Exhibit E, stating to the Offender credit, that he has maintained employment since his release and reported for all scheduled office visits.

13)  Exhibit F, on the 27th of December 2006 Petitioner informed Mr. Folks and Ray, that he would not be there on the 28th and 29th of December 2006, and for that reason Petitioner should not have been removed from the Next Step Program.

(CSOSA) Mrs. Hicks asserted that she had no authority for approving missed appointments at the Next Step Program, since it is a private agency.  She stated that she tried to contact the staff but was unsuccessful.  Next Step is a private agency, yet part of its funding comes from (CSOSA) and the Court services.

Mrs. Hicks never tried to reach Next Step.  Mr. Folkes called her numerous of times but she refused to return his call.  Next Step policy states, "The only person that can excuse you are the Parole Officers."  Next Step sits in a radius of 12 minutes walking and 3 minutes of driving from the Parole building.  The Parole building sits on the corner of Good Hope Road and Minnesota Avenue.  Next Step Center sits on 17th and Minnesota and, yet she was unsuccessful in contacting the program.

14)  Exhibit G, the Petitioner states the reason of absents, where (CSOSA) Mrs. Hicks requested a letter from Rev. Dr. Isaac Alston to verify counseling on the 28th of December 2006, given to her in January 2007.

Exhibit G-1, and G-2 was given to (CSOSA) Mrs. Hicks which consist of a copy of my Marriage Certificate, and the Resort where I stayed at in January 2007.  Exhibit A-1, states she received it and believed that the Offender resides in Maryland,

when he resides in the District, proven documents.

Once the Petitioner completed the program, the Parole Officer was going to transfer his parole.

15) The warrant application was sought under high prejudicial circumstances to give the U.S. Parole Commission the right to apply recidivism, Exhibit G-3 and G-4.

Petitioner has been incarcerated between 19 to 21 years on an original sentence of 12 to 36 years that the Honorable Tim Murphy sentenced me to in 1982. Without (street time) my full term date is January 15, 2030.

16) In Exhibit G-5, the Parole Commission want Petitioner to participate in a Re-Entry Center, after terminating him from Next Step, which is a Drug After and Re-Entry Center. The purpose of Next Step was to address my use of illegal drug usage. The revocation and warrant was based on the event that the Offender did not complete treatment and the Officer would notify the Commission of his non-compliance and request a warrant at that time, Exhibit E.

In Exhibit H thru Q, shows that the Petitioner was responsible. Petitioner has paid his fines, as well as debt to society, and should not be incarcerated because he relapsed, and was in a drug aftercare center.

## Conclusion

It would appear that counter measures were sought to derail Petitioner treatment process to get Petitioner in custody and once

Petitioner was detained, the initial <u>clemental</u> cause for seeking the warrant was dismissed. Surely this amounts to throwing the rock and hiding the hand. Petitioner respectfully request that this Honorable Court review all Exhibits and records in this case.

### Relief Sought

In light of the above arguments, Petitioner prays that this Honorable Court will grant relief in the form of reinstatement and the return of his "street time."

Respectfully submitted,

Michael R. Rockingham

North
State of Carolina, County of Hertford
Signed before me on this 20th day
of November, 2007 by April 20, 2011
Notary Public Cindy L. Vann

CINDY L. VANN
NOTARY
PUBLIC
HERTFORD COUNTY, N.C.

Page 6

# Court Services and Offender Supervision Agency
## for the District of Columbia

*Community Supervision Services*
*Branch IIB, General Supervision - Team 31*

### Alleged Violation(s) Report

1/30/2007

**To:**  The United States Parole Commission

5550 Friendship Boulevard
Chevy Chase, MD 20815





| | |
|---|---|
| **From:** Ratima Hicks<br>Community Supervision Officer | **Unit:** Branch IIB, General<br>Supervision - Team 31 |
| | **Telephone:** (202) 585-7813 |
| **Please send all inquiries to:** 1418 Good Hope Rd. S.E.<br>Washington, D.C. 20020 | **Fax:** (202) 585-7840 |
| | **Email:** Ratima.Hicks@csosa.gov |

**Subject:** Non-Compliance with Parole

**Docket:** 1982_FEL_2434

**Offender:** Michael R. Rockingham

**Address:** 3339 Ames St. N.E.
Washington, D.C. 20019

**FEDREG #:** 26320-145

**FBI #:** 707241J1

**DCDC #:** 180-906

**PDID #:** 256-694

**Action Recommended:** Warrant

### SENTENCING INFORMATION

Offender Rockingham is a 50 year-old male who was sentenced on 6/29/83 to not less than ten (10) years, not more than thirty (30) years incarceration in docket# 1982_ FEL_ 2434 for the offense of Armed Robbery. The offender was also sentenced on 6/29/83 to two (2) to six (6) years incarceration (docket# 1982_FEL_2415) for the offense of Robbery. The offender was re-

Court Services and Offender Supervision Agency
Rockingham, FEDREG# 26320-145

paroled on 12/12/05 with a full-term/expiration date of 10/15/28. The offender has the following special conditions: Drug Testing and Drug/Alcohol Treatment.

## ALLEGED VIOLATION(S):

Since 8/16/06, Michael Rockingham is alleged to have violated the following conditions and had the corresponding sanction(s) imposed:

## ALLEGATION #1 ILLEGAL USE OR POSSESSION OF CONTROLLED SUBSTANCES:

The offender tested positive for **Cocaine** on the following date(s): 12/21/06, 12/12/06, 12/5/06 and 8/21/06, as evidenced by the attached Drug Status Report.

The offender tested positive for **Opiates** on the following date(s): 12/12/06, 12/5/06, 11/30/06, 11/28/06, 11/16/06 and 8/21/06, as evidenced by the attached Drug Status Report.

The offender tested positive for **Alcohol** on the following date(s): 12/12/06, 12/5/06, 11/30/06, 11/9/06 and 8/21/06, as evidenced by the attached Drug Status Report.

## ALLEGATION #2 FAILURE TO REPORT AS DIRECTED:

The offender failed to report to a community service event on the following date(s): 12/30/06, as evidenced by the attached email from the community service coordinator.

## ALLEGATION #3 NONCOMPLIANCE WITH URINE SURVEILLANCE:

The offender failed to report for drug testing on the following date(s): 1/23/07, 1/16/07, 12/28/06, 12/26/06, 12/14/06, 12/7/06, 10/30/06, 10/23/06, 8/24/06 and 8/17/06, as evidenced by the attached Drug Status Report.

The offender provided a bogus urine sample on the following date(s): 1/9/07, as evidenced by the attached incident report.

## CASE SUMMARY:

Offender Rockingham lives at 3339 Ames St. N.E., Washington, D.C. 20019 and can be reached at (202) 399-6264 by telephone. The offender has been at this place of residence for approximately thirty years. The last home verification was conducted on 1/17/07 and was verified during an in person home visit. The offender has been unemployed since 9/25/06. This information was last verified on 1/9/07.

The offender was re-paroled on or about 12/12/05 and has failed to comply with the terms of his supervision since that time. The offender's overall adjustment is poor. This officer has provided the offender with numerous opportunities to come into compliance but he refuses to comply with this officer's instructions. The offender has continued testing positive for illegal substances, even after the submission of the previous violation report that was submitted on or about 8/16/06. This officer submitted a violation report informing the Commission of the offender's non-compliant

EXHIBIT
A

**GOOD YEAR**

| NAME | | EMPLOYEE ID NUMBER | LOCATION |
|---|---|---|---|
| MICHAEL ROCKINGHAM | VA | ***-**-**** | GTR JUST TIRE 8957 |

| PER. START DATE | PER. END DATE | HRLY RATE | TOTAL HOURS | GROSS PAY | NET PAY | CHECK NUMBER |
|---|---|---|---|---|---|---|
| 03/09/07 | 03/15/07 | 9.0000 | .00 | 292.50 | 261.00 | 9340348 |

| EARNINGS | DATE | HOURS CR | AMOUNT CR | YEAR TO DATE CR | TAXES & DEDUCTIONS | AMOUNT | YEAR TO DATE |
|---|---|---|---|---|---|---|---|
| REG PAY | 03/15 | 32.50 | 292.50 | 940.50 | FICA-OASDI | 22.39 | 72.47 |
| 1.5 OTIME | | .00 | .00 | 6.75 | FED INC TX | .79 | 9.34 |
| | | | | | D.C. | 8.32 | 32.13 |

070770006932

07A008  11-99

SPECIAL MESSAGE

| EXEMPTIONS | | ADDITIONAL/FIXED AMOUNT |
|---|---|---|
| FEDERAL | M | 02 |
| STATE | M | 02 |

**THE GOODYEAR TIRE & RUBBER COMPANY EMPLOYEE'S STATEMENT**

EXHIBIT

A

**GOOD/YEAR**

| NAME MICHAEL ROCKINGHAM | | | EMPLOYEE ID NUMBER VA ***-**-**** | | LOCATION GTR JUST TIRE 8957 | | |
|---|---|---|---|---|---|---|---|

| PER. START DATE 03/02/07 | PER. END DATE 03/08/07 | HRLY RATE 9.0000 | TOTAL HOURS .00 | GROSS PAY 366.75 | NET PAY 315.84 | CHECK NUMBER 9332757 |
|---|---|---|---|---|---|---|

| EARNINGS | DATE | HOURS CR | AMOUNT CR | YEAR TO DATE CR | TAXES & DEDUCTIONS | AMOUNT * | YEAR TO DATE |
|---|---|---|---|---|---|---|---|
| REG PAY | 03/08 | 40.00 | 360.00 | 648.00 | FICA-OASDI | 28.04 | 50.08 |
| MEAL OTM | 03/08 | .50 | 6.75 | 6.75 | FED INC TX | 8.21 | 8.55 |
| | | | | | D.C. | 14.66 | 23.81 |

070700004580

07A008  11-99

| EXEMPTIONS | | ADDITIONAL/FIXED AMOUNT | SPECIAL MESSAGE |
|---|---|---|---|
| FEDERAL | M  02 | | |
| STATE | M  02 | | |

*EXHIBIT A*

**THE GOODYEAR TIRE & RUBBER COMPANY EMPLOYEE'S STATEMENT**

REMOVE THESE EDGES FIRST
FOLD CREASE AND TEAR ALONG PERFORATION

behavior and as a result, the Commission issued a Letter of Reprimand warning the offender against any additional violations.

Since the Letter of Reprimand was issued, the offender has tested positive for Opiates on 11/9/06 and 8/21/06. The offender was sanctioned to attend daily sanctions groups and given a verbal reprimand. The offender continued testing positive for Opiates on 12/12/06, 12/5/06, 11/30/06, 11/28/06 and 11/16/06. The offender was sanctioned additionally by being placed on daily reporting for a period of five days, given a therapeutic task (thinking report regarding behavior), increase in supervision level and a written reprimand. The offender continues to deny any substance abuse but has recently tested positive for Cocaine. The offender has also failed to report for testing on ten separate occasions and was hereby sanctioned to complete four hours of community service, in which he failed to report. The offender also provided a bogus urine sample in an attempt to avoid producing a positive test. As additional interventions, this officer referred the offender for a sanction staffing, GPS placement and a Supervisory Community Supervision Officer (SCSO) Conference to address his continuous non-compliance.

The offender has already been given the opportunity to address his treatment needs. On 9/25/06, the offender completed twenty-eight days residential treatment at Vanguard Services Unlimited. Upon completion of the program, this officer noticed that the offender continued using drugs. The offender was then referred for fifty- four sessions of intensive outpatient treatment at The Next Step program. The offender began the program on or about 12/18/06 and was unsuccessfully discharged on 1/4/07 due to failing to report for the required groups.

This officer would also like to inform the Commission that the offender provided a Maryland address on his marriage license dated 12/29/06. The offender's family indicates that he resides in the District, but this officer believes that, based on the marriage license, the offender resides with his wife in Suitland, M.D.

The offender has been released on parole at least three times and given numerous opportunities to successfully complete his supervision in the community, but each time, failed to comply with the Commission's conditions of release. The offender has been sanctioned repeatedly and this officer has yet to see any change in the offender's pattern of behavior. This officer believes that the offender continues to place himself in high risk situations and does not appear to want to avoid them. This officer believes that the offender is not responding well to his supervision because there seems to be a lack of motivation to commit to making a long-term change. Some of the barriers that impede the offender's success include acknowledging that he has a substance abuse problem, low levels of education, no self-management, the inability to accept responsibility for his actions and lack of employment. This officer continues to encourage the offender and reinforce pro-social behaviors but to no avail. The offender continues to engage in criminal behavior as he remains in the "Pre-Contemplation" stage of change. He clearly is not ready to take responsibility for his actions and has not made a commitment toward engaging in pro-social behaviors and changing his lifestyle. For these reasons, this officer believes that he is not amenable to community supervision at this time.

**On 1/30/07, this officer conducted a WALES, NCIC, IJIS search which revealed that there are no outstanding warrants or new/pending charges listed for the offender.**

EXHIBIT
A1

Court Services and Offender Supervision Agency                                                Page 4

Rockingham, FEDREG# 26320-145

**RECOMMENDATION**

This Community Supervision Officer concludes that the offender poses a high risk for Community Supervision due to continuous use of illicit substances, a continuous cycle of negative behaviors and lack of desire to change his criminal thinking. Therefore, this Community Supervision Officer is respectfully requesting a warrant.

Respectfully submitted,

_Ratima Hicks_                                                            _1-30-07_
Ratima Hicks                                                             (Date)
Community Supervision Officer
Telephone Number: (202) 585-7813


Approved by:

_Joel Azikiwe_                                                          _1-30-07_
Joel Azikiwe                                                            (Date)
Supervisory Community Supervision Officer
Telephone Number: (202) 585-7802


Branch Chief, John Milam (John.Milam@csosa.gov)

cc: File

EXHIBIT
A1

*DRUG STATUS REPORT – Michael R. Rockingham   PDID: P 256694*

*Page 4*

| DATE | DESCRIPTION | AMP | COC | METH | OPI | PCP | MARI | ALC | CREA |
|------|-------------|-----|-----|------|-----|-----|------|-----|------|
| 01/10/2006 | **Surveillance**<br>By CSO Hicks/AFU 585-7813. | | | *Excused from Testing* | | | | | |
| 01/06/2006 | **Surveillance** | Neg | Neg | Neg | Neg | Neg | Neg | Neg | -- |
| 01/03/2006 | **Surveillance** | Neg | Neg | Neg | Neg | Neg | Neg | Neg | -- |
| 12/30/2005 | **Surveillance** | Neg | Neg | Neg | Neg | Neg | Neg | Neg | -- |
| 12/27/2005 | **Surveillance** | Neg | Neg | Neg | Neg | Neg | Neg | Neg | Norm |
| 12/23/2005 | **Surveillance** | Neg | Neg | Neg | Neg | Neg | Neg | Neg | -- |
| 12/20/2005 | **Surveillance** | -- | Neg | -- | Neg | Neg | Neg | Neg | Norm |
| 12/20/2005 | **Surveillance** | | | *Did Not Report for Testing* | | | | | |
| 12/16/2005 | **Placement** | Neg | Neg | Neg | Neg | Neg | Neg | Neg | -- |
| 12/16/2005 | **Placement**<br>Offender was placed in General Supervision drug testing program in F243482 AT 3850 S.CAPITOL PER CSO LOVE FOR MILLER/31/7818 on 12/16/2005. | | | | | | | | |
| 12/12/2005 | **Initial test** | -- | Neg | -- | Neg | -- | Neg | -- | -- |
| 12/12/2005 | **CSS Remark**<br>Probation spot test ordered per cso awirne team 2 202-585-7802. | | | | | | | | |

---

| Defense Attorney: | Phone Number: |
|---|---|

*For further compliance information, please call .*

**This information is intended for use by the Court and the attorneys, and not for inclusion in the court jacket.**

Prepared: 8/16/06 9:14:03 am By:



EXHIBIT
B

| DATE | DESCRIPTION | AMP | COC | METH | OPI | PCP | MARI | ALC | CREA |
|------|-------------|-----|-----|------|-----|-----|------|-----|------|
| 03/30/2006 | Surveillance<br>PER CSO HICKS/AFU/7813 | | | *Excused from Testing* | | | | | |
| 03/28/2006 | Surveillance | | | *Did Not Report for Testing* | | | | | |
| 03/23/2006 | Surveillance<br>The creatinine value for this sample is 15 mg/dl. Creatinines less than 20 mg/dl may indicate water loading. | Neg | Neg | Neg | Neg | Neg | Neg | Neg | Load |
| 03/21/2006 | Surveillance | | | *Did Not Report for Testing* | | | | | |
| 03/16/2006 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | -- |
| 03/14/2006 | Surveillance | | | *Did Not Report for Testing* | | | | | |
| 03/09/2006 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | -- |
| 03/07/2006 | Surveillance<br>PER CSO R. HICKS | | | *Excused from Testing* | | | | | |
| 03/02/2006 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | -- |
| 02/28/2006 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | -- |
| 02/23/2006 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | -- |
| 02/21/2006 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | -- |
| 02/16/2006 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | -- |
| 02/14/2006 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | -- |
| 02/10/2006 | Surveillance (remark)<br>Testing reporting day was changed TO TUE& THURS PER CSO HICKS/AFU/78132/10/2006. | | | | | | | | |
| 02/09/2006 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | -- |
| 02/07/2006 | Surveillance | | | *Unable to Submit Sample* | | | | | |
| 02/03/2006 | Lock Up | | | *Did Not Submit Sample* | | | | | |
| 02/03/2006 | Surveillance | | | *Defendant Incarcerated* | | | | | |
| 01/31/2006 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | -- |
| 01/27/2006 | Surveillance | | | *Defendant Incarcerated* | | | | | |
| 01/26/2006 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | -- |
| 01/24/2006 | Surveillance | -- | Neg | Neg | Neg | -- | Neg | -- | -- |
| 01/24/2006 | Surveillance (remark)<br>Offender resumed drug testing in General Supervision Program on T/Th per CSO Hicks/31 585-7802. | | | | | | | | |
| 01/20/2006 | Surveillance<br>Drug testing suspended due to multiple failures to report | | | *Did Not Report for Testing* | | | | | |
| 01/17/2006 | Surveillance<br>Offender excused from drug testing due to computer installation on 1/17/2006 | | | *Excused from Testing* | | | | | |
| 01/13/2006 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | -- |

*continued on next page*

Court Services and Offender Supervision Agency
Michael Rockingham FEDREG 26320-145

years incarceration (docket# 1982_FEL_2415) for offense of Robbery. The offender was re-paroled on 12/12/05 with a full-term/expiration date of 10/15/28. The offender has the following special conditions: Drug Testing and Drug/Alcohol Treatment.

Since 12/12/05, Michael Rockingham is alleged to have violated the following conditions and had the corresponding sanction(s) imposed:

## ALLEGATION #1 ILLEGAL USE OF CONTROLLED SUBSTANCES:

The offender tested positive for **Cocaine** on the following date(s): 8/14/06, 8/10/06, 7/12/06, 7/8/06, 6/28/06 and 6/21/06, as evidenced by the attached Drug Status Report.

The offender tested positive for **Opiates** on the following date(s): 8/14/06 and 8/10/06, as evidenced by the attached Drug Status Report.

The offender tested positive for **Alcohol** on the following date(s): 8/10/06, 5/13/06 and 5/10/06, as evidenced by the attached Drug Status Report.

The offender **water-loaded** his urine samples on the following date(s): 7/12/06, 7/8/06, 7/5/06, 6/14/06, 6/7/06, 5/31/06, 5/10/06, 5/3/06, 4/26/06, 4/22/06, 4/15/06, 4/12/06 and 3/23/06, as evidenced by the attached Drug Status Report.

## ALLEGATION #2 FAILURE TO REPORT AS DIRECTED:

The offender failed to report for drug testing on the following date(s): 8/7/06, 7/31/06, 7/15/06, 7/1/06, 6/24/06, 4/19/06, 3/28/06, 3/21/06, 3/14/06, 1/20/06 and 12/20/05, as evidenced by the attached Drug Status Report.

3339 AMES ST
Michael Rockingham lives at ████████████, Washington, D.C. 20019 and can be reached at (202)████████ by telephone. The offender has been at this place of residence for approximately thirty years. The last home verification was conducted on 7/19/06 and was verified during an in person home visit. The offender is currently employed as an auto mechanic with AYT/Project Empowerment. The last employment verification was conducted on 7/13/06 and was verified by review of a current pay stub.

The offender was re-paroled on 12/12/05. Since that time, the offender's adjustment to supervision has been marginal. The offender's supervision started off poorly due to his numerous failures to report for drug testing. The offender has failed to report for testing, at least eleven times in the last eight months. This officer has sanctioned the offender by utilizing sanctions such as increased drug testing, increased supervision level, written reprimands and verbal reprimands. The offender cited his work hours as one of the reasons for missing his

EXHIBIT

C





**Court Services and Offender Supervision Agency**
**for the District of Columbia**
*Community Supervision Services*
*Branch IIB, General Supervision - Team 31*

**Alleged Violation(s) Report**

8/16/2006

To:   The United States Parole Commission

      5550 Friendship Boulevard
      Chevy Chase, MD 20815

RECEIVED
AUG 2 1 2006
US PAROLE COMMISSION



| | | | |
|---|---|---|---|
| **From:** | Ratima Hicks<br>Community Supervision Officer | **Unit:** | Branch IIB, General<br>Supervision- Team 31 |
| | | **Telephone:** | (202) 585-7813 |
| **Please send all<br>inquiries to:** | 1418 GOOD HOPE RD. S.E.<br>WASHINGTON, DC 20020 | **Fax:** | (202) 585-7840 |
| | | **Email:** | Ratima.Hicks@csosa.gov |

**Subject:**   Non-Compliance with Parole
**Docket:**   1982_FEL_002434 & 1982_FEL_002415
**Offender:**   **MICHAEL ROCKINGHAM**
**Address:**   ███████████
             Washington, DC 20019
**FEDREG #:**   26320-145
**FBI #:**   707241J1
**DCDC #:**   180-906
**PDID #:**   256-694
**Action Recommended:   Letter of Reprimand**

1) Use of Drugs
2) Failure to Abstain from Alcohol
3) Failure to Submit to Drug Test

JEQUAN S. JACKSON

**SENTENCING INFORMATION**

Offender Rockingham is a 50 year-old male who was sentenced on 6/29/83 to not less than ten
(10) years, not more than thirty (30) years incarceration in docket# 1982_ FEL_ 2434 for the
offense of Armed Robbery.  The offender was also sentenced on 6/29/83 to two (2) to six (6)



GOVERNMENT
EXHIBIT
8

**COURT SERVICES AND OFFENDER SUPERVISION AGENCY**
**FOR THE DISTRICT OF COLUMBIA**

**COMMUNITY SUPERVISION SERVICES**
**SANCTIONS AND INTERVENTIONS/LOSS OF CONTACT REVIEW SHEET**

| | |
|---|---|
| **Offender Name:** | Michael Rockingham |
| **Docket Number:** | 1982_FEL_2434, 1982_FEL_2415   **PDID Number:**   256-694 |

The following sanction(s) were imposed prior to writing the violation report:

☒ **Daily supervision check-in for 5 working days.**

☐ **7 days residential sanctions facility (Halfway Back)**

☒ **Increased drug testing 2 times per week/CIT assessment.**

☐ **14 days residential sanctions facility (Halfway Back)**

☒ **SCSO Conference/Reprimand**

☐ **Continued stay at residential sanctions facility for up to ___ 30 ___60 ___ 90 days (Halfway Back).**

☒ **Attend daily sanctions group for 2 weeks.**

☒ **Increased Supervision ____ Med _X_ Max ____ Intensive**

☒ **Placement in inpatient treatment as warranted by substance abuse assessment.**

☐ **Electronic Monitoring ____ 30 days or more (____)**

☐ **Other _____.**

☐ **No Sanction(s) Imposed State Reason:**

**Loss of Contact Procedures Followed:**

☐ **Telephone Call to Offender** ☐ **Home Visit Conducted** ☐ **Certified Letter Sent** ☐ **Record Check** ☐ **Collateral Contacts**

**SCSO Review**

☑ **Sanctions imposed and/or loss of contact procedures followed.**

☐ **Sanctions not imposed appropriately and/or loss of contact procedures not followed.  Case returned to CSO with the following instructions:**

_____

_____

_____

| | |
|---|---|
| _Jeevotgature_ | 8-19-06 |
| **SCSO Signature** | **Date** |

**Revised January 15, 2002**

EXHIBIT
D

appointments, so this officer changed his testing days to one weekday and one Saturday to accommodate his work schedule. The offender still missed several drug tests after that and offered no valid reasons for the missed tests.

The offender began testing positive for illegal substances on 5/10/06. As an immediate sanction, the offender was instructed to attend four sanction groups for his non-compliance. The offender tested positive again on 5/13/06 and was placed on daily reporting as an intermediate sanction. The offender ignored this officer's warnings and tested positive for Cocaine again on 6/21/06 and has tested positive fairly consistently since that time. The offender continued to use and recently tested positive for Opiates and Alcohol. This officer implied additional sanctions which included NA (Narcotics Anonymous) meetings twice a week, community service and an SCSO (Supervisory Community Supervision Officer) Conference. Although the offender has followed through with all implied sanctions, he continues to violate the conditions of his release, which clearly indicate that he must not use or possess any illegal substances. The offender is continuously water loading his urine samples, which leads this officer to believe that he is masking negative behaviors and trying to avoid producing positive samples.

On 4/24/06, the offender was assessed by CIT (Central Intervention Team) and it was determined by the treatment specialist that he did not need treatment at that time. Due to the fact that the offender started testing positive, he attended a sanction staffing on 8/2/06, where it was recommended that he will be placed in a residential facility (Vanguard Services) for a period of twenty-eight days, beginning 8/28/06. Although the offender denies that he has a substance abuse problem and does not need treatment, he has stated that he is willing to participate in treatment in an effort to change his behavior. This officer has encouraged the offender to try to avoid anti-social peers, negative environments and high risk situations. This officer believes that the offender associates with anti-social peers, which may ultimately lead to his intermittent substance abuse.

At this time, this officer is requesting a Letter of Reprimand, provided that the offender enters and successfully completes residential treatment and aftercare. In the event that the offender does not complete treatment, this officer will notify the Commission of his non-compliance and request a warrant at that time. This officer has exhausted all efforts in bringing the offender back into compliance.

To his credit, the offender has maintained employment since his release and reported for all scheduled office visits.

**On 8/16/06, a WALES, NCIC, IJIS check revealed that there are no outstanding warrants or new/pending charges.**

**RECOMMENDATIONS**

This Community Supervision Officer concludes that the offender poses a moderate risk for Community Supervision. Therefore, this Community Supervision Officer is respectfully requesting a letter of reprimand.

EXHIBIT

E

**Procedural Considerations:** None

**Charges:**

**Charge No. 1 - Failure to Submit to Drug Testing**
    **Evidence Presented:** The subject admitted to the above charge with explanation. The subject believed that his missed testing dates were justified by his being at work.

CSO Hicks pointed out that since August 2006 the subject had failed to report for testing on fifteen occasions. She noted that she has tried to accommodate the subject's work schedule and changed his testing schedule accordingly. It is also noted that the subject tended to miss his testing dates such that in between those dates, he was testing positive for drug usage. She expressed her belief that the subject was being evasive in getting tested because of the drug usage. She also noted that the subject had been excused several times during his period of supervision. She noted lastly that the subject was issued a Letter of Reprimand from the Commission in August 2006 in regard to his drug usage.

The subject and his attorney stated that there were two dates, December 26, 2006 and December 28, 2006, that he believed he had justifiably missed getting tested. The subject got married about that time. The subject had discussed with his probation officer that he was going to be getting married at that time.
    **Findings of Fact:** This Examiner finds that the subject violated the conditions of release as indicated in the above charge.
    **Basis:** Your admission to the Examiner.

**Charge No. 2 - Use of Dangerous and Habit Forming Drugs**
    **Evidence Presented:** The subject admitted to the above charge. Subject stated he began using drugs about the age of 14 or 15. He noted that he has remained sober from 1992 until 2002. This decade of sobriety came about when his parole examiner ordered him to a drug program in Rockville. He noted that the program did not allow him to enter the District of Columbia. He released from that program and then entered Sober House in Kensington, Maryland and had remained in the Maryland area for that decade.
    **Findings of Fact:** This Examiner finds that the subject violated the conditions of release as indicated in the above charge.
    **Basis:** Your admission to the Examiner.

**Charge No. 3 - Violation of Special Condition (Drug Aftercare)**
    **Evidence Presented:** The subject denied the above charge. The subject stated that he was present on December 27 in spite of the notification from the Next Step Program that he did not attend that session. He also stated he had been granted approval from the Next Step Program for December 28, 2006 and December 29, 2006 because he was getting married. He also had asserted at today's hearing that his probation officer was going to approve his being away from the program on those two dates. As a consequence of his having been present according to the subject, the subject should not have been removed from the Next Step Program.

CSO Hicks asserted that she had informed the subject that she had no authority over granting approval or disapproval for missed appointments at the Next Step Program since it is a private

**Rockingham, Michael, Reg. No. 26320-145**          Page 2 of 4

EXHIBIT
F

agency. She stated that she did try to contact the staff there but was unsuccessful. Today, this Examiner allowed Miss Hicks to try to reach the staff at Next Step through the use of his telephone. Unfortunately, no one responded. We all assumed that it may have been because of the Emancipation Day in the District of Columbia.

The subject has been very vociferous in claiming that he would attend the program on December 27, 2006. He has stated that he has spoken to all staff at Next Step and they had suggested that it would be okay for him to miss those dates but that he would have to get approved by his probation officer. His probation officer today stated that she has no authority in granting approval for absences from their program, given that it is a privately run agency. This Examiner has determined to give the subject the benefit of the doubt with regard to his being present on December 27, 2006. As such, it appears that the Next Step Program may have erred in terminating him from the program since if he was present on December 27, then the subject would not have violated the three absentee policy of that agency. In spite of this fact, this Examiner makes no finding concerning the above violations.
**Findings of Fact:** This Examiner makes no finding concerning the above charge.
**Basis:** There is insufficient evidence to make a finding in this charge.

**Discipline:** None

**Release Plans:** The subject plans to reside at 1912 County Road, Apartment T-3, District Heights, Maryland 20747. He plans to reside there with his wife, Miss Greta Rockingham.

**Guideline Parameters**

**Severity Justification:**   Category One because it involved administrative violations.
**Salient Factor Score:**   2

**Re-parole Guideline Range:**.............. 12-16

**Evaluation:** CSO Hicks pointed out that the subject has done well during the early stages of his supervision. He stated that his compliance at that time was marginal because he was unemployed initially and then he began to engage what the probation officer referred to as water loading. She stated that she had worked with the subject and that the subject initially expressed his desire to enter into drug treatment. She also raised questions about the severity of the subject's addiction. She noted that the subject's record of positive drug tests reflect intermittent drug usage as opposed to continuous drug usage. She stated she believes he is a good person and believes that given that he had been on parole several times, he knows exactly what is expected of him behaviorally.   She noted that the subject, although he reported to her as scheduled, he did not indicate he was having any difficulties that may have resulted in his drug usage. She knows she had encouraged him to go to Narcotics Anonymous meetings and he did briefly but then his attendance faded from that. She noted that subject has to be more responsible for his behavior.

This is an offender who has been revoked now on four different occasions. The subject, although he was able to remain sober for a decade, he has not assumed responsibility for his own addiction. The subject has expressed today and many other times that his drug addiction is a function of his being in the District of Columbia. This Examiner pointed out to him today that his drug addiction is a function of his using drugs and not where he used drugs. It appears that subject needs a great deal of help now in terms

of substance abuse but also in terms of enriching his sense of personal integrity. It appears that this subject has reached a point in his life where he perhaps is ready to begin the hard work of making changes in his life. As noted in the report, the subject has now married and based on the testimony provided by Miss Rockingham at today's hearing, the subject has a very strong support system in his wife. It is hoped that with the two of them working together, that the subject will be able to cease using drugs and comply with the demands of supervision as he makes his effort at returning and remaining in the community. While the subject has been revoked now for four times, this Examiner is making a recommendation at the bottom of the guidelines. It appears that he has not committed any new law violations since 1993. He has been reporting as directed to his probation officer although he has not done well in terms of reporting to the drug lab. This Examiner believes that the subject may get in to a drug treatment program fairly quickly while at the same time he must be sanctioned for the violation behavior. This is particularly true in light of the fact that he was issued a Letter of Reprimand in August 2006.

**Recommendation:** Revoke parole. None of the time spent on parole shall be credited. Continue to a presumptive parole date of March 14, 2008, after the service of 12 months.

**Conditions:** Participation in the RSC; Drug Aftercare; Mental Health Aftercare (Assessment).

**Statutory Interim Hearing:** Not Applicable

**Guideline Use:** A departure from the guidelines at this consideration is not warranted.

**Additional Text:** None

[Signature]

GEP/SDS
April 19, 2007

**Executive Reviewer's Comments:**

**Rockingham, Michael, Reg. No. 26320-145**                    **Page 4 of 4**

# Bright Light Baptist Church

7300 New Hampshire Avenue
Takoma Park, Maryland 20912
(301) 891-8900

**Rev. Dr. Isaac Alston**
*Pastor*
(301) 891-8902

**Robert Jones**
*Chairman, Deacon Board*
(301) 559-8393

**John Rockingham**
*Chairman, Trustee Board*
(301) 877-8698

**Marjorie Stewart**
*Administrative Assistant*
(301) 853-6030

January 12, 2007

Ms. Hicks
Probation Officer
United States District Court

Dear Ms. Hicks:

This letter is to inform you that Michael Rockingham had a marriage counseling session from 7:00 PM until 9:30 PM at Bright Light Baptist Church on Thursday December 28, 2006 with Rev. Dr. Isaac Alston.

Should there be additional information needed, please feel free to call Sister Marjorie Stewart, Administrative Assistant at 301-891-8900.

Sincerely,

Marjorie B. Stewart
Administrative Assistant

EXHIBIT
G

The Church Where Everybody Is Somebody And God Is All

Application: **228892**                                                              228892

# State of Maryland
## PRINCE GEORGE'S COUNTY

### Marriage Certification

I HEREBY CERTIFY the following is a true copy of the above referenced Marriage Record of the Clerk of the Circuit Court for PRINCE GEORGE'S COUNTY, Maryland, recorded:

12/29/2006

_Teri Mage 13c_                Clerk   1/8/2007

| | |
|---|---|
| Groom: | MICHAEL          R                          ROCKINGHAM |
| Residence: | 2313 BROOKS DRIVE 302<br>SUITLAND  MARYLAND 20746 |
| Age: | 50                    Birthplace:  WASHINGTON D C |
| Marital Status: | SINGLE |
| Consent | |

| | |
|---|---|
| Bride: | GRETCHELLE      MARRIA          STANFIELD |
| Residence: | 2313 BROOKS DRIVE 302<br>SUITLAND  MARYLAND 20746 |
| Age: | 39                    Birthplace:  WASHINGTON D C |
| Marital Status: | SINGLE |
| Consent | |
| Relationship by Blood or Marriage | NONE` |

**SWORN TO AND SUBSCRIBED** before me this 12/18/2006   at      08:41      .

Clerk of the Circuit Court   by    lo

License Issued   12/18/2006       **CERTIFICATE OF MARRIAGE RETURN**
**OF MINISTER OR AUTHORIZED COURT OFFICIAL**

I HEREBY Certify that on  Friday, December 29, 2006,  at  10:11 AM the above named individuals were united in marriage at: **PRINCE GEORGE'S COUNTY MARYLAND**

by    SUSAN L NELSON                    DEPUTY CLERK OF THE CIRCUIT COURT

14735 MAIN STREET              UPPER MARLBORO, MD 20772
**I HEREBY CERTIFY that the foregoing Clerk's Certificate is correctly executed from a Marriage filed in this office on  12/29/2006   under authority of License NO. 228892**

Clerk of the Circuit Court

RCB

EXHIBIT G-I

FROM :                                FAX NO. :                    Oct. 21 2007 09:27PM  P1



# The ❀ Woods®

## Resort & Conference Center
P.O. Box 5, Hedgesville, West Virginia 25427
800-248-2222 ● 304-754-7977 ● 304-754-8146 (Fax)

Guest Information:

GRETA STANFIELD
2313 BROOKS DRIVE
APT. 302
SUITLAND, MD    20746
Company Information:

Folio Number:    84252
Accommodation: Evergreen King Lodge
Room Number:  0071
Arrival:          12/29/06
Departure:        01/01/07
# of Guests:       2/   0
Payment Information:

SUMMARY OF GUEST CHARGES:

| Date | Description | Total | Tax | Balance | |
|------|-------------|-------|-----|---------|---|
| 12/16/06 | Adv. Dep. Rcv. VISA | -125.00 | 0.00 | -125.00 | I |
| 12/29/06 | STANDARD LODGE | 125.00 | 10.65 | 10.65 | I |
| 12/30/06 | STANDARD LODGE | 125.00 | 10.65 | 146.30 | I |
| 12/31/06 | STANDARD LODGE | 125.00 | 10.65 | 281.95 | I |
| 01/01/07 | LD 240-274-2954    00:03 2 | 2.67 | 0.16 | 284.78 | I |
| 01/01/07 | Guest Payment  VISA | -284.78 | 0.00 | 0.00 | I |

EXHIBIT
G2

```
   RIVAQ  540*23 *            SENTENCE MONITORING        *    08-22-2007
 PAGE 001           *          COMPUTATION DATA          *    10:04:18
                               AS OF 08-22-2007
```

REGNO..: 26320-145 NAME: ROCKINGHAM, MICHAEL

```
FBI NO...........: 696241J1          DATE OF BIRTH: 07-01-1956
ARS1.............: RIV/A-DES
UNIT.............: B                 QUARTERS.....: B02-208L
DETAINERS........: NO                NOTIFICATIONS: NO
```

PRE-RELEASE PREPARATION DATE: 02-08-2008

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  03-14-2008 VIA PRESUM PAR

----------------------CURRENT JUDGMENT/WARRANT NO: 030 ----------------------

```
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F2434-82,2415-82
JUDGE...........................: MURPHY
DATE SENTENCED/PROBATION IMPOSED: 06-29-1983
DATE WARRANT ISSUED.............: 03-05-2007
DATE WARRANT EXECUTED...........: 03-15-2007
DATE COMMITTED..................: 03-15-2007
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:
```

RESTITUTION...: PROPERTY: NO SERVICES: NO      AMOUNT: $00.00

----------------------CURRENT OBLIGATION NO: 010 ----------------------

```
OFFENSE CODE....:  644
OFF/CHG: 22-3202 ARMED ROBBERY 22-2901 ROBBERY

 SENTENCE PROCEDURE.............: DC CODE ADULT
 SENTENCE IMPOSED/TIME TO SERVE.:   36 YEARS
 NEW SENTENCE IMPOSED...........:  8343 DAYS
 BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
 DATE OF OFFENSE................: 04-04-1982
```

G0002       MORE PAGES TO FOLLOW . . .

EXHIBIT
G3

```
   RIVAQ  540*23 *              SENTENCE MONITORING          *     08-22-2007
PAGE 002 OF 002 *               COMPUTATION DATA             *     10:04:18
                                 AS OF 08-22-2007

REGNO..: 26320-145 NAME: ROCKINGHAM, MICHAEL


------------------------CURRENT COMPUTATION NO: 030 -------------------------


COMPUTATION 030 WAS LAST UPDATED ON 06-15-2007 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 06-22-2007 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 030: 030 010

DATE COMPUTATION BEGAN..........: 03-15-2007
TOTAL TERM IN EFFECT............:  8343 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    22 YEARS      10 MONTHS      1 DAYS
EARLIEST DATE OF OFFENSE........: 04-04-1982

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 10
TOTAL SGT POSSIBLE..............: 2740
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 07-16-2022
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: 07-19-2029
EXPIRATION FULL TERM DATE.......: 01-15-2030

PRESUMPTIVE PAROLE DATE.........: 03-14-2008
NEXT PAROLE HEARING DATE........: UNKNOWN
TYPE OF HEARING.................: UNKNOWN

PROJECTED SATISFACTION DATE.....: 03-14-2008
PROJECTED SATISFACTION METHOD...: PRESUM PAR

REMARKS.......: RELEASE AUDIT COMPLETED BY DSCC...




G0000       TRANSACTION SUCCESSFULLY COMPLETED
```

EXHIBIT

G4

●                              ●

U.S. Department of Justice
United States Parole Commission                **Notice of Action**
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

| Name: ROCKINGHAM, Michael | Institution: | D.C. CTF |
|---|---|---|
| Register Number: 26320-145 | | |
| DCDC No: 180-906 | Date: | May 2, 2007 |

---

### DC Local Revocation

As a result of the hearing conducted on April 16, 2007 the following action was ordered:

Revoke parole. None of the time spent on parole shall be credited. Continue to a presumptive re-parole on March 14, 2008 after service of 12 months. This presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan. The Commission will conduct a pre-release record review up to 9 months prior to the presumptive parole date to ascertain that these conditions have been fulfilled. In order to complete this review, the Case Manager should submit an updated Progress Report to the Commission 10 months prior to the presumptive parole date. If there have been Disciplinary Reports since the Commission's last review, they should be attached to the Progress Report for the Commission's consideration. If the Commission has requested that a current psychological or psychiatric report be prepared for this review, it also should be attached.

In addition, you shall reside in and participate in a program of the Re-Entry and Sanctions Center until discharged by the Center Director, but no later than 120 days from admission.

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

In addition, you shall be subject to the Special Mental Health Aftercare Condition that requires that you participate in an in-patient or an out-patient mental health program as directed by your Supervision Officer.

### FINDINGS OF FACT:

The Commission finds as a fact that you violated conditions of release as charged as indicated below:

Charge No. 1 - Failure to Submit to Drug Testing

Charge No. 2 - Use of Dangerous and Habit Forming Drugs

Basis for the above stated finding(s): Your admission to the Examiner.

---

Queued: 05-02-2007 13:52:21 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Unit | USPC-General Supervision Unit II-Team 31, 1418 Good Hope Road | USM-District of Columbia - District Court, D.C. District Court | FPD-District of Columbia, District of Columbia - DC |

EXHIBIT G5

DISTRICT GOVERNMENT EMPLOYEES FEDERAL CREDIT UNION

CHECK

No. 110362

57809

*** MONEY ORDER ***
SHARE ACCOUNT..
ACCOUNT NAME... *** NO ACCT# G/L
M/O AMOUNT..... 20.00

PAYEE: DC TREASURER

TELLER M39 12/22/06 SEQ 15 M/O# 110362

REFERENCE

RECEIVED BY

EXHIBIT
H

RETAIN THIS RECEIPT AS PROOF OF PURCHASE

250831866

PAY TO

IF YOUR MONEY ORDER WAS LOST, MIS-
PLACED OR NOT RECEIVED BY THE PAYEE,
OBTAIN A TRACING/REFUND REQUEST FORM
FROM THE PLACE OF PURCHASE OR NEAREST
GLOBAL EXPRESS TRUSTEE. THERE IS A
RESEARCH/REPLACEMENT FEE AS NOTED ON
THE TRACING/REFUND REQUEST FORM

JAN 04 2007

$ 10.00

MONEY ORDER CONDITIONS OF SALE

1.) That the purchaser agrees to inscribe in ink, his name, address, date and name
of the Payee and assumes responsibility for all results of his failure to do so.
2.) There is a research/replacement fee in order to receive a refund.
3.) That no request for refund be made unless this claim receipt is submitted
therewith.
4.) Copies of Money Orders will only be provided for 2 years from the date of
purchase.
5.) Global Express Money Orders, Inc. does not have to stop payment on Money Orders.
THERE IS A RECORD MAINTENENCE SERVICE CHARGE (AS PERMITTED BY LAW) IF THIS
MONEY ORDER IS NOT CASHED (PRESENTED FOR PAYMENT) WITHIN 1 YEAR FROM
DATE OF PURCHASE. SEE REVERSE SIDE FOR DETAILS.

GIFT CERTIFICATE CONDITIONS OF SALE (MERCHANT AGREEMENT)
Unless this Gift Certificate is forged, altered, stolen, counterfeited or invalidy issued, the
company named on the "Pay to the order of" line agrees to exchange it for merchandise only.

---

GLOBAL EXPRESS MONEY ORDERS, INC. PURCHASER CLAIM RECEIPT
RETAIN THIS RECEIPT AS PROOF OF PURCHASE

253170119

DC. Treasure.

PAY TO

IF YOUR MONEY ORDER WAS LOST, MIS-
PLACED OR NOT RECEIVED BY THE PAYEE,
OBTAIN A TRACING/REFUND REQUEST FORM
FROM THE PLACE OF PURCHASE OR NEAREST
GLOBAL EXPRESS TRUSTEE. THERE IS A
RESEARCH/REPLACEMENT FEE AS NOTED ON
THE TRACING/REFUND REQUEST FORM

12/01/06

$98.00

MONEY ORDER CONDITIONS OF SALE

1.) That the purchaser agrees to inscribe in ink, his name, address, date and name
of the Payee and assumes responsibility for all results of his failure to do so.
2.) There is a research/replacement fee in order to receive a refund.
3.) That no request for refund be made unless this claim receipt is submitted
therewith.
4.) Copies of Money Orders will only be provided for 2 years from the date of
purchase.
5.) Global Express Money Orders, Inc. does not have to stop payment on Money Orders.
THERE IS A RECORD MAINTENENCE SERVICE CHARGE (AS PERMITTED BY LAW) IF THIS
MONEY ORDER IS NOT CASHED (PRESENTED FOR PAYMENT) WITHIN 1 YEAR FROM
DATE OF PURCHASE. SEE REVERSE SIDE FOR DETAILS.

GIFT CERTIFICATE CONDITIONS OF SALE (MERCHANT AGREEMENT)
Unless this Gift Certificate is forged, altered, stolen, counterfeited or invalidy issued, the
company named on the "Pay to the order of" line agrees to exchange it for merchandise only.

EXHIBIT
I

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**

**Department Of Motor Vehicles**

P.O. BOX 90120

WASHINGTON DC 20090-0120



OPERATOR: 1059                                      DATE: 01-04-2007

LOCATION: BRENTWOOD                                 TIME: 09:46:25

**Super Tran Id :** 5232038

Completed Transactions                               Fees Paid   Date Paid

1.  NEW NCDL FOR                                      $39.00   01-04-2007
    ROCKINGHAM, MICHAEL REINE

    Driver Education Fund                              $5.00
    Original NCDL - Normal                            $34.00
                                                      _____
                          Total Fees Due:             **$39.00**

              **Method of Payment**

              Payment Type        Payment Number    Paid Amount   Date Paid
              MONEY ORDER         252831862           $39.00    01-04-2007
                                                     _____
                                  Total Fees Paid:    **$39.00**

EXHIBIT

J




# GOVERNMENT OF THE DISTRICT OF COLUMBIA

### Department Of Motor Vehicles
### P.O. BOX 90120
### WASHINGTON DC 20090-0120

OPERATOR: 1777                                    DATE: 12-22-2006
LOCATION: C STREET                               TIME: 12:23:24

Super Tran Id : 5208139

Completed Transactions                           Fees Paid  Date Paid

1.  NEW NCDL FOR                                 $20.00 12-22-2006
    ROCKINGHAM, MICHAEL R

    Original NCDL - Learner                      $20.00

                            Total Fees Due:      $20.00

### Method of Payment

| Payment Type | Payment Number | Paid Amount | Date Paid |
|---|---|---|---|
| MONEY ORDER | 110362 | $20.00 | 12-22-2006 |
| | Total Fees Paid: | $20.00 | |

EXHIBIT
K




**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
Department Of Motor Vehicles
P.O. BOX 90120
WASHINGTON DC 20090-0120

OPERATOR: 1316                           DATE: 12-26-2006
LOCATION: PENN BRANCH                    TIME: 14:10:08

**Super Tran Id : 5212415**

| Completed Transactions | | Fees Paid | Date Paid |
|---|---|---|---|
| 1. RENEW REGISTRATION FOR | | $137.00 | 12-26-2006 |
| 1FAFP44472F236628/ FORD/ MUS/ 2002 | | | |

| | | | |
|---|---|---|---|
| Registration Fee | | $72.00 | |
| Inspection Fee | | $25.00 | |
| Inspection Late Fee | | $40.00 | |
| | Total Fees Due: | **$137.00** | |

**Method of Payment**

| Payment Type | Payment Number | Paid Amount | Date Paid |
|---|---|---|---|
| CASH | | $137.00 | 12-26-2006 |
| | Total Fees Paid: | **$137.00** | |

EXHIBIT

L

# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## Department Of Motor Vehicles
### P.O. BOX 90120
### WASHINGTON DC 20090-0120

OPERATOR: 1104                                    DATE: 12-22-2006
LOCATION: C STREET                                TIME: 12:02:51

**Super Tran Id : 5207999**

| Completed Transactions | Fees Paid | Date Paid |
|---|---|---|
| 1.  REINSTATE NCDL (WITHOUT ISSUING DL) FOR<br>ROCKINGHAM, MICHAEL R | $98.00 | 12-22-2006 |

| | | |
|---|---|---|
| Reinstatment Fee | $98.00 | |
| Total Fees Due: | **$98.00** | |

**Method of Payment**

| Payment Type | Payment Number | Paid Amount | Date Paid |
|---|---|---|---|
| MONEY ORDER | 253170119 | $98.00 | 12-22-2006 |
| | Total Fees Paid: | **$98.00** | |

EXHIBIT

M

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

PROBATION OFFICE

GENNINE A. HAGAR
CHIEF UNITED STATES PROBATION OFFICER

E. BARRETT PRETTYMAN U.S. COURTHOUSE
333 CONSTITUTION AVENUE, N.W., SUITE 2800
WASHINGTON, D.C. 20001-2866
TELEPHONE (202) 565-1300

January 24, 2007

Michael Rockingham
3339 Ames Street, NE
Washington, DC 20019

Re:    **January 2007 Financial Packet**

Dear Mr. Rockingham:

Enclosed you will find six (6) Monthly Supervision Report Forms; six (6) Monthly Cash Flow
Statements, and a financial packet consisting of the following information:

1)  Non-Allowable Monthly Expenses Sheet
2)  Authorization to Access Financial Records
3)  Declaration of Defendant or Offender Net Worth & Cash Flow Statements
4)  Request for Monthly Cash Flow Statement Financial Records
5)  Net Worth Short Form Statement or Net Worth Statement (Long Form)

You are instructed to complete the financial packet and return it to the probation office no later than
**February 28, 2007.** If any of the documents are unclear and you need assistance completing your
packet, please call prior to February 28, 2007, to schedule an appointment.

Any Federal or State income tax refund received is subject to application to your outstanding criminal
monetary penalty. Therefore, you are required to **submit all tax related documents PRIOR to
receiving your refund.** The tax related documents should include, but are not limited to:

1.  W-2 Form,
2.  IRS Form 1040, 1040EZ, or 1040A,
3.  All Schedule Forms used,
4.  Documentation of a request for extension, if applicable, and
5.  Any supporting documentation used for receiving a tax credit (i.e. child care, uniform
    reimbursements, mortgages, donations, 401K, IRA, travel, etc.).

Once your documentation is received, a meeting will be scheduled to discuss how much of your refund
will be applied to your outstanding criminal monetary penalty.

**REMINDER: Don't forget your payments are due by the 5th Day of each month. Please attach
verification of your payment to the Monthly Supervision Report.**

Sincerely,

**UNITED STATES PROBATION OFFICE**

Stacey A. Carter
United States Probation Officer
(202) 565-1391

Enclosure(s)

**UNITED STATES DISTRICT COURT**

DISTRICT OF COLUMBIA

PROBATION OFFICE

RICHARD A. HOUCK, JR.
Chief United States Probation Officer

E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, N.W., Suite 2800
Washington, DC 20001-2866
Telephone (202) 565-1300

January 10, 2007

**Michael Rockingham**
**3339 Ames Street, NE**
**Washington, DC 20019**

**RE: PAYMENT OF YOUR MONETARY PENALTY (CLERK'S OFFICE)**

The Probation Office does not accept payments for financial obligations.

To pay your monetary penalty via mail, use **only checks (personal, certified or cashier's) or money orders** made payable to: **Clerk, U.S. District Court.** Write the docket number in the lower left-hand corner. Next to it, write "special assessment, restitution or fine":



Place the payment in an envelope and mail it to:

**Clerk, U.S. District Court**
**6500 Cherrywood Lane**
**Suite 240**
**Greenbelt, MD 20770**
**Attn: Finance Division**

06-134M

EXHIBIT
D

To pay your monetary penalty in cash you must report to the Clerk's Office (Room 240) between the hours of 9:00 AM and 4:00 PM, Monday through Friday, excluding Federal holidays. You should have your docket number available. After payment, you will be given a register receipt. **DO NOT ACCEPT THE PROBATION OFFICE'S REGISTER RECEIPT.** This should be forwarded to the probation office by the financial clerk.

If you have questions, please call me at the phone number listed below, or the Finance Division of the Clerk's Office at (301) 344-0660.

Sincerely,

**UNITED STATES PROBATION OFFICE**

Stacey A. Carter
United States Probation Officer
(202) 565-1391

*Total Owed = $750.00*

Your cases are as follows:

| | | |
|---|---|---|
| **Case Number 06-134M** | Special Assessment $10.00 | Fine $490.00 (Minimum Payment $35 per month due by the 17th of each month. First payment was due June 17, 2006) |
| *Past Due = $280.00 – by 1/31/07* | | |
| **Case Number 03-3678M** | Special Assessment $10.00 | Fine $240 (Minimum Payment $30 per month due by the 17th of each month. First payment was due June 17, 2006) |
| *Past Due = $240.00* | | |

*Total Past Due = $520.00*
*+ 65.00  Due by 2/28/07*
*585.00*

*EXHIBIT*
*01*

## CHEVY CHASE BANK

| Print Now | Close Window |

| Account | Check Number | Amount | Date Posted |
|---|---|---|---|
| Silver Banking Package - 2593210133 | 2009 | $280.00 | 02/06/2007 |







EQUAL HOUSING LENDER

EXHIBIT

D2

## CHEVY CHASE BANK

| Print Now | Close Window |

| Account | Check Number | Amount | Date Posted |
|---|---|---|---|
| Silver Banking Package - 2593210133 | 2021 | $25.00 | 04/09/2007 |





Member
**FDIC**

EQUAL HOUSING
LENDER

EXHIBIT
03

## CHEVY CHASE BANK

| Print Now | | Close Window |

| Account | Check Number | Amount | Date Posted |
|---|---|---|---|
| Silver Banking Package - 2593210133 | 2027 | $50.00 | 04/09/2007 |



•2027•     4:25507198 4:     2593210133•     •0000005000•



Member
FDIC



EQUAL HOUSING
LENDER

EXHIBIT
04

## CHEVY CHASE BANK

| Print Now | Close Window |

| Account | Check Number | Amount | Date Posted |
|---------|-------------|--------|-------------|
| Silver Banking Package - 2593210133 | 2031 | $75.00 | 04/25/2007 |



Member
FDIC

EQUAL HOUSING
LENDER

EXHIBIT
05

Chevy Chase Bank Online Banking

# CHEVY CHASE BANK



| Print Now | Close Window |

| Account | Check Number | Amount | Date Posted |
|---|---|---|---|
| Silver Banking Package - 2593210133 | 2036 | $75.00 | 05/23/2007 |

Member FDIC

EQUAL HOUSING LENDER

EXHIBIT
06

```
            01-21        WASHINGTON D.C.      02/05/2007  04:20PM      PAGE   1
-----------------------------------------------------------------------------------
_ ALL  _ DETAIL  DC BP8037    11/01/2002 R MICHAEL R ROCKINGHAM
_ OPEN    8    960.00   PARK              3339 AMES ST NE
_ BOOT    4    610.00   TOWED 02/05/07
_ MARK    6    660.00                IPP   WASHINGTON      DC 20019-1316
_ FEES    1    100.00                TOTAL DUE   1060.00
                        ----------------------------------------------------------
  TICKET NBR.    ISSUED   MAKE STAT VIOL  COLL  PENLTY  PAID    DUE  HEAR/LTR DISP
  ===========  ========  ==== ==== ====  ====== ====== ======  ====== ======== ====
_ 357274256   11/27/06  FORD  L   P112   $50    $50    $0   $100 01/08/07
_ 357274245   11/27/06  FORD  L   P170  $100   $100    $0   $200 01/08/07
_ 356597706   11/06/06  FORD  L   P170   $50    $55    $0   $105 01/19/07   13*
_ 356597695   11/06/06  FORD  L   P170  $100   $105    $0   $205 01/19/07   13*
_ 497713053   07/18/06  FORD  P   P170  $100   $100   $15    $85 09/06/06   02*
_ 496012996   06/13/06  FORD  S   P170  $100   $105    $0   $100 09/06/06   02*
_ 349817042   05/31/06  FORD  S   P012   $30    $35    $0    $65 08/11/06   13*
_ 345970041   03/30/06  FORD  S   P170  $100   $105    $0   $100 08/02/06   02*


-----------------------------------------------------------------------------------
PF KEY:  1    3    5    7   8   10   11     12   | A-ADJ H-HEAR D-DIS C-CORR
FUNC ___ HELP END  ADD  TOP FWRD LEFT RIGHT COMPLETE | P-PAY S-SUSP X-DET M-MET
```

EXHIBIT P

GOVERNMENT OF THE DISTRICT OF COLUMBIA
**Department of Motor Vehicles**
**Adjudication Services**

★ ★ ★



### *RECEIPT FOR PAYMENT OF NOTICE(S) OF INFRACTION*

BP 8037                    DC                    2/5/07

VEHICLE TAG NUMBER          STATE                DATE

| NOTICE OF INFRACTION NUMBER | AMOUNT DUE |
| --- | --- |

**NOTE:** *COPY ALL NINE (9) DIGITS*

| 3 | 5 | 7 | 2 | 7 | 4 | 2 | 5 | 6 | $ | 100.00 |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 3 | 5 | 7 | 2 | 7 | 4 | 2 | 4 | 5 | $ | 200.00 |
| 3 | 5 | 6 | 5 | 9 | 9 | 7 | 0 | 6 | $ | 105.00 |
| 3 | 5 | 6 | 5 | 9 | 9 | 6 | 9 | 5 | $ | 205.00 |
| 4 | 9 | 7 | 1 | 3 | 0 | 5 | 3 | | $ | 85.00 |
| | | | | | | | | + | $ | |
| | | | | | | | | + | $ | |
| | | | | | | | | + | $ | |
| | | | | | | | | + | $ | |
| | | | | | | | | + | $ | |
| | | | | | | | | + | $ | |

**TOTAL AMOUNT DUE**                              $

##### *METHOD OF PAYMENT*

615.00

☐ CASH          ☐ CREDIT CARD          ☐ OTHER

☐ CHECK          ☐ MONEY ORDER          _____

Visit our website: *www.dmv.dc.gov* or call 202.727.5000 for additional assistance

Rev 12/02                    CUSTOMER COPY

EXHIBIT
P1

GOVERNMENT OF THE DISTRICT OF COLUMBIA
Department of Motor Vehicles
Adjudication Services

★ ★ ★

## *RECEIPT FOR PAYMENT OF NOTICE(S) OF INFRACTION*

*BP8037*  *DC*  *2.607*

VEHICLE TAG NUMBER   STATE   DATE

| NOTICE OF INFRACTION NUMBER | AMOUNT DUE |
|---|---|

**NOTE:** *COPY ALL NINE (9) DIGITS*

| 3 | 5 | 7 | 2 | 7 | 4 | 2 | 5 | 6 | $ 100. |
| 3 | 5 | 7 | 2 | 7 | 4 | 2 | 4 | 5 | $ 200 - |
| 3 | 5 | 6 | 5 | 9 | 7 | 7 | 0 | 6 | $ 105 |
| 3 | 5 | 6 | 5 | 9 | 7 | 6 | 9 | 5 | $ 205 |
|   |   |   |   |   |   |   |   |   | $ |
|   |   |   |   |   |   |   |   |   | $ |
|   |   |   |   |   |   |   |   |   | $ |
|   |   |   |   |   |   |   |   |   | $ |

**TOTAL AMOUNT DUE**   $

### *METHOD OF PAYMENT*

☑ CASH   ☐ CREDIT CARD   ☐ OTHER

☐ CHECK   ☐ MONEY ORDER

Visit our website: *www.dmv.dc.gov* or call 202.727.5000 for additional assistance.

DMV-ADJ-001 Rev. 03/06

CUSTOMER COPY

EXHIBIT

P2

DISTRICT COURT OF MARYLAND #5
14735 MAIN STREET --BOURNE WING
UPPER MARLBORO, MARYLAND 20772

Clerk M R H

| Description | Amount |
|---|---|
| Traffic Case # BR12534 | |
| Pre-pay | |
| Pre-pay Fine | 34.50 |
| Court Costs | 25.50 |
| Sub total | $330.00 |
| | ------------- |
| Total | $330.00 |
| | ------------- |
| | Continued |

Receipt Number 016450    12/01/06    09:22
Dist 05    Loc 02    Reg 36    Drwr 1
DCA 90 (REV 12-2003) PLEASE KEEP THIS RECEIPT

DISTRICT COURT OF MARYLAND #5
14735 MAIN STREET --BOURNE WING
UPPER MARLBORO, MARYLAND 20772

Clerk M R H

| Description | Amount |
|---|---|
| Traffic Case # BQ22003 | |
| Pre-pay | |
| Pre-pay Fine | 244.50 |
| Court Costs | 25.50 |
| Sub total | $270.00 |
| | ------------- |
| Total | $270.00 |
| | ------------- |
| | Continued |

Receipt Number 016450    12/01/06    09:22
Dist 05    Loc 02    Reg 36    Drwr 1
DCA 90 (REV 12-2003) PLEASE KEEP THIS RECEIPT

EXHIBIT
Q

DISTRICT COURT OF MARYLAND #5
14735 MAIN STREET --BOURNE WING
UPPER MARLBORO, MARYLAND 20772

Clerk M R H

| Description | Amount |
|---|---|
| Traffic Case # BU88992 | |
| Pre-pay | |
| Pre-pay Fine | 84.50 |
| Court Costs | 25.50 |
| Sub total | $510.00 |
|  | -------- |
| Total | $510.00 |

Continued

---

DISTRICT COURT OF MARYLAND #5
14735 MAIN STREET --BOURNE WING
UPPER MARLBORO, MARYLAND 20772

| Description | Amount |
|---|---|
| Traffic Case # BU82647 | |
| Pre-pay | |
| Pre-pay Fine | 44.50 |
| Court Costs | 25.50 |
| Sub total | $400.00 |
|  | -------- |
| Total | $400.00 |

Continued

EXHIBIT
Q I

DISTRICT COURT OF MARYLAND #5
14735 MAIN STREET --BOURNE WING
UPPER MARLBORO, MARYLAND 20772

Clerk M R H

| Description | Amount |
|---|---|
| Traffic Case # BV98784 | |
| Pre-pay | |
| Pre-pay Fine | 4.50 |
| Court Costs | 25.50 |
| Sub total | $540.00 |
| Total | $540.00 |
| | Continued |

Receipt Number 016450    12/01/06    09:22
Dist 05    Loc 02    Reg 36    Drwr 1
DCA 99 (REV 12/98) PLEASE KEEP THIS RECEIPT

---

DISTRICT COURT OF MARYLAND #5
14735 MAIN STREET --BOURNE WING
UPPER MARLBORO, MARYLAND 20772

Clerk M R H

| Description | Amount |
|---|---|
| Traffic Case # BV98785 | |
| Pre-pay | |
| Pre-pay Fine | 4.50 |
| Court Costs | 25.50 |
| Sub total | $570.00 |
| Total | $570.00 |
| | Continued |

Receipt Number 016450    12/01/06    09:22
Dist 05    Loc 02    Reg 36    Drwr 1
DCA 99 (REV 12/98) PLEASE KEEP THIS RECEIPT

EXHIBIT
42

DISTRICT COURT OF MARYLAND #5
14735 MAIN STREET --BOURNE WING
UPPER MARLBORO, MARYLAND 20772

Clerk M R H

| Description | Amount |
|---|---|
| Traffic Case # BV98786 | |
| Pre-pay | |
| Pre-pay Fine | 44.50 |
| Court Costs | 25.50 |
| Sub total | $640.00 |
| | ----------- |
| Total | $640.00 |
| | ----------- |
| Continued | |

Receipt Number 016450   12/01/06   09:22
Dist 05   Loc 02   Reg 36   Drwr 1

DCA 90 (REV. 12/98)  **PLEASE KEEP THIS RECEIPT**


DISTRICT COURT OF MARYLAND #5
14735 MAIN STREET --BOURNE WING
UPPER MARLBORO, MARYLAND 20772

Clerk M R H

| Description | Amount |
|---|---|
| Traffic Case # CC75674 | |
| Pre-pay | |
| Pre-pay Fine | 84.50 |
| Court Costs | 25.50 |
| Sub total | $750.00 |
| | ----------- |
| Total | $750.00 |
| | ----------- |
| Continued | |

Receipt Number 016450   12/01/06   09:23
Dist 05   Loc 02   Reg 36   Drwr 1

DCA 90 (REV. 12/98)  **PLEASE KEEP THIS RECEIPT**


EXHIBIT
Q3

DISTRICT COURT OF MARYLAND #5
14735 MAIN STREET --BOURNE WING
UPPER MARLBORO, MARYLAND 20772

Clerk M R H

| Description | Amount |
|---|---|
| Traffic Case # CC75675 | |
| Pre-pay | |
| Pre-pay Fine | 4.50 |
| Court Costs | 25.50 |
| Sub total | $780.00 |
| Total | $780.00 |
| 170 Check Tendered | $780.00 |
| Change Due | $0.00 |

Receipt Number 016450   12/01/06   09:23
Dist 05   Loc 02   Reg 36   Drwr 1
DCCA 90 (Rev 2/03) PRINT DUPLICATE (PLEASE KEEP THIS RECEIPT)

EXHIBIT
Q4