# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MICHAEL R. ROCKINGHAM,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-952 (RMC)** |
| | ) | |
| **UNITED STATES PAROLE** | ) | |
| **COMMISSION,**[1] | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OPINION

Michael R. Rockingham, proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 to obtain release from incarceration, reinstatement to the Next Step Treatment Program, and a new revocation hearing. The United States Parole Commission ("Commission"), which revoked Mr. Rockingham's parole and ordered him to serve 12 months before a new presumptive parole date, responds that its revocation decision was proper and based entirely on Mr. Rockingham's own admissions that he had used illegal drugs and failed to submit to drug testing, two conditions of his parole. Finding that the Commission had sufficient evidentiary bases for its issuance of a parole violator warrant and its determination that Mr. Rockingham violated the conditions of his parole, the Court will deny the Petition.

## I. BACKGROUND

Mr. Rockingham is currently serving a parole violator sentence. He was originally sentenced to an aggregate term of imprisonment of 12 to 36 years for his convictions for robbery and

---

[1] *See infra* at 3 n.2.

armed robbery in District of Columbia Superior Court Case Nos. F 2415-82 and F 2434-82.  *See*

Commission's Opposition to Petition for Writ of Habeas Corpus ("Resp't Opp'n"), Ex. A (Sentence

Monitoring Computation Data), Ex. B (Judgment and Commitment Order for F 2415-82), Ex. C

(Judgment and Commitment Order for F 2434-82).  Mr. Rockingham was first released on parole

from that aggregate sentence on June 19, 1992, with an original full-term sentence date of April 28,

2018.  *See id.*, Ex. D (Certificate of Parole).  His parole had been revoked three times prior to the

instant matter for violations of conditions of parole.  *See id.*, Exs. E-N.

Events leading up to Mr. Rockingham's current period of incarceration originated on

August 24, 2006, when the Commission officially reprimanded him for using illegal drugs and

alcohol and failing to submit to drug testing.  *See id.*, Ex. P (Official Letter of Reprimand), Ex. Q

(Alleged Violation(s) Report).  In its letter, the Commission warned that Mr. Rockingham's

continued violation of parole could result in his arrest and return to jail.  *Id.*, Ex. P.  Nonetheless, Mr.

Rockingham continued to miss required drug testing appointments, tested positive for cocaine and

opiates usage, and was reported to have been dismissed by the New Step Treatment Program,

attendance at which was a condition of his parole.  *See id.*, Ex. R (Warrant and Warrant Application).

On March 5, 2007, the Commission issued a parole violator warrant for Mr. Rockingham's arrest;

he was arrested on the warrant on March 15, 2007.  *Id.* at 5-6.  Shortly after his arrest, he received

a probable cause hearing to determine whether to continue with parole revocation proceedings.  *See*

*id.*, Ex. S (D.C. Probable Cause Hearing Digest).  Although Mr. Rockingham denied the charges,

the Commission's hearing examiner found probable cause for all of them.  *Id.* at 2-3.  Thereafter, on

April 1, 2007, his parole supervising officer wrote to the Commission with information about Mr.

Rockingham's additional positive drug tests.  *See id.*, Ex. T (Addendum to Alleged Violation

Report).

A Final Parole Revocation Hearing for Mr. Rockingham was held on April 16, 2007. *See id*., Ex. U (Hearing Summary). Mr. Rockingham, represented by counsel, admitted to using illegal drugs and admitted to failing to submit to drug testing, although he insisted that he had missed the tests because of work commitments. *Id*. at 2. Mr. Rockingham denied that he had violated the condition that he attend the drug treatment program and stated that he had missed some appointments with prior approval due to his wedding. *Id*. at 2-3. Based on his admissions, the Commission found that Mr. Rockingham had violated the conditions of his release on parole by failing to submit to drug testing and by using dangerous and habit-forming drugs. *See id*., Ex. V (Notice of Action). The Commission made no findings and reached no conclusions as to whether Mr. Rockingham had also violated his special drug treatment condition because there was insufficient evidence to support the charge. *Id*. at 2. The Commission revoked Mr. Rockingham's parole and ordered him to be re-paroled on March 14, 2008, after a term of 12 months in custody. *Id*. at 1. This was a decision at the lower end of the 12-16 month re-parole guideline range. *Id*. at 2.

## II. DISCUSSION

Mr. Rockingham filed his Petition on May 22, 2007, at a time when he was in custody at the D.C. Jail.[2] He advances eleven grounds in support.

---

[2]    Because the Court had jurisdiction over Mr. Rockingham's custodian at the time he filed his petition, the Court retains jurisdiction despite his subsequent transfer to CI Rivers in Winton, North Carolina. *See Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004) (if district court had jurisdiction over petitioner's custodian when petition was filed, that court retains jurisdiction even if petitioner is transferred elsewhere); *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) (same), *cert. denied*, 543 U.S. 975 (2004). The warden at CI Rivers will be substituted as a respondent to comply with the requirements of 28 U.S.C. § 2243 ("The writ or order to show cause shall be directed to the person having custody of the person detained.")

A.      **Grounds 1 Through 9**

Petition Grounds 1 through 3 contest certain facts in a January 30, 2007 report from his supervision officer; since these facts had no bearing on his parole revocation, the Court will not review them.  Ground 4 concerns a statement that Mr. Rockingham was absent from the Next Step program on December 27-29, 2006, in violation of the attendance policy, and that he was therefore discharged from the program on January 4, 2007.  Petition at 2 ¶ D.  Mr. Rockingham insists that he did attend Next Step on December 27 and was excused to get married on December 28-29, 2006. *Id*. ¶ D(1).  Since the Commission made no findings on this point to Mr. Rockingham's detriment and did not rely on it to revoke his parole, the Court need not consider it further.  Grounds 5 through 9 contest additional facts in the January 30, 2007 report.  Those facts had no bearing on his parole revocation, so the Court will not address them here.

B.      **Ground 10**

Ground 10 of Mr. Rockingham's Petition challenges the warrant for his arrest:

> Ground Ten: The Warrant Application was sought under highly prejudicial circumstances, wherefore officers for the Respondent, while acting in their official capacity, under color of law, Mrs. Rhonda A. Shelton, Case Analyst, and Mrs. Ratima Hicks subscribed to a collaborative effort to have and insure a negative outcome, where Petitioner's attempts to [complete the] program were concern[ed] . . . [sic]
>
> (1.)  Mrs. Rhonda A. Shelton, case analyst, was Petitioners' [sic] Parole Officer at one time which surely would place her to[o] close to the situation to render an objective decision that would not be viewed as prejudicial regardless of what her decision was; be it for or against the Petitioner.  She should have recuse[d] or precluded herself from any and all assessment, officially associated with that of the Petitioner as not to give the slightest hint of prejudice in this matter before the Court.
>
> (2) It is clear from the Respondent's narrative colloquy that Petitioner's recovery was not coming swift enough for them.  One's wounds will not

-4-

heal overnight.

Petition at 4 ¶ J.  While Mr. Rockingham accurately points out that recovery from a drug addiction does not come overnight, *see id.* ¶ J(2), his challenge to the arrest warrant has no merit.  Between December 20, 2005 and January 23, 2007, he failed to show for drug testing on twenty different occasions even though his Probation Officer adjusted the time for his appointments to avoid interfering with his job(s).  Resp't Opp'n, Ex. R (Warrant and Warrant Application).  When he did show, Mr. Rockingham tested positive for drug use on ten different occasions in 2006, and in January 2007, he submitted a bogus urine sample.  *Id*.  Either or both of these circumstances could have supported an arrest warrant because each and both violated the conditions of his parole.  Mr. Rockingham admitted to these violations at the Final Revocation Hearing.  *Id*., Ex. U at 2.

### C.     Ground 11

Ground 11 for the Petition states:

Ground Eleven: Respondent, in its disclosure cites Charge #3 as the aggravating factor for seeking an arrest warrant in this case: non-completion of [the New Step] program.

(1.) Said non-completion of the Next Step Treatment Program, where Mrs. Hicks granted Petitioner two days leave of absence and then failed to recall that she did so, of which the Commissioner did not believe her and dismissed charge #3 as no fact finder [sic].

(2.)  If the basis upon [which] the warrant was requested was dismissed, then the Petitioner should have been reinstated to treatment.

*Id.* at 4 ¶ K.  Mr. Rockingham argues that "[i]t would appear that counter measures were sought to derail Petitioner's treatment process only to get Petitioner in custody and once Petitioner was detained, the initial elemental cause for seeking the warrant was dismissed.  Surely this amounts to throwing the rock and hiding the hand."  *Id*. at 5.

Mr. Rockingham's argument does not exactly track the paperwork. Ratima Hicks of the Court Services and Offender Supervision Agency for the District of Columbia ("CSOSA") filed an Alleged Violation(s) Report with the Commission on January 30, 2007, asking for a warrant for Mr. Rockingham's arrest for violating his parole. *See* Resp't Opp'n, Ex. R at 1. Ms. Hicks alleged that Mr. Rockingham: 1) illegally used or possessed controlled substances; 2) failed to report to a community service event on December 30, 2006; and 3) failed to comply with urine surveillance. *See id*., Ex. T (Alleged Violation(s) Report). The "community service event" was to be four hours of community service as a sanction for failing to report for testing on ten separate occasions. *Id*. at 3 ("The offender has also failed to report for testing on ten separate occasions and was hereby sanctioned to complete four hours of community service, in which he failed to report."). After summarizing Mr. Rockingham's non-compliance with the terms of his probation, Ms. Hicks concluded that he "pose[d] a high risk for Community Supervision due to continuous use of illicit substances, a continuous cycle of negative behaviors and lack of desire to change his criminal thinking." *Id.* at 4. Ms. Hicks explained that Mr. Rockingham began the New Steps program "and was unsuccessfully discharged on 1/4/07 due to failing to report for the required groups;" that "based on the [Maryland] marriage license," Ms. Hicks believed that he was residing with his wife in Maryland; and that she believed that he was not "ready to take responsibility for his actions." *Id*. at 3. The specific allegations of parole violation were the three listed above; the additional information was merely background to explain why Ms. Hicks believed that Mr. Rockingham posed a risk to the community.

The exact nature of the second allegation in Ms. Hicks' report, "Failure to Report as Directed," is vague: it sometimes refers to Mr. Rockingham's failure to serve his community service

and it sometimes refers to his failure to appear at the Next Steps program by the time of the Final

Revocation Hearing.  Whether Ms. Hicks's "Allegation #2 Failure to Report as Directed" concerned

the community service sanction or the New Steps program need not be determined.  No consequence

was visited upon Mr. Rockingham as a result.

### D.    Commission Had a Rational Basis for Concluding Mr. Rockingham Violated Conditions of Release

A court's role in reviewing a parole revocation decision is limited.  The court

determines only whether the revocation decision was "either totally lacking in evidentiary support

or [was] so irrational as to be fundamentally unfair."  *Singletary v. Reilly*, 452 F.3d 868, 872 (D.C.

Cir. 2006); *Ash v. Reilly*, 431 F.3d 826, 830 (D.C. Cir. 2005); *Duckett v. Quick*, 282 F.3d 844, 847

(D.C. Cir. 2002).  This has been described as an inquiry into "whether there is a rational basis in the

record for the [Commission's] conclusions embodied in its statement of reasons."  *Iuteri v. Nardoza*,

732 F.2d 32, 37 (2d. Cir 1984); *Stanton v. U.S. Parole Comm'n*, 06-1105, 2007 WL 1847993, at *3

(D.D.C. June 27, 2007) (judicial review limited to whether there was an "abuse of discretion" and

whether there is a "rational basis" to support the Commission's decision).  "The inquiry is not

whether the [Commission's decision] is supported by the preponderance of the evidence, or even by

substantial evidence; the inquiry is only whether there is a rational basis in the record for the

[Commission's] conclusions embodied in its statement of reasons."  *Hanahan v. Luther*, 693 F.2d

629, 632 (7th Cir. 1982).  As a result, the Court must decline Mr. Rockingham's plea that it review

all of the tapes and other record materials to decide whether his parole should have been revoked.

Mr. Rockingham admitted to the hearing officer that he had used illegal drugs and

failed to submit to drug testing as required.  *See* Resp't Opp'n, Ex. U at 2.  His admissions clearly

provided the Commission with a rational basis for finding that he had violated the conditions of his parole. *See Crawford v. Jackson*, 323 F.3d 123, 129 (D.C. Cir. 2003) (admitted drug use supported parole board's decision to revoke parole).

### III.  CONCLUSION

Because Mr. Rockingham has failed to show that the Commission's decision revoking his parole was in error, his petition for a writ of habeas corpus must be denied.  A memorializing order accompanies this Memorandum Opinion.

Date: December 12, 2007

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge