UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MICHAEL R. ROCKINGHAM,** | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 07-952 (RMC) |
| **UNITED STATES PAROLE COMMISSION,** | ) ) ) ) | |
| Respondent. | ) ) ) | |

## ORDER

On January 11, 2008, the Court of Appeals for the D.C. Circuit directed this Court to determine whether a certificate of appealability is warranted in this case. *See* Dkt. # 15.[1] Under 28 U.S.C. § 2253(c)(2), the Court should issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." The applicant "'need not show that he should prevail on the merits. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" *United States v. Mitchell*, 216 F. 3d 1126, 1130 (D.C. Cir. 2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)); *see also Madley v. U.S. Parole Comm'n*, 278 F.3d 1306, 1310 (D.C. Cir. 2002).

As the Court explained in its Memorandum Opinion denying Mr. Rockingham's Petition for Writ of Habeas Corpus, there is no merit to Mr. Rockingham's contention that the United States Parole Commission's decision revoking his parole was in error. To the contrary, Mr.

---

[1] After initially being docketed incorrectly, the Order was not docketed in this matter until July 16, 2008.

Rockingham's admissions to his hearing officer that he had used illegal drugs and failed to submit to drug testing as required, *inter alia*, provided the Commission with a rational basis for finding that he had violated the conditions of his parole. *See Crawford v. Jackson*, 323 F.3d 123, 129 (D.C. Cir. 2003) (admitted drug use supported parole board's decision to revoke parole); *see also Singletary v. Reilly*, 452 F.3d 868, 872 (D.C. Cir. 2006) (in reviewing a parole revocation decision, the court determines only whether the revocation decision was "either totally lacking in evidentiary support or [was] so irrational as to be fundamentally unfair").

Because Mr. Rockingham's appeal does not present a substantial constitutional issue, the Court concludes that a certificate of appealability under 28 U.S.C. § 2253(c)(2) is not warranted in this case. The Court therefore declines to issue one.

**SO ORDERED**.

/s/
ROSEMARY M. COLLYER
United States District Judge

Date: July 25, 2008